# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# NEWPORT NEWS DIVISION

ROYCE SOLOMON, et al., individually and on behalf of all others similarly situated,

Plaintiffs,

v.

AMERICAN WEB LOAN, INC., et al.,

Defendants.

Civil Action No. 4:17-cv-0145-HCM-RJK

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Royce Solomon, Jodi Belleci, Michael Littlejohn, and Giulianna Lomaglio (collectively, "Plaintiffs") have moved the Court for preliminary approval of a proposed class action settlement with American Web Loan, Inc.; AWL, Inc.; Red Stone, Inc. (successor-in-interest to MacFarlane Group, Inc.); Mark Curry; Sol Partners, LLC; Medley Opportunity Fund II, LP; Medley LLC; Medley Capital Corporation; Medley Management, Inc.; Medley Group, LLC; Brook Taube; Seth Taube; Middlemarch Partners, LLC; and Middlemarch Securities, LLC (collectively, "Defendants"), the terms of which are set forth in the Class Action Settlement Agreement filed with the Court on April 16, 2020 (the "Settlement Agreement") (ECF No. 413) as an exhibit to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement Agreement ("Preliminary Approval Motion").

Upon review and consideration of Plaintiff's Preliminary Approval Motion, the memoranda and arguments submitted on behalf of the Settlement Class, the Settlement Agreement, and exhibits attached thereto, and finding good cause exists to grant the Preliminary Approval Motion, **IT IS HEREBY ORDERED** as follows:

1. The Court hereby preliminarily approves the Settlement, including all provisions set forth in the Settlement Agreement and the exhibits attached thereto, and finds the Settlement set forth therein to be fair, reasonable and adequate, free of collusion or indicia of unfairness, and within the range of possible final judicial approval, subject to further consideration at the Final Approval Hearing described in Paragraph 31 below. In making this determination, the Court has considered the current posture of the Action and the risks and benefits to the Parties involved in both settlement of these claims and the continuation of the Action, and finds that the settlement between the Settlement Class and Defendants was arrived at through arm's length negotiations and exchange of information by experienced counsel.

2. The Court finds that the Settlement falls within the range of reasonableness because it provides for meaningful remediation relative to the merits of Plaintiffs' claims and the Defendants' defenses in that Settlement Class Members will obtain substantial monetary and non-monetary relief.

3. For these reasons and those otherwise stated herein, the Court finds that, pursuant to Fed. R. Civ. P., 23(e)(1)(B)(i) the Court will likely be able to grant final approval of the Settlement under Fed. R. Civ. P. 23(e)(2).

4. The Court further finds, for the reasons stated herein, that the Court will likely be able to finally certify the Settlement Class for the purposes of judgment on the proposed Settlement pursuant to Fed. R. Civ. P. 23(e)(1)(B)(ii).

## CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS AND APPOINTMENT OF SETTLEMENT CLASS REPRESENTATIVES AND SETTLEMENT CLASS COUNSEL

5. For purposes of this Settlement only, and conditioned upon the Settlement receiving final approval following the Final Approval Hearing, this Court hereby conditionally certifies a

Settlement Class for settlement purposes only pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, defined as follows:

> All persons within the United States to whom American Web Loan, Inc., AWL, Inc., or any predecessor or successor entities, lent money during the period from February 10, 2010 to the date on which this order is entered.

6. Solely for purposes of the proposed Settlement of this Action, the Court preliminarily finds and concludes that each element required for certification of the Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs in this Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Settlement Class Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting any individual member of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient disposition of the Action. The Court also concludes that, because the Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by trial of a class action involving the issues in this case.

7. For purposes of Settlement only, the Court finds and concludes that Plaintiffs will fairly and adequately represent the interests of the Settlement Class in enforcing the rights of the Settlement Class in this Action and therefore appoints Royce Solomon, Jodi Belleci, Michael Littlejohn, and Giulianna Lomaglio to serve as Settlement Class Representatives of the conditionally certified Settlement Class.

8. For purposes of Settlement only, the Court appoints as Settlement Class Counsel the law firms of Berman Tabacco, Gravel & Shea P.C., and MichieHamlett PLLC. For purposes

of these Settlement approval proceedings, the Court finds that these law firms are competent and capable of exercising their responsibilities as Settlement Class Counsel and have fairly and adequately represented the interests of the Settlement Class for settlement purposes.

## CLASS NOTICE AND SETTLEMENT ADMINISTRATION

9. Since the Court finds that the Settlement is likely to be approved under Fed. R. Civ. P. 23(e)(2), and that the Court is likely to grant final approval to the Settlement Class, the Court hereby directs notice to the Settlement Class pursuant to Fed. R. Civ. P. 23(e)(1)(B).

10. The Court approves the form and content of the Email Notice, Long Form Notice, Digital Publication Notice, and Collection Portfolio Notice (annexed hereto as Exhibits 1-4), and the use of the Settlement Website (collectively, the "Notice"), and finds that the procedures established for dissemination of the Notice substantially in the manner and form set forth in Paragraph 13 of this Preliminary Approval Order (the "Notice Program"): meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process clause), and any other applicable law; and constitute the best notice practicable under the circumstances to apprise Settlement Class Members of the proposed Settlement, the effect of the proposed Settlement, and their right to exclude themselves from the Settlement Class or to object to any aspect of the proposed Settlement and appear at the Final Approval Hearing.

11. The Court also finds that the Notice Program is the best notice practicable under the circumstances and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the language of the proposed Class Notice is plain and easy to understand and provides neutral and objective information about the nature of the Settlement. Furthermore, the Court finds that the proposed Notice Program complies with Fed. R. Civ. P. 23(c)(2) because it provides direct, individual notice to all Settlement Class Members for whom Defendants have

maintained personally identifying information or otherwise can be identified through reasonable effort. The Court further finds that the Digital Publication Notice and Settlement Website are reasonably calculated under the circumstances to apprise Settlement Class Members of the nature of the Action, the scope of the Settlement Class, the Settlement Class's claims, issues, and defenses, the right to appear, object, or exclude one's self and the procedures for doing so, and of the binding effect of a Judgment on the Settlement Class in satisfaction of the requirements of Fed. R. Civ. P. 23(c)(2)(B).

12. The Court appoints A.B. Data, Ltd., to serve as the Settlement Class Administrator to supervise and administer the Notice Program and carry out the Settlement Class Administrator's responsibilities set forth herein and in the Settlement Agreement. As further set forth in the Settlement Agreement, the Settlement Class Administrator shall be responsible for, without limitation: (a) the dissemination of Notice to the Settlement Class; (b) obtaining new addresses for returned mail; (c) setting up and maintaining the Settlement Website, www.AWLSettlement.com; (d) setting up a toll-free number to provide information and field Settlement Class Member inquiries; (e) initiating and administering the Digital Publication Notice; (f) fielding inquiries about the Settlement; (g) receiving and processing claims submitted by Settlement Class Members whose AWL loans were issued between February 10, 2010 and December 31, 2011; (h) implementing distribution of Cash Awards to Settlement Class Members; (i) notifying Settlement Class Members whose loans are being cancelled as disputed debt; (j) maintaining records of its activities to Notice and Settlement administration; and (k) carrying out other responsibilities as are provided for in the Settlement Agreement or reasonably required to effectuate the Settlement Agreement, in consultation with Settlement Class Counsel.

13. Notice of the Settlement and the Final Approval Hearing shall be given as follows:

    a. No later than ten (10) days after entry of this Preliminary Approval Order (the "Notice Date"), the Settlement Class Administrator shall cause the Email Notice, in a form substantially similar as the copy annexed to the Settlement Agreement as Exhibit 1, to be emailed to all Settlement Class Members at the email addresses used in connection with their AWL loans. For any Settlement Class Member whose email address is not valid or otherwise results in a returned or undeliverable email message notification, and for whom the Settlement Class Administrator cannot identify a current and valid email address, the Settlement Class Administrator shall attempt to identify an alternative valid email address for that Settlement Class Member and/or, if such alternative valid email address is unavailable, promptly mail, by first-class mail, postage prepaid, a copy of the Long Form Notice to any such Settlement Class Member whose mailing address may be identified through reasonable effort;

    b. On or before the Notice Date, the Settlement Class Administrator shall cause a copy of the Long Form Notice, in a form substantially similar to Exhibit 2, as well as a copy of the Settlement Agreement, to be placed on the Settlement Website, www.AWLSettlement.com.

    c. On or before the Notice Date, the Settlement Class Administrator shall execute the Digital Publication Notice, using banner advertisements in a form substantially similar to Exhibit 3, in accordance with the terms set forth in the Settlement Agreement.

14. The Settlement Class Administrator is further directed to establish and administer a toll-free telephone number to field inquiries from Settlement Class Members, as set forth in the Settlement Agreement, within thirty (30) days after entry of this Preliminary Approval Order.

15. No later than twenty-one (21) days prior to the Final Approval Hearing, the Settlement Class Administrator will provide Settlement Class Counsel and counsel for Defendants with an affidavit or declaration that the distribution and/or mailing and digital publication of the Notice was completed in a timely manner and otherwise in accordance with this Preliminary Approval Order, which affidavit or declaration shall be filed with the Court.

16. As provided in the Settlement Agreement, prior to the Effective Date, without further order of the Court, Settlement Class Counsel may expend up to $350,000.00 of the Monetary Consideration to pay Notice and Administration Expenses actually and reasonably incurred by the Settlement Class Administrator.

## REQUESTS FOR EXCLUSION

17. Settlement Class Members may elect to exclude themselves or "opt-out" from the Settlement by following the procedures set forth in the Settlement Agreement for doing so. If a Settlement Class Member wishes to be excluded from the Settlement and not to be bound by the Settlement Agreement, that person must advise the Settlement Class Administrator in writing of that intent prior to the Opt-Out Deadline, which shall be forty-five (45) days after entry of this Preliminary Approval Order. In a written request for exclusion, the Settlement Class Member seeking exclusion must provide his or her full name, address, telephone number, a statement that he or she wants to be excluded ("I request to be excluded from the class settlement in this case"), and the Class Member's signature. All Settlement Class Members who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Settlement, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement or Judgment.

18. Requests for exclusion must be postmarked on or before the Opt-Out Deadline of <u>August 10</u>, 2020 [45 days after entry of the Preliminary Approval Order]. The date of the

7

postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. The Court retains jurisdiction to resolve any disputed exclusion requests.

19. A Settlement Class Member who initially opts out of the Settlement may choose to opt back in to the Settlement so long as the opt-in request is postmarked prior to the Opt-Out Deadline.

20. No one shall be permitted to exercise any exclusion rights on behalf of any other person, whether as an agent or representative of another or otherwise, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization. "Mass" or "class" opt-outs filed by third parties on behalf of a "mass" or "class" of Settlement Class Members will not be valid. Each opt-out request must be submitted on an individual basis.

21. Any member of the Settlement Class who submits a valid and timely request for exclusion will not be a Settlement Class Member, shall not be bound by the terms of the Settlement Agreement, should it be finally approved, and may not file an objection to the Settlement Agreement or to any application for attorneys' fees, reimbursement of costs, or Service Awards, or otherwise intervene in the Action.

22. Any Settlement Class Member who does not submit a valid and timely request for exclusion from the Settlement Class in the manner stated in this Preliminary Approval Order shall be deemed to have waived his or her right to be excluded from the Settlement Class, shall forever be barred from requesting exclusion from the Settlement Class in this or any other proceeding, and shall be bound by the Settlement and the Judgment, including, but not limited to, the release of the Released Claims provided for in the Settlement Agreement and the Judgment, if the Court approves the Settlement.

23. Pursuant to the Settlement Agreement, the Settlement Class Administrator shall provide counsel to the Parties with copies of all opt-out requests it receives and shall provide a list of all Settlement Class Members who timely and validly opted out of the Settlement in its declaration to be filed with the Court in connection with Settlement Class Counsel's motion for final approval of the Settlement.

## OBJECTIONS

24. Any Settlement Class Member who does not opt out of the Settlement and intends to object to any aspect of the proposed Settlement, request for attorneys' fees and reimbursement of costs, or Service Awards must file with the Court a written objection signed by the Settlement Class Member by the Objection Deadline of September 21, 2020 thirty (30) days before the Final Approval Hearing].

25. For an objection to be considered by the Court, the objection must set forth and include the following:

   a. the Settlement Class Member's full name, address, email address, and telephone number;

   b. an explanation of the basis upon which the Objector claims to be a Settlement Class Member;

   c. the reasons for his or her objection, accompanied by any legal or factual support for the objection;

   d. the name of counsel for the Objector (if any), including any former or current counsel who may seek compensation for any reason related to the objection to the Settlement, the attorneys' fees application, the reimbursement of costs application, or the application for Service Awards;

   e. the case name and civil action number of any other objections the Objector or his or her counsel have made in other class action cases in the last four (4) years; and

   f. whether the Objector intends to appear at the Final Approval Hearing on his or her own behalf or through counsel.

26. A Settlement Class Member may not both opt out of the Settlement and object. If a Settlement Class Member submits both a request for exclusion and an objection, the request for exclusion will control.

27. Only objections filed in this Court shall be considered as objections.

28. Upon receipt of any objection, if any Party believes that discovery is appropriate as to a particular Objection, that Party shall file a Motion no longer than three (3) pages without any separate brief and shall attach the discovery so requested. Such Motion shall be served upon the subject Objector. That Objector and any Party shall respond to that Motion with no longer than three (3) pages in opposition, within five days of the filing of the Motion.

29. Any Settlement Class Member may hire their own attorney, at their own expense, to represent them in making written objections or in appearing at the Final Approval Hearing. No member of the Settlement Class or counsel retained by such a member of the Settlement Class shall be entitled to be heard at the Final Approval Hearing unless the objector or his or her attorneys who intend to make an appearance at the Final Approval Hearing state their intention to appear in the objection filed with the Court in accordance with this Order and the terms of the Settlement Agreement. Counsel for any Objector must enter a Notice of Appearance no later than fourteen (14) days before the Final Approval Hearing.

30. Any Settlement Class Member who does not file an objection in the time and manner set forth herein shall be deemed to have waived all objections and be forever foreclosed from making any objection to the fairness or adequacy of the Settlement, including but not limited to the compensation to Settlement Class Members, the award of attorneys' fees and reimbursement of costs, the Service Awards, or the Final Approval Order and Judgment.

## FINAL APPROVAL HEARING: RIGHT TO BE HEARD

31. The Court will hold a Final Approval Hearing under Rule 23(e) of the Federal Rules of Civil Procedure, on <u>October 21</u>, 2020, at <u>11:00 am</u>[1] in the United States District Court for the Eastern District of Virginia, 600 Granby Street, Norfolk, VA, for the following purposes: (a) to determine whether the Settlement should be finally approved as fair, reasonable, adequate and in the best interests of the Settlement Class; (b) to address any objections to the Settlement; (c) to determine whether Settlement Class Counsel's requested attorneys' fees and reimbursement of expenses and the Service Awards to the Settlement Class Representatives should be approved; (d) to determine whether a Judgment finally approving the Settlement should be entered dismissing and releasing the Released Claims (as that term is defined in the Settlement Agreement) with prejudice; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The date of the Final Approval Hearing may be continued by the Court from time to time without the necessity of further notice to the Settlement Class.

32. Any Settlement Class Member may enter an appearance in this Action, at his or her own expense, individually or through counsel. If, however, a Settlement Class Member wishes to object to the Settlement at the Final Approval Hearing (either personally or through counsel), the Settlement Class Member must submit a written objection as set forth in the Notice, Settlement Agreement, and this Order. All Settlement Class members who do not enter an appearance will be represented by Settlement Class Counsel.

---

[1] The Parties have respectfully requested that the Court schedule the Final Approval Hearing no earlier than 110 days after entry of this Preliminary Approval Order, so that, among other things, the Parties may comply with the provisions set forth in the Class Action Fairness Act, 28 U.S.C. § 1715(b).

33. The Motion for final approval of the Settlement and application for an award of attorneys' fees, reimbursement of costs, and Service Awards as well as any supporting documentation in support thereof shall be filed with the Court no later than forty-five (45) days prior to the Final Approval Hearing. If any objection to the Settlement is filed pursuant to this Order and the Settlement Agreement, a response to any such objection to the Settlement shall be filed with the Court no later than fourteen (14) days before the Final Approval Hearing.

34. The Court reserves the right to (a) adjourn or continue the Final Approval Hearing, without further notice to Settlement Class Members; and (b) approve the Settlement with modification and without further notice to Settlement Class Members. Settlement Class Counsel shall cause any new date for the Final Approval Hearing to be posted on the website dedicated to the Settlement. The Court retains jurisdiction of this Action to consider all further applications arising out of or otherwise relating to the proposed Settlement; to allow, disallow or adjust on equitable grounds the claims of any member of the Settlement Class; and as otherwise warranted.

## STAY OF LITIGATION

35. Pending the Final Approval Hearing, all proceedings in this Action are stayed and suspended until further order of this Court, except such actions as may be necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Preliminary Approval Order.

## OTHER PROVISIONS

36. For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings relating to the interpretation, administration, implementation, effectuation, and enforcement of this Settlement.

37. Any deadlines set in this Preliminary Approval Order may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class, except that notice

of any such extensions shall be posted to the Settlement Website. Members of the Settlement Class should check the Settlement Website regularly for updates, changes, and/or further details regarding extensions of these deadlines.

38. The Parties are directed to carry out their obligations under the Settlement Agreement and are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement or to the form and content of the Notice that the Parties jointly agree are reasonable or necessary, and which do not limit the rights of Settlement Class Members under the Settlement Agreement.

39. In the event that the proposed Settlement is not finally approved by the Court, or in the event that the Settlement Agreement becomes null and void or terminates pursuant to its terms, this Preliminary Approval Order and all orders entered in connection with the Settlement Agreement shall become null and void and shall be of no further force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed.

**IT IS SO ORDERED.**

DATED: March 26, 2020

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

THE HONORABLE HENRY C. MORGAN, JR.
UNITED STATES DISTRICT JUDGE