IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**ROYCE SOLOMON, et al.,** *individually
and on behalf of all others similarly situated,*

**Plaintiffs,**

v.  Civil Action No. 4:17cv145

**AMERICAN WEB LOAN, Inc. et al.,**

**Defendants.**

## PRELIMINARY SETTLEMENT APPROVAL MEMORANDUM OPINION

This matter is before the Court on Plaintiffs' Motion for Preliminary Approval of Class Settlement. Doc. 414.[1] For the reasons herein, the Court **GRANTS** the Motion, certifies the settlement-only class and preliminarily approves the settlement. This memorandum opinion serves to supplement the findings in the Court's Order Granting Preliminary Approval of Class Action Settlement.

## I. BACKGROUND AND SETTLEMENT INFORMATION

On April 9, 2019, this Court stayed the case pending appellate review by the Fourth Circuit regarding American Web Loan ("AWL") and Curry's Motions to Compel Arbitration. During the ongoing appeal process, the parties engaged Former United States District Judge Layn R. Phillips to conduct mediation. Doc. 414 at 10. After an unsuccessful first mediation with Judge Phillips, the parties returned for an additional mediation session on November 8, 2019. Id. In this session, all parties have agreed to settle the matters in dispute. Id. The parties have agreed to settle the case in exchange for a total settlement value of $141 million, comprised of a $65

---

[1] The Plaintiffs Motion is unopposed by the Defendants.

million cash payment, $76 million in loan cancellation and other non-monetary relief.[2] Doc. 411 at 7.

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 23 lays out the requirements for class certification and settlement of a class action. Fed. R. Civ. P. 23(a)-(b), (e); see In re NeuStar, Inc. Securities Litig., 1:14CV885 JCC/TRJ, 2015 WL 5674798, at *2 (E.D. Va. Sept. 23, 2015). The Court will address class certification and then turn to the settlement approval requirements.

### A. CERTIFICATION OF SETTLEMENT CLASS

In some instances, a punitive class may reach an agreement of settlement with the defendants before the Court has certified the class. In this situation, "plaintiffs may seek to give effect to this settlement through a settlement-only class." In re NeuStar, 2015 WL 5674798, at *2. The certification of a settlement-only class does not dilute the certification requirements imposed by Rule 23. See id. (citing Gariety v. Gran Thornton, LLP, 368 F.3d 356, 367 (4th Cir. 2004)). Indeed, when evaluating settlement-only classes the Court should give heightened attention to the Rule 23 requirements. Amchem Products, Inc. v. Windsor, 521 U.S. 591, 620 (1997) ("Such attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold.").

Certification of a settlement-only class, like that of a litigation class, is required to satisfy the requirements established in Rule 23. "First, the class must comply with the four prerequisites

---

[2] "The following Non-Monetary Benefits included in the Settlement will provide substantial economic and non-economic relief for the Settlement Class: (i) Curry shall leave the business of AWL in all managerial and operational capacities on or before December 28, 2020, including resigning from his position as CEO and Director of AWL on or before the date of the Preliminary Approval Order; (ii) AWL shall request that the credit reporting agency Clarity Services delete any negative credit reporting information regarding loans set forth in the Collection Portfolio; (iii) AWL shall not sell personal information obtained from any Settlement Class Member except as may be required for debt collection; (iv) AWL shall disclose key loan terms including interest rates and payment schedules to borrowers; and (v) AWL shall make other changes to its loan agreements to comply with federal law." Doc. 414 at 11.

established in Rule 23(a): (1) numerosity of parties; (2) commonality of factual and legal issues; (3) typicality of claims and defenses of class representatives; and (4) adequacy of representation. Second, the class action must fall within one of the three categories enumerated in Rule 23(b)." Gunnells v. Healthplan Servs., 348 F.3d 417, 423 (4th Cir. 2003) (citations omitted). Here, the Plaintiffs aver and Defendants do not oppose (for settlement purposes) class certification under both Rule 23(a) and Rule 23(b)(3). Doc. 414 at 25. Rule 23(b)(3), as a category, requires "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). First, the Court will address the requirements under 23(a) and then will turn to the 23(b)(3) analysis.

*i. Rule 23(a)*

**a. Numerosity**

The provisions of Rule 23(a)(1) is complied with when the "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Numerosity is clearly met in this case. The data provided by AWL indicates that there will be more than 576,000 class members distributed throughout the country. Doc. 414 at 25; see Doc. 414 at Ex. E. The Court finds that this large of a class clearly meets the impracticable joinder standard. See Dashiell v. Van Ru Credit Corp., 283 F.R.D. 319, 322 (E.D. Va. 2012) (presuming the joinder of 65 individuals to be impracticable).

**b. Commonality**

The commonality requirement is met when "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2); see In re NeuStar, 2015 WL 5674798, at *3. The commonality requirement imposed by Rule 23(a)(2) is all but considered a less stringent version

of a similar requirement imposed under Rule 23(b)(3). In re NeuStar, 2015 WL 5674798, at *3. Rule 23(b)(3) has a more demanding burden of going beyond the existence of common questions of law and fact but requires a finding that these questions "predominate" over any issues advanced by individual members. Id. Accordingly, the 23(a)(2) analysis may be subsumed within the Court's review of the class under 23(b)(3). Id. (citing Lienhart v. Dryvit Sys., Inc., 255 F.3d 138, 146 n. 4 (4th Cir.2001)). The Court finds that the "predominate" requirement of 23(b)(3) is met in this case and, therefore, reserves discussion on the matter till further analysis below.

**c. Typicality**

Typicality is met when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This requirement looks at whether the class representative "possess the same interest and suffer[ed] the same injury as the class members." In re NeuStar, 2015 WL 5674798, at *4. This ensures that the representative of the class has interests "sufficiently aligned with those of the other class members." Id. Completely identical situations between the classes is not required to meet the typicality requirement. Chisolm v. TranSouth Fin. Corp., 184 F.R.D. 556, 563-64 (E.D. Va. 1999). Here, Plaintiffs allege a uniform injury across the proposed class – that they all took out one or more loans with identical terms at unlawfully high interest rates. Doc. 414 at 27. Based on this, the Court finds that the Plaintiffs alleged injury is sufficiently aligned with that of the class. Chisolm, 184 F.R.D. at 564 (E.D. Va. 1999).

**d. Adequacy**

The Court finds the adequacy requirement met when (1) the named plaintiff does not have interests antagonistic to those of the class; and (2) plaintiff's attorneys are "qualified,

experienced, and generally able to conduct the litigation." In re NeuStar, 2015 WL 5674798, at *4. With this requirement, the Court is inquiring whether there are any "conflicts of interest between named parties and the class they seek to represent." Id. Under these facts, this final requirement is also met. Plaintiffs and the proposed class were allegedly harmed by the same high interest rate loan scheme. Doc. 414 at 21. There is a clear unity of interest between the Plaintiffs and the proposed class. Furthermore, the Court has previously highlighted that Plaintiffs' counsel has "extensive experience handling class actions" and has been involved in similar "nationwide rent a tribe class actions." Doc. 180 at 10. Accordingly, Plaintiffs counsel is well qualified and experienced to conduct litigation in this case.

The Court finds that all of the Rule 23(a) requirements are met for settlement-only class certification. Therefore, the Court turns to the Rule 23(b)(3) requirements.

*ii. Rule 23(b)(3)*

**a. Predominance**

The first step of Rule 23(b)(3) analysis is an inquiry into whether "questions of law or fact common to class members predominate over any questions affecting only individual members." In re NeuStar, 2015 WL 5674798, at *5; see Fed. R. Civ P. 23(b)(3). Courts, when faced with class certification in RICO claims, often find that "common issues predominate over individualized ones." Robinson v. Fountainhead Title Group Corp., 257 F.R.D. 92, 94 (D. Md. 2009) (citing Chisolm v. TranSouth Fin. Corp., 184 F.R.D. 556, 562-63 (E.D. Va. 1999)). Here, this continues to hold true. Plaintiffs allege a uniform scheme against Defendants which would rely on broadly applicable evidence to prove their claims. See Robinson, 257 F.R.D. at 95. Therefore, the Court finds that predominance is met in this case.

experienced, and generally able to conduct the litigation." In re NeuStar, 2015 WL 5674798, at *4. With this requirement, the Court is inquiring whether there are any "conflicts of interest between named parties and the class they seek to represent." Id. Under these facts, this final requirement is also met. Plaintiffs and the proposed class were allegedly harmed by the same high interest rate loan scheme. Doc. 414 at 21. There is a clear unity of interest between the Plaintiffs and the proposed class. Furthermore, the Court has previously highlighted that Plaintiffs' counsel has "extensive experience handling class actions" and has been involved in similar "nationwide rent a tribe class actions." Doc. 180 at 10. Accordingly, Plaintiffs counsel is well qualified and experienced to conduct litigation in this case.

The Court finds that all of the Rule 23(a) requirements are met for settlement-only class certification. Therefore, the Court turns to the Rule 23(b)(3) requirements.

*ii. Rule 23(b)(3)*

**a. Predominance**

The first step of Rule 23(b)(3) analysis is an inquiry into whether "questions of law or fact common to class members predominate over any questions affecting only individual members." In re NeuStar, 2015 WL 5674798, at *5; see Fed. R. Civ P. 23(b)(3). Courts, when faced with class certification in RICO claims, often find that "common issues predominate over individualized ones." Robinson v. Fountainhead Title Group Corp., 257 F.R.D. 92, 94 (D. Md. 2009) (citing Chisolm v. TranSouth Fin. Corp., 184 F.R.D. 556, 562-63 (E.D. Va. 1999)). Here, this continues to hold true. Plaintiffs allege a uniform scheme against Defendants which would rely on broadly applicable evidence to prove their claims. See Robinson, 257 F.R.D. at 95. Therefore, the Court finds that predominance is met in this case.

**b. Superiority**

The second step in the inquiry is to determine if "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." In re NeuStar, 2015 WL 5674798, at *8; see Fed. R. Civ P. 23(b)(3). Therefore, the superiority requirement considers "the class members' interest in individually controlling the prosecution or defense of separate actions; the extent and nature of any litigation concerning the controversy already begun by or against class members; the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and the likely difficulties in managing the class action." Thomas v. FTS USA, LLC, 312 F.R.D. 407, 425 (E.D. Va. 2016). Looking at these considerations, the settlement allows for any class member to opt-out and pursue an individual action. Id. Next, because the proposed settlement class is over 576,000 members distributed across the United States, it is preferable and efficient to have one forum to manage the consolidated resolution of this case. See Thomas, 312 F.R.D. at 426. Additionally, the Court agrees with the Plaintiffs that "most, of the putative class members are low-to-moderate income consumers who lack the means or incentive to bring an individual suit claiming potentially small individual damages, particularly where, as here, pursuing that suit involves complex questions of sovereign immunity, arbitration, and RICO liability." Doc. 414 at 30. Accordingly, these facts lead the Court to find that superiority is met.

In conclusion, the Plaintiffs have sufficiently proved the requirements for settlement-only class certification under Rule 23. The Settlement Agreement defines the Settlement Class as "all persons within the United States to whom AWL lent money during the Settlement Class Period." Doc. 41, Ex. A ("Settlement Agreement") at 13. The Settlement Class Period is further defined as "the period from February 10, 2010 to the date on which the Preliminary Approval Order is

entered." Settlement Agreement at 14. The Court incorporates this language from the Settlement Agreement and defines the settlement class as defined in ¶ 5 of the Order Granting Preliminary Approval of Class Action Settlement. Therefore, the Court preliminary certifies this defined settlement-only class.

### B. APPROVAL OF SETTLEMENT

Federal Rule of Civil Procedure 23(e) states that "a class action shall not be dismissed without the approval of the court." Fed. R. Civ. P. 23(e); see In re Jiffy Lube Sec. Litig., 927 F.2d 155, 158 (4th Cir. 1991). The required approval of a class action settlement is left within the "sound discretion of the Court." In re Mills Corp. Sec. Litig., 265 F.R.D. 246, 252 (E.D. Va. 2009). The main concern in settlement approval is that "[i]f the proposed settlement is intended to preclude further litigation by absent persons, due process requires that their interests be adequately represented." Id. The backbone of the approval standard is laid out by the Rules requiring the Court to determine whether the settlement is "fair, reasonable, and adequate." Id. The Fourth Circuit in Jiffy Lube has articulated a two-step analysis in evaluating a settlement's fairness and adequacy. Id. (citing Jiffy Lupe, 927 F.2d at 158-59). The relevant factors in determining a settlement's fairness are "that the settlement was reached as a result of good-faith bargaining at arm's length, without collusion, on the basis of (1) the posture of the case at the time settlement was proposed, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the negotiations, and (4) the experience of counsel in the area of . . . class action litigation." Jiffy Lupe, 927 F.2d at 158-59. Additionally, the Fourth Circuit laid out the relevant factors for adequacy:

> (1) the relative strength of the plaintiffs' case on the merits; (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial; (3) the anticipated duration and expenses of additional litigation; (4) the

solvency of the defendants and the likelihood of recovery on a litigated judgment; and (5) the degree of opposition to the settlement.

Id. Here, the Court's careful review of each of the factors at issue warrants preliminary approval of the settlement.

*i. Fairness*

**a. Posture of the Case**

This factor directs the Court to review the progress of the cases since filing. If the case is relatively new with little progress, then there is an increased risk of "possible collusion among the settling parties." In re Mills, 265 F.R.D. at 254. This case has progressed far beyond what is required to weigh this factor in favor of settlement. The Plaintiffs and Defendants have engaged in extensive motions practice and briefing on a variety of issues including motions to dismiss, compel arbitration, and transfer venue. See id. (in cases where "several briefs have been filed and argued, courts should be inclined to favor the legitimacy of a settlement."); Doc. 411 at 15. A perfunctory view of the docket lends any reasonable observer to the conclude that this case has adequately progressed to warrant preliminary approval.

**b. Discovery**

The second factor requires an evaluation of the extent of discovery that has taken place. This factor, similar to the first, assesses whether Plaintiffs' counsel has had time "to appreciate the full landscape of their case when agreeing to enter into this Settlement." In re Mills, 265 F.R.D. at 254. Plaintiffs counsel attests that they "conducted an eleven-month investigation before filing the initial 76-page, 233-paragraph Class Action Complaint." After filing the Complaint, Counsel continued to rigorously investigate Plaintiffs' claims for three additional months, resulting in an Amended Complaint with 43 additional paragraphs of factual allegations." Doc. 414 at 16. This attestation sufficiently informs the Court that the Plaintiffs had

sufficiently "understood the nature of their positions." See In re NeuStar, 2015 WL 5674798, at *10.

### c. Circumstances Surrounding Negotiation

In this case, the parties agreed to settle the matter after intensive mediation with a well-respected mediator, Former United States District Judge Layn R. Phillips. During this mediation, the parties exchanged "comprehensive opening and reply mediation statements, along with dozens of exhibits, and each responded to a confidential list of detailed written questions posed by Judge Phillips." Doc. 414 at 17; see In re NeuStar, 2015 WL 5674798 at *10 (finding this factor in favor of approval when the parties engaged in mediation and "exchanged comprehensive mediation statements and supporting evidence, including information and analyses from experts."). Additionally, the parties have engaged in previous mediation sessions as well as "numerous telephonic conferences over the course of four months . . . ." Therefore, this collection of arms-length negotiations represents circumstances that weigh in favor of preliminary approval.

### d. Experience of Counsel

The Court has repeatedly noted that Plaintiffs' counsel has "extensive experience handling class actions" and has been involved in similar "nationwide rent a tribe class actions." Doc. 180 at 10. For those reasons, the Court is well persuaded that counsel has the perquisite experience to further the interests of the class. Accordingly, this factor like all others weighs in-favor of the Court granting preliminary approval.

After review of each of the factors, the Court finds that the settlement meets the fairness requirement.

*ii. Adequacy*

**a. Relative Strength / Applicable Defenses**

The first two factors of the adequacy inquiry "require the Court to examine 'how much the class sacrifices in settling a potentially strong case in light of how much the class gains in avoiding the uncertainty of a potentially difficult case.'" Brown v. Transurban USA, Inc., 318 F.R.D. 560, 573 (E.D. Va. 2016) (quoting In re Mills, 265 F.R.D. at 256). Here, the Defendants have continually asserted that they are immune to suit through the doctrine of tribal immunity. Doc. 414 at 19. Additionally, Defendants aver that the lawsuit is subject to arbitration provisions that prevent moving forward in this litigation forum. Id. This Court has repeatedly disagreed with the Defendants' positions on these issues. Doc. 389, 390. However, it is possible that the Fourth Circuit could render a decision adverse to the Plaintiffs, especially in light of the recent decision in Williams v. Big Picture Loans, LLC, 929 F.3d 170 (4th Cir. 2019) ("Big Picture"). Accordingly, these facts point to the uncertainty of the Plaintiffs case and, thus, weigh in favor of settlement approval.

**b. Anticipated Duration and Expenses of Additional Litigation**

This factor requires the Court to consider "the substantial time and expense litigation of this sort would entail if a settlement was not reached." In re Mills, 265 F.R.D. at 256. Here, Defendants have filed numerous motions to dismiss and motions to compel arbitration. Additionally, Defendants have filed interlocutory appeals of this Court's rulings. Since the matter is currently stayed in this Court, a settlement avoids returning the case to this Court for "class and merits discovery, class certification, summary judgment, trial, and further appeals." Doc. 414 at 20. This Court, previously, has found this factor weighed in favor of approval on similar circumstances. See In re Mills, 265 F.R.D. at 256 (noting this factor in favor of approval

when "Plaintiffs and Defendants have engaged in vigorous opposition over motions to dismiss, certify, and some of the defendants even proceeded with an appeal before the Fourth Circuit.").

### c. Solvency of Defendants

Plaintiffs highlight that "[w]hile there is no current indication that Defendants are at risk of insolvency, the primary actors in the alleged unlawful lending enterprise – Curry, AWL, MacFarlane/Red Stone, and SOL – are not large, multinational corporations, but rather an individual and private, or tribally-owned entities with finite resources, and would not be able to withstand a judgment of the full amount of damages in this Action." Doc. 414 at 20. Regardless, of any clear evidence of Defendants risk of insolvency, this factor is largely considered "beside the point given the other factors weighing in favor of preliminary approval. See Henley v. FMC Corp., 207 F. Supp. 2d 489, 494 (S.D.W. Va. 2002)

Viewing all factors in tandem, the Court preliminarily finds the settlement to be adequate. However, at the preliminary hearing, the Court inquired of whether the parties had information regarding the amount of total interest paid by the settlement class. Counsel has informed the Court with sufficient and comparable figures for the Court to find preliminary adequacy. This information should be made available at the Final Approval Hearing.

*iii. Conclusion*

At this preliminary stage, the Court finds that the settlement is the result of an arms-length negotiation between the parties and is fair, reasonable and adequate. As such, the Court preliminarily approves the settlement.

### C. NOTICE

Under Federal Rule of Civil Procedure 23(e)(1), "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is

justified by the parties' showing that the court will likely be able to . . ." certify the settlement class and approve the settlement. Fed. R. Civ. P. 23(e)(1). Under the Rules, this form of notice "must be 'the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.'" In re NeuStar, 2015 WL 5674798 at *12 (quoting Fed. R. Civ. P. 23(c)(2)(B). One form of notice will suffice when preliminary approval of settlement and class certification happens simultaneously. Id. Moreover, notice must include clear and concise notice of the following:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members.

In re NeuStar, 2015 WL 5674798 at *12 (quoting Fed. R. Civ. P. 23(c)(2)(B). The notice proposed by the Plaintiffs satisfies all these requirements.

Plaintiffs state that there "will be direct, individual notice sent to each of the more than 576,000 Settlement Class Members (plus any individuals who have become a Settlement Class Member since December 27, 2019) who are identified in AWL's records as having taken out an AWL loan." Doc. 414 at 31. In their Motion, Plaintiffs lay out a detailed plan for providing notice. They contend "Settlement Class Members will receive the Notice at a verified email address used in connection with their AWL loan(s) (or, if the email address is no longer valid and an alternative email address is not available, via U.S. mail at a verified mailing address), in accordance with Rule 23(c)(2)(B)." Id. In addition to these direct forms of contact, there will also be a website set up (www.AWLSettlement.com) and "a supplemental Digital Publication Notice will also be published using state-of-the-art targeting of social media and other internet based means to alert potential Settlement Class Members of the Settlement and direct them to the

Settlement Website for more information." Id. All the procedures outlined in the Plaintiffs' Motion clearly meet the standard for notice in Rule 23. See In re NeuStar, 2015 WL 5674798 at *12. The Court hereby approves the proposed notice.

### III. CONCLUSION

For the aforementioned reasons, the Court **GRANTS** the Plaintiffs Motion for Preliminary Approval and Settlement Class Certification. The Court **ORDERS** certified the class that is outlined and defined in ¶ 5 of the Order Granting Preliminary Approval of Class Action Settlement. Therefore, the Court preliminarily approves the settlement, notice and enters the proposed schedule as outlined in the Order.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 26, 2020