**EXHIBIT B**

**SUMMARY OF HOW *BIG PICTURE* REMAINS THE LAW OF THIS CIRCUIT**

- *Williams v. Big Picture Loans, LLC*, 929 F.3d 170, 177 (4th Cir. 2019) remains the controlling law of this Circuit on the standard for "arm-of-the-tribe" immunity and continues to present a substantial risk to Plaintiffs.

  - *Williams/Big Picture* has not been withdrawn, overruled, or called into question by *any* subsequent decision.

  - The Fourth Circuit reversed the district court's decision and remanded with instructions to dismiss the complaint.

  - Two recent Fourth Circuit tribal lending-related decisions, *Gibbs v. Haynes Investments, LLC* and *Gibbs v. Sequoia Capital Operations, LLC*, addressed *only* the validity of arbitration clauses in tribal loan documents.

  - Judge Payne acknowledged the ongoing validity of *Big Picture*: "On July 3, 2019, the United States Court of Appeals for the Fourth Circuit held that Big Picture and Ascension are entitled to sovereign immunity as arms of [the tribe] and therefore reverse[d] the district court's decision." *Pete v. Big Picture Loans, LLC*, No. 3:17-CV-461, 2020 WL 3979662, at *1 (E.D. Va. July 14, 2020).

  - None of the ongoing proceedings before Judge Payne call into question the five-factor test for determining arm-of-the-tribe immunity established by *Big Picture*.

  - If the Settlement here is rejected, this Action will immediately return to the Fourth Circuit for resolution of Defendants' appeals on immunity questions under the immunity test articulated in *Big Picture*.

  - The risk that AWL and Red Stone may be found immune from suit under *Big Picture* directly implicates the corresponding risks related to Defendants Curry's and SOL's immunity claims.

- There has been no change to the legal landscape on tribal immunity – and the corresponding risks to Plaintiffs here – since this Court granted Preliminary Approval of the Settlement on June 26, 2020.