UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

ROYCE SOLOMON, et al., individually and on behalf of all others similarly situated,

Plaintiffs,

v.

AMERICAN WEB LOAN, INC., et al.,

Defendants.

Civil Action No. 4:17-cv-0145-HCM-RJK

CLASS ACTION

**PLAINTIFFS' RESPONSE TO OBJECTORS' SUPPLEMENTAL SUBMISSIONS**

Plaintiffs Royce Solomon, Jodi Belleci, Michael Littlejohn, and Giulianna Lomaglio, on behalf of themselves and the proposed Settlement Class[1] (collectively, "Plaintiffs" or the "Settlement Class Representatives"), respectfully submit this Response to the Objectors' Supplemental Submissions. Plaintiffs believe that this submission is necessary to correct Objectors' characterization of the Fourth Circuit's decision in *Sharp Farms v. Speaks*, 917 F.3d 276 (4th Cir. 2019) ("*Sharp Farms*"). *See* ECF No. 465 at 6.

*Sharp Farms* makes clear that there can be no class-wide or "group opt-outs" as a matter of Constitutional Due Process. *See* 917 F.3d at 298-99 (describing "the settled rule that the Due Process Clause reposes only in individual class members ... the right to intelligently and individually choose whether to continue in a suit as class members") (internal quotation marks and citation omitted); *id*. at 298 ("the Due Process Clause prohibits classwide opt-outs because due

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Settlement Agreement filed with the Court on April 16, 2020 (ECF No. 414-1, the "Settlement Agreement").

{00684873-1 }

process requires that class members be provided notice and an individual choice to proceed as a class member or to opt-out and avoid being bound by a judgment") (internal quotation marks and citation omitted). Due Process likewise prohibits class-wide objections. *See id.* ("There is no class action rule, statute, or case that allows a putative class plaintiff or counsel to exercise class rights en masse . . .by making a class-wide objection" (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1024 (9th Cir. 1998)); *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 565 (9th Cir. 2019) (same); *In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 2672 CRB (JSC), 2016 WL 4376623, at *4 (N.D. Cal. Aug. 17, 2016) ("[Objector] may not object on behalf of all Virginia class members. Objecting to a settlement is an individual right that [objector] cannot usurp from others.").

Although Objectors Butler and McDaniel have repeatedly insisted that their objections are asserted on behalf of putative classes, including classes of Pennsylvania and West Virginia borrowers (*see* ECF Nos. 428 at 1, 430 at 1, 452 at 2-3, 465 at 1, 467 at 1), there is no legally permissible basis for them to object on behalf of anyone other than themselves. Indeed, Notice was sent to Pennsylvania and West Virginia Class Members, and *only two* (Buter and McDaniel) filed objections. The Objections therefore must be considered *only* on behalf of two Objectors on an individual basis. Likewise, McDaniel cannot achieve a classwide opt-out by filing an action on behalf of West Virginia borrowers after preliminary approval. *See Hyundai*, 926 F.3d at 564-65.

Moreover, contrary to Objectors' contention, *Sharp Farms* does not stand for the proposition that it is an abuse of this Court's discretion to "rely[] on reputation and skills of the mediator without any evidence that the parties made the mediator aware of an-intra class conflict". ECF No. 465 at 6 (citing 917 F.3d at 291-92). The issue with the mediation in *Sharp Farms* did not concern whether the mediator understood purported intra-class conflicts. Rather, the issue was

that the district court did not give sufficient attention to significant *evidence* of collusion between counsel to the settling plaintiffs and the defendants in that action.  *See* 917 F.3d at 291-92.  There are no allegations of collusion here, much less evidence of it, that precludes the Court from granting Final Approval of the Settlement.

As Plaintiffs have explained in their prior briefing, and contrary to Objectors' contentions, there are no intra-class conflicts created by the proposed Settlement.  *See* ECF No. 449 at 24-31; ECF No. 456 at 2-3 and n.8.  There is also nothing in the record or otherwise to suggest that the Mediator, former U.S. District Court Judge Layn Phillips, was not fully informed of the Parties' positions and the relative strengths and weaknesses of the claims and defenses in this Action; Judge Phillips's declaration says otherwise.  *See* ECF No. 414-2.

For these reasons and for the reasons set forth in Plaintiffs' prior submissions, the Court should grant Final Approval of the Settlement.

DATED:  October 30, 2020                              **MICHIEHAMLETT**

                                          */s/ David W. Thomas*
                                          David W. Thomas
                                          E. Kyle McNew
                                          310 4th Street, 2nd Floor
                                          P.O. Box 298
                                          Charlottesville, VA 22902
                                          Telephone: (434) 951-7200
                                          Fax: (434) 951-7218
                                          Email:  dthomas@michiehamlett.com
                                                              kmcnew@michiehamlett.com

                                          *Local Settlement Class Counsel*

                                          and

**BERMAN TABACCO**
Kathleen M. Donovan-Maher (*pro hac vice*)
Norman Berman (*pro hac vice*)
Steven J. Buttacavoli (*pro hac vice*)
Steven L. Groopman (*pro hac vice*)
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Fax: (617) 542-1194
Email:
kdonovanmaher@bermantabacco.com
nberman@bermantabacco.com
sbuttacavoli@bermantabacco.com
sgroopman@bermantabacco.com

*Settlement Class Counsel*

**GRAVEL & SHEA PC**
Matthew B. Byrne (*pro hac vice*)
76 St. Paul Street, 7th Floor
P.O. Box 369
Burlington, VT 05402-0369
Telephone: (802) 658-0220
Fax: (802) 658-1456
Email: mbyrne@gravelshea.com

*Settlement Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of October, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

                                                */s/ David W. Thomas*
                                                David W. Thomas