

FILED
NOV 6 2020
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**ROYCE SOLOMON, et al,** *individually*
*and on behalf of all others similarly situated,*

    **Plaintiffs,**

v.                                                    Civil Action No. 4:17cv145

**AMERICAN WEB LOAN, INC., et al.,**

    **Defendants.**

## ORDER

Plaintiffs Royce Solomon, Jodi Belleci, Michael Littlejohn, and Giulianna Lomaglio (collectively "Plaintiffs"), individually and on behalf of the preliminarily certified Settlement Class, filed (i) a Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"), Doc. 422; and (ii) a Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards for the Settlement Class Representatives ("Motion for Attorneys' Fees"), Doc. 424. For the reasons set forth below, Plaintiffs' Motion for Final Approval, Doc. 422, and Plaintiffs' Motion for Attorneys' Fees, Doc. 424, are **DENIED**.

### BACKGROUND AND DISCUSSION

On April 16, 2020, Plaintiffs moved the Court for preliminary approval of a proposed class action settlement with Defendants, the terms of which were set forth in a Settlement Agreement filed with the Court on the same day. Doc. 413. The Court held a hearing on Plaintiffs' motion on June 24, 2020. Doc. 416. During the hearing, the Court expressed concerns regarding the adequacy of the Settlement Agreement. Doc. 454. The Court stated: "at this stage of the proceeding, all the Court can do is guess at the adequacy of the settlement." Id. The Court further

stated that the ultimate question of adequacy "will have to be dealt with in depth" at the final approval hearing. Id.

On June 26, 2020, the Court issued an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"), in which the Court conditionally certified the Settlement Class, appointed Plaintiffs as Settlement Class Representatives, appointed Settlement Class Counsel, and preliminarily approved the terms of the Settlement Agreement. Doc. 419. The Court also issued a Preliminary Settlement Approval Memorandum Opinion ("Memorandum Opinion") on June 26, 2020, which served to supplement the Court's findings it its Preliminary Approval Order.[1] Doc. 420.

In its Memorandum Opinion, the Court explained that although counsel provided sufficient information for the Court to find "preliminary adequacy" with respect to the Settlement Agreement, the adequacy issue would be further analyzed during the final approval hearing. Id. The Court ordered any Settlement Class Member who objected to the Settlement Agreement to file a written objection by September 21, 2020. Doc. 419.

Diana Butler, Charles P. McDaniel, Patrick Selig, Quincey Jean Cunningham, William Farley, Brooke Herrington, Lakeita Kemp, and Adam Sublett (collectively the "Objectors") filed timely written objections to the Settlement Agreement, and Plaintiffs and certain Defendants filed responses. Docs. 428, 430-437, 445, 449. The Court subsequently granted all parties leave to file

---

[1] The Court summarized the basic terms of the Settlement Agreement in its Memorandum Opinion. Doc. 420. The Court stated: "The parties have agreed to settle the case in exchange for a total settlement value of $141 million, comprised of a $65 million cash payment, $76 million in loan cancellation and other non-monetary relief." Id. The non-monetary benefits were described as follows: "(i) Curry shall leave the business of AWL in all managerial and operational capacities on or before December 28, 2020, including resigning from his position as CEO and Director of AWL on or before the date of the Preliminary Approval Order; (ii) AWL shall request that the credit reporting agency Clarity Services delete any negative credit reporting information regarding loans set forth in the Collection Portfolio; (iii) AWL shall not sell personal information obtained from any Settlement Class Member except as may be required for debt collection; (iv) AWL shall disclose key loan terms including interest rates and payment schedules to borrowers; and (v) AWL shall make other changes to its loan agreements to comply with federal law." Id. (quoting Doc. 414 at 11).

2

supplemental briefing for consideration at the final approval hearing. Doc. 460. The Objectors and Plaintiffs chose to file supplemental briefing. Docs. 465-469.

On November 4, 2020, the Court held a remote hearing to address Plaintiffs' Motion for Final Approval and Plaintiffs' Motion for Attorneys' Fees. During the hearing, the Court heard from counsel regarding the arguments raised in the motions, the written objections, and the supplemental briefing. Upon review of the parties' briefs and oral arguments of counsel, and for the reasons stated by the Court during the November 4, 2020 hearing, the Court finds that the parties have not established the adequacy of the Settlement Agreement. For example, although the Settlement Agreement provides for $76 million in loan cancellations, the Court finds that, due to the nature of the specific loans to be cancelled via this provision, such loan cancellations hold very little value. Likewise, the Court finds that certain non-monetary benefits, such as the requirement for AWL to modify its loan agreements to comply with federal law, hold very little value. For example, Plaintiffs' counsel has outlined nonmonetary benefits which it alleges include $300 million in value for the disclosure of Federal Laws of Disclosure, $260 million for not requiring electronic payment from borrowers' bank accounts, $108 million for deletion of negative credit information and $33 million for agreeing not to sell credit information relating to borrowers. This totals $701 million in alleged benefits to borrowers yet the Defendants claim to have collected only $472 million in interest during the approximate ten (10) years of the class period.

Further, the Court finds that the approval of the Settlement Agreement could result in no benefit to a significant number of Class Members. For example, under the terms of the Settlement Agreement, certain Class Members would be required to release all claims against Defendants without receiving any benefits in return. Additionally, the specific benefits to which many other Class Members would be entitled remains entirely unclear. The Court considers this lawsuit to be

a hornbook example of a case in which the plaintiffs may be entitled to damages on a class-wide basis in an amount that is readily quantifiable. However, it does not appear that such potential quantification has occurred in this action. In light of the Court's decision regarding the inadequacy of the Settlement Agreement, the Court further finds that Plaintiffs' request for attorneys' fees, as set forth in their Motion for Attorneys' Fees, are excessive. For these reasons, Plaintiffs' Motion for Final Approval, Doc. 422, and Plaintiffs' Motion for Attorneys' Fees, Doc. 424, are **DENIED**.

Despite the Court's findings regarding the inadequacy of the Settlement Agreement, the Court recognizes that the costs of trying this action could be extraordinary. During the November 4, 2020 hearing, the Court suggested that the parties participate in a mediation before United States District Judge David J. Novak. No party raised an objection to mediation. Accordingly, the parties are **ORDERED** to appear before Judge Novak for a mediation in December 2020. Counsel are **DIRECTED** to obtain the available dates of the individuals who will attend the mediation, and jointly contact Judge Novak's chambers at (804) 916-2270, within three days from the date of entry of this Order, to schedule the mediation. After the mediation is scheduled, Judge Novak will provide additional instructions to the parties.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Final Approval, Doc. 422, and Plaintiffs' Motion for Attorneys' Fees, Doc. 424, are **DENIED**. The parties are **ORDERED** to appear before United States District Judge David J. Novak for a mediation in December 2020. Counsel are **DIRECTED** to obtain the available dates of the individuals who will attend the mediation, and jointly contact Judge Novak's chambers at (804) 916-2270, within three days from the date of entry of this Order, to schedule the mediation. After the mediation is scheduled, Judge Novak will provide additional instructions to the parties.

The Clerk is **REQUESTED** to electronically deliver a copy of this Order to all counsel of record.

It is **SO ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

November **6**, 2020
Norfolk, Virginia