# **<u>EXHIBIT A</u>**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

ROYCE SOLOMON, et al., individually and
on behalf of all others similarly situated,

                    Plaintiffs,

v.

AMERICAN WEB LOAN, INC., et al.,

                    Defendants.

Civil Action No. 4:17-cv-0145-HCM-RJK

CLASS ACTION

## REVISED SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into by and between Plaintiffs Royce Solomon, Jodi Belleci, Michael Littlejohn, and Giulianna Lomaglio (collectively, "Plaintiffs"), on behalf of themselves and the proposed Settlement Class, and AWL, Inc., a wholly owned corporation of the Otoe-Missouria Tribe of Indians ("Tribe"), a federally-recognized Indian tribe; Red Stone, Inc. (successor-in-interest to MacFarlane Group, Inc.), a wholly owned corporation of the Tribe; Mark Curry ("Curry"); and Sol Partners, LLC (collectively, "AWL Defendants"). In addition to the AWL Defendants, the following entities and individuals were named in this Action and are parties to this Settlement Agreement: Medley Opportunity Fund II, LP; Medley Capital Corporation; Medley Management, Inc.; Medley Group, LLC; Brook Taube; Seth Taube (collectively, "Medley"); Middlemarch Partners, LLC; and Middlemarch Securities, LLC (collectively, "Middlemarch"). The AWL Defendants, Medley, and Middlemarch are collectively referred to herein as "Defendants."

1

The Settlement is joined by Patrick Selig, Quincey Jean Cunningham, William Farley, Brooke Harrington, Lakeita Kemp, and Adam Sublett (the "Virginia Objectors"); Diana Butler (the "Pennsylvania Objector"); and Charles P. McDaniel (the "West Virginia Objector"), who are collectively referred to as "Settled Objectors."

The Settlement is also joined by Northwood Asset Management Group, LLC ("Northwood"), a purchaser of certain loans originated by AWL.

Subject to the terms and conditions set forth herein, and to the Court's approval pursuant to Rule 23 of the Federal Rules of Civil Procedure, the settlement embodied in this Settlement Agreement is intended by the Parties to: (a) be a full and final disposition of the Action with respect to all Defendants and (b) fully, finally, and forever resolve, discharge, dismiss, and settle the Released Claims against the Released Parties. Plaintiffs, Defendants, Northwood, and Settled Objectors are each a "Party" to this Settlement Agreement and are referred to collectively herein as the "Parties".

**WHEREAS:**

A.      On December 15, 2017, Plaintiffs filed a putative class action complaint in the U.S. District Court for the Eastern District of Virginia, Newport News Division, on behalf of a nationwide Class of "[a]ll persons who took out loans from American Web Loan." The complaint, which was amended on March 9, 2018 and February 15, 2019 (collectively, the "Complaint") alleges claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § § 1962(c) and (d); the Electronic Funds Transfer Act, 15 U.S.C. § 1693k(1); the Truth in Lending Act, 15 U.S.C. § 1638(a); and the common law doctrine of unjust enrichment, arising from loans made to consumers in the name of AWL.

B.      On August 29, 2018, the Court issued an Order appointing Berman Tabacco and Gravel & Shea, P.C. as interim co-lead class counsel (ECF No. 180) and, on November 14, 2018, the Court appointed MichieHamlett PLLC as interim class local counsel (ECF No. 239).

C.      On April 9, 2018, Defendants filed thirteen (13) motions, including motions to compel arbitration, motions to dismiss for lack of subject matter jurisdiction, motions to dismiss for failure to state a claim, a motion to dismiss for lack of personal jurisdiction, a motion to dismiss for failure to join an indispensable party, and a motion to transfer to the Western District of Oklahoma.  Those motions became fully briefed on July 9, 2018.

D.      On August 2, 2018, the Court in this Action held a status conference and ordered jurisdictional and venue discovery and supplemental briefing on the motions to dismiss for lack of subject matter jurisdiction (premised on tribal immunity) and the motion to transfer venue.

E.      In November and December 2018, after completing jurisdictional discovery, the Parties filed supplemental briefs with hundreds of exhibits.

F.      On February 5, 2019, the Court held an evidentiary hearing that included in-person testimony from John Shotton, the Chairman of the Tribe, and Curry.  On February 6, 2019, the Court held oral argument on Defendants' motions, denied all of Defendants' motions from the bench (except Middlemarch Partners, LLC's motion to dismiss; Plaintiffs were granted leave to amend against Middlemarch Partners, LLC), and set a trial date of November 4, 2019.  Also on February 6, 2019, Plaintiffs filed a motion for class certification, pursuant to the scheduling order in effect at that time.

G.      On February 15, 2019, Plaintiffs filed a Second Amended Complaint adding seven additional pages of allegations against Middlemarch and adding Middlemarch Securities LLC as a Defendant.

3

H.      On February 19, 2019, the AWL Defendants filed notices of appeal from the Court's denial of their motions to dismiss for lack of subject matter jurisdiction and to compel arbitration, seeking review of those decisions by the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit").   The Fourth Circuit consolidated those appeals for briefing and argument.

I.      On March 22, 2019, the Court issued two written opinions reflecting its rulings from the February 6, 2019 motions hearing.

J.      On April 1, 2019, Middlemarch and Medley moved to compel arbitration.  Also on that date, Medley moved to stay further proceedings pending the Fourth Circuit's ruling on the AWL Defendants' arbitration appeals.   Middlemarch filed a motion to dismiss the Second Amended Complaint on April 9, 2019.  The Court granted Medley's motion to stay on April 9, 2019.

K.      On July 3, 2019, the Fourth Circuit issued its opinion in the putative class action lawsuit *Williams v. Big Picture Loans, LLC*, No. 18-1827 (4th Cir. July 3, 2019), holding, *inter alia*, that a Native American-owned online lender and a related tribally owned entity were immune from suit as "arms of the Tribe."

L.      On July 29 and 31, 2019, the Parties, through counsel, engaged in extensive mediation with the assistance of the Honorable Layn R. Phillips (ret.) ("Judge Phillips"), a well-respected and highly experienced mediator, in an effort to resolve the Action.  The July 29 and 31 mediation sessions were productive but did not result in a resolution of the Action.

M.      On August 20, 2019, the AWL Defendants filed their consolidated opening appeal brief in the Fourth Circuit.  Plaintiffs filed their responsive brief in the Fourth Circuit on October

21, 2019 and the AWL Defendants filed their consolidated reply on November 21, 2019.  Briefing on the AWL Defendants' appeals is now complete.

N.      On November 8, 2019, the Parties renewed their efforts to resolve the Action and participated in an additional mediation session with Judge Phillips.  The Parties engaged in lengthy, arm's-length negotiations and reached an agreement to settle in principle.

O.      On April 16, 2020, the Parties filed a settlement agreement, ECF No. 414-1 (the "April 16 Settlement") and papers in support of Plaintiffs' motion for preliminary approval of the April 16 Settlement.  On June 26, 2020, the Court held a hearing to consider Plaintiffs' motion for preliminary approval and granted preliminary approval of the April 16 Settlement.  Thereafter, pursuant to the provisions set forth in the April 16 Settlement, Notice was provided to the Settlement Class.

P.      Following preliminary approval, the Settled Objectors filed objections to the class action settlement.

Q.      On November 4, 2020, the Court held a final approval hearing relating to the April 16 Settlement.

R.      On November 6, 2020, the Court issued an Order (ECF No. 471), denying final approval of the April 16 Settlement and referred the case for a Settlement Conference before United States District Judge David J. Novak.

S.      On December 17, 2020, the Parties and the Settled Objectors participated in a Settlement Conference with Judge Novak and reached a conceptual agreement to modify the Settlement Agreement.

T.      On January 20, 2021, the Parties and the Settled Objectors executed a Memorandum of Understanding ("MOU") confirming the modifications to the Settlement Agreement agreed to during the Settlement Conference.

U.      Pursuant to Paragraph 13 of the MOU, Plaintiffs and Defendants asked Judge Novak to resolve what they claimed were disputes arising out of the finalization of this Revised Settlement Agreement.  On March 22, 2021, Judge Novak held telephonic conferences with counsel for Plaintiffs, Defendants, and Objectors and, later that day, provided his instructions as to the disputes that were brought before him.

V.      The Parties agree that the Monetary Consideration to be paid and the Non-Monetary Benefits terms of the Settlement set forth herein were negotiated at arm's length and in good faith and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

W.      Plaintiffs believe that the claims asserted in the Action have merit and that the evidence developed to date supports the claims asserted.  However, Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through the pending appeal and trial and additional appeals.  Plaintiffs have also taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action here, as well as the difficulties and delays inherent in such litigation. Settlement Class Counsel is also mindful of the inherent issues relating to proof and the possible defenses to the claims alleged in the Action.  Based on their evaluation, Plaintiffs and Settlement Class Counsel believe that the Settlement set forth in this Settlement Agreement confers meaningful benefits on the Settlement Class and is in the best interests of Plaintiffs and the Settlement Class.  Moreover, Plaintiffs and Settlement Class Counsel believe that the additional

terms set forth in this Settlement Agreement fully address the Court's concerns with the April 16

Settlement and the direction provided by Judge Novak in the December 17 Settlement Conference.

        X.     Defendants deny all material allegations in the Complaint, the First Amended

Complaint, and the Second Amended Complaint; deny any jurisdiction in this Court save for

purposes of enforcing this Settlement Agreement; deny that this case should be litigated rather

than arbitrated; deny any fault, wrongdoing, or liability whatsoever arising out of or related to their

business practices; and affirmatively state that their practices have been lawful and proper.

Defendants deny that resolution of the merits of the Action is suitable for class treatment, and

further deny liability to Plaintiffs or to others similarly situated, including all Settlement Class

Members.  Execution of this Settlement Agreement is not, and shall not be construed as, an

admission of wrongdoing or liability by Defendants, an admission that Defendants violated any

provision of federal, state, or tribal law, or an admission that Defendants concede that class

treatment of the Action is appropriate.  Defendants further deny that their lending activity is subject

to the laws and/or regulations of any State.  Defendants affirmatively state that AWL's loans are

valid and enforceable and provide a valuable lending option for some individuals.  Furthermore,

Defendants consider the Fourth Circuit's decision in *Williams v. Big Picture Loans, LLC*, to

establish that AWL is immune from suit as an arm of the Tribe and that Curry and Sol Partners,

LLC are likewise immune from suit under the doctrines of official, qualified, and derivative

immunity.  Defendants are mindful, however, that defending the Action would require them to

expend significant time and money.  In addition, certain Defendants have asserted claims for

indemnity against AWL and/or the AWL Defendants.  Defendants therefore have decided that it

is in their best interest to resolve the Action on the terms set forth in this Settlement Agreement

and thereby avoid the further expense and inconvenience that continuing the litigation would

entail.  In the interest of securing the Court's approval of this Settlement, Defendants believe that the additional terms set forth in this Settlement Agreement fully address the Court's concerns with the April 16 Settlement and the direction provided by Judge Novak in the December 17 Settlement Conference.

Y.      The Settled Objectors believe that the additional consideration they were able to negotiate, including $21 million in cash payments paid by Defendants to class members; a release of 100% of the remaining consumer debt originated during the Class Period owned by AWL as of the December 17 Settlement Conference and purportedly owed by Class Members to AWL; the release of any unsatisfied AWL loans held by Northwood Asset Management Group, LLC (with a face value of approximately $4.8 million); and a limitation on attorney's fees and costs recoverable by Plaintiffs' counsel all materially improve the Settlement.   Settled Objectors have thus agreed that they will not object to the Settlement now presented and will not seek, encourage, or solicit any further objections to the Settlement.

Z.      This Settlement Agreement, whether or not consummated, any proceedings relating to any settlement, or any of the terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of Defendants with respect to any fact or matter alleged in the Action, or any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in any claim or defense that has or could have been asserted.  Defendants are entering into this Settlement solely to eliminate the significant burden, expense, and distraction of further litigation.  The Parties agree that nothing in this Settlement Agreement shall constitute a waiver of sovereign immunity by any AWL Defendant or the Tribe, except as specifically and expressly provided herein.

**NOW THEREFORE**, without any concession by Plaintiffs, on behalf of themselves and the Settlement Class Members, that the Action lacks merit, and without any concession by Defendants of any liability or wrongdoing or the lack of merit of any of their defenses, it is hereby **AGREED** by and between Plaintiffs, on behalf of themselves and the Settlement Class Members, Settled Objectors, Defendants, and Northwood through their undersigned counsel, subject to approval by the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure, that in consideration of the benefits flowing to the Parties, all Released Claims as against all Released Parties shall be fully, finally, and forever settled, released, discharged, and dismissed with prejudice, and without costs, as follows:

## I.   DEFINITIONS

As used in this Settlement Agreement and its exhibits, the following capitalized terms shall have the meanings set forth below.  In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)     "Action" means the civil action captioned *Solomon, et al. v. American Web Loan, Inc., et al.*, No. 4:17-cv-00145-HCM-RJK (E.D. Va.).

(b)     "AWL" means American Web Loan, Inc., AWL, Inc., or any predecessor or successor entity(ies).  AWL has also done business as "American Web Loan, Inc." and "Clear Creek Lending."

(c)     "AWL Outstanding Loans" means all Settlement Class Members' loans originated during the Settlement Class Period that AWL owned and which had an outstanding balance greater than zero dollars as of December 17, 2020.  AWL identified the AWL Outstanding Loans in the data it provided to the Settlement Administrator on March 4, 2021.

(d)      "CAFA Notice" means the notice required pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1715 et seq. ("CAFA").

(e)      "Cash Award" means a cash payment to an eligible Settlement Class Member.

(f)      "Cash Award Formula" means the formula described in Article VI, Section (c)(iii).

(g)      "Claim Form" means the document, attached as Exhibit 5 hereto, that Settlement Class Members who took out loans issued between February 10, 2010 and December 31, 2011, and for whom Defendants no longer have personally identifying information or contact information, must submit to be eligible for a cash payment from the Settlement Fund.  As approved by the Court, the Claim Form is available online at the Settlement Website.

(h)      "Court" means the United States District Court for the Eastern District of Virginia.

(i)      "Debt Cancellation Notice" means the notice (attached as Exhibit 4) to be provided within five (5) days of the Final Approval Order and Judgment becoming Final to borrowers with AWL Outstanding Loans and Northwood Owned AWL Loans informing them that their loans are being cancelled as disputed debt as of January 15, 2021.

(j)      "Digital Publication Notice" means the full digital notice that shall be posted at the Settlement Website to provide an updated notice for all Settlement Class Members who had previously received and to whom were previously provided the digital banner advertisements executed through the Google Display Network and Google AdWords/Search platforms that were used to supplement the original direct Notice to notify Settlement Class Members who took out AWL loans between February 10, 2010 and December 31, 2011 (and for whom AWL has maintained no personal identifying information or contact information) of the pendency of this Action and Settlement.  A minimum of 15 million impressions was delivered by the Settlement Class Administrator using the known contact information and demographics of the Settlement

Class, and the digital banner advertisements were targeted to Settlement Class Members and potential Settlement Class Members.  A screen print of the Digital Publication Notice as it appears on the Settlement Website is attached as Exhibit 3.

(k)     "Effective Date" means the first day on which each of the conditions specified in Section IX of this Settlement Agreement shall have occurred or been waived.

(l)     "Email Notice" means the summary of the Long Form Notice to be provided to each Settlement Class Member who took out an AWL loan between January 1, 2012 and June 26, 2020 and for whom AWL has an email address, and any Settlement Class Members who took out loans issued between February 10, 2010 and December 31, 2011 and has provided an e-mail address and/or other personal identifying information to the Settlement Class Administrator. Subject to approval of the Court, the Email Notice will be substantially in the form attached as Exhibit 1 hereto.  The Settlement Class Administrator shall send the Email Notice to Settlement Class Members in accordance with the notice procedures described in Section VI herein.

(m)     "Escrow Account" means one or more separate escrow account(s) maintained by the Escrow Agent(s) into which the Monetary Consideration will be deposited for the benefit of the Settlement Class until such time as the Monetary Consideration is transferred pursuant to the terms of this Settlement Agreement.  All funds held in the Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be disbursed pursuant to the terms of this Settlement Agreement and/or further order of the Court.  The Escrow Agent shall invest the funds in the Escrow Account in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or

11

(b) secured by instruments backed by the full faith and credit of the United States Government. Defendants and Defendants' counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent.  All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.  In the event this Settlement Agreement fails for any of the reasons identified in Section XI, below, the contents of the Escrow Account will revert to AWL and Curry, First Infinity Holdings, Inc., First CM Holdings, Inc. or First Mountain Holdings, Inc. (collectively, the "First Entities"), all wholly-owned entities of Curry that received sale proceeds from AWL, Inc. and other Tribe-owned entities in respect of interests in MacFarlane Group, Inc., Circular Movement, LLC, and American Web Loan Holdings, LLC,  in accordance with the terms of that Section.

     (n)     "Escrow Agent" means the financial institution Huntington National Bank, which shall receive and hold the Monetary Consideration under the terms of this Settlement Agreement.

     (o)     "Final" with respect to a court order, means the latest of (i) if there is an appeal from that court order, the date of final affirmance on appeal and the expiration of the time (including on a showing of excusable neglect or good cause) for any further judicial review whether by appeal, reconsideration, or a petition for a writ of certiorari and, if certiorari is granted, the date of final affirmance of the order following review under the grant; (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on certiorari to review the order; or (iii) the expiration of the time for filing or noticing of any appeal or petition for a writ of certiorari from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought).  No appeal or proceeding seeking subsequent judicial review pertaining

solely to the Court's award of attorneys' fees and reimbursement of costs shall in any way delay or affect the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

(p)  "Final Approval Hearing" means the hearing held by the Court to determine whether to enter the Final Approval Order and Judgment.

(q)  "Final Approval Order and Judgment" or "Judgment" means the Court order (i) finally approving the Settlement; and (ii) dismissing the Action with prejudice.

(r)  "Long Form Notice" means the Notice of Class Action, Proposed Settlement, Motion for Attorneys' Fees, Reimbursement of Costs, and Service Awards, and Settlement Hearing which, as approved by the Court, is substantially in the form attached as Exhibit 2 hereto, that the Settlement Class Administrator posts in downloadable form on the Settlement Website and provides to potential Settlement Class Members, upon request, in accordance with the notice procedures described in Section VI herein.

(s)  "Monetary Consideration" means the cash sum total of Eighty-Six Million Dollars ($86,000,000) of which Sixty-Five Million Dollars ($65,000,000) shall be paid by AWL and Twenty-One Million Dollars ($21,000,000) shall be the obligation of Curry and the First Entities and shall be paid by Curry or the First Entities in accordance with the terms of this Settlement Agreement, as identified in Section III(b).

(t)  "Net Monetary Consideration" means the Monetary Consideration less: (i) Court-awarded attorneys' fees, reimbursement of costs, and Service Awards; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other costs, fees, or expenses approved by the Court.

13

(u)     "Non-Monetary Benefits" means the relief to Settlement Class Members as identified in Section III(a).

(v)     "Northwood" means Northwood Asset Management Group, LLC, a debt-buyer that purchased approximately 10,900 AWL accounts with a face value of approximately $17.9 million and that has agreed (1) to cancel all such loans that remain unsatisfied by the obligor, (2) that it will not seek indemnity or other compensation related to the cancellation of such loans from a Released Party, and (3) to provide the complete Northwood Data to the Settlement Class Administrator within ten days after entry of the Preliminary Approval Order, all in return for being included as a Released Party.

(w)     "Northwood Data" means loan-level data for each unsatisfied Northwood Owned AWL Loan, including (i) consumer name, (ii) consumer address (last known mailing address); (iii) last four digits of Social Security number (or some other unique number that can be used to verify identity during administration, such as date of birth); (iv) consumer email address; and (v) amount of any payments made to Northwood.

(x)     "Northwood Owned AWL Loans" means all loans that Northwood purchased from AWL.

(y)     "Notice" means the Email Notice, the Long Form Notice, the Digital Publication Notice, the Debt Cancellation Notice and the Settlement Website.

(z)     "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing Notice to the Settlement Class and the administration of the Settlement, including but not limited to: (i) providing Notice of the proposed Settlement by electronic mail, first-class mail, digital publication, and other means to Settlement Class Members; (ii) providing CAFA Notice; (iii) determining the amount of Cash Awards to be paid to eligible

14

Settlement Class Members; (iv) notifying Settlement Class Members whose loans are being cancelled as disputed debt of such cancellation; (v) communicating with Settlement Class Members regarding the proposed Settlement and the administration process; and (vi) distributing the Net Monetary Consideration to Settlement Class Members.

(aa)    "Objection Deadline" is a date that shall be set by the Court for Settlement Class Members to return notice of their objection to this Settlement, which shall be at least forty-five (45) days after entry of the Preliminary Approval Order and at least thirty (30) days before the Final Approval Hearing.

(bb)    "Opt-Out Deadline" is a date that shall be set by the Court for Settlement Class Members to return notice of their desire to opt out of this Settlement, which will be at least forty-five (45) days after entry of the Preliminary Approval Order and at least thirty (30) days before the Final Approval Hearing.

(cc)    "Preliminary Approval Order" means the order by the Court granting preliminary approval of the Settlement Agreement substantially in the form agreed hereto as Exhibit 6.

(dd)    "Released Claims" means, for any Settlement Class Member who is sent a payment from the Settlement Fund and/or who receives debt cancellation, any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether arising under federal law, state law, common law or equity, tribal law, foreign law, territorial law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), or any other law, including Unknown Claims, whether suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order and Judgment, that relate to or arise out

of loans made by and/or in the name of AWL (including loans issued in the name of American Web Loan, Inc. or Clear Creek Lending) as of June 26, 2020 (with the exception of claims to enforce the Settlement or the Judgment).  "Released Claims" for all other Settlement Class Members means their rights to bring a class action, collective action, or mass action against Released Parties based on any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether arising under federal law, state law, common law or equity, tribal law, foreign law, territorial law, contract, rule, regulation, any regulatory promulgation (including, without limitation, any opinion or declaratory ruling), or any other law, including Unknown Claims, whether suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order and Judgment, that relate to or arise out of loans made by and/or in the name of AWL (including loans issued in the name of American Web Loan, Inc. or Clear Creek Lending) as of June 26, 2020 (with the exception of claims to enforce the Settlement or the Judgment).

(ee)   "Released Parties" means all Defendants, all entities owned in whole or in part by Curry or other Curry-owned entities, RS LLC, Northwood and for each of the foregoing current and former officers, directors, managers, employees, affiliates, consultants, vendors, attorneys, creditors, accountants, insurers, and shareholders, and the Otoe-Missouria Tribe of Indians and its current and former Tribal Officials.  With the exception of Northwood, Released Parties do not include assignees of AWL loans, such as debt buyers; brokers that arranged the sale of loans to debt buyers; or credit reporting agencies to whom AWL has reported tradelines.

(ff)   "Releasing Plaintiffs" means each and all of the Plaintiffs, Settlement Class

Counsel, and each and every Settlement Class Member.

(gg)    "Service Award" shall have the meaning ascribed to it in Section IV.

(hh)    "Settled Objectors" means Diana Butler, Charles P. McDaniel, Patrick Selig, Quincey Jean Cunningham, William Farley, Brooke Herrington, Lakeita Kemp and Adam Sublett.

(ii)    "Settled Objectors' Counsel" means Consumer Litigation Associates, P.C., Kelly Guzzo PLC, Langer Grogan & Diver PC, The Sarrett Law Firm PLLC, Bordas & Bordas, PLLC, and Mountain State Justice, Inc.

(jj)    "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Settlement Agreement.

(kk)    "Settlement Agreement" means this Revised Settlement Agreement, including any exhibits or attachments hereto.

(ll)    "Settlement Class" means all persons within the United States to whom AWL lent money during the Settlement Class Period.

(mm)    "Settlement Class Administrator" means A.B, Data, Ltd. ("A.B. Data"), the neutral third party selected by Settlement Class Counsel that will, subject to Court approval, administer the settlement of claims by the Settlement Class and effectuate Notice and otherwise administer the Settlement.

(nn)    "Settlement Class Counsel" means the law firms of Berman Tabacco, Gravel & Shea, P.C., and MichieHamlett, PLLC.

(oo)    "Settlement Class List" means the list of Settlement Class Members that AWL provided to the Settlement Class Administrator on December 27, 2019 which was updated to include data for any additional Settlement Class Members between December 27, 2019 and the date the original preliminary approval order was entered, i.e., June 26, 2020, and the list of

17

consumers included in the Northwood Data.

(pp)    "Settlement Class Members" means those persons who are members of the Settlement Class, and who did not timely and validly request exclusion from the Settlement Class.

(qq)    "Settlement Class Period" means the period from February 10, 2010 to June 26, 2020.

(rr)    "Settlement Class Representatives" means Plaintiffs Royce Solomon, Jodi Belleci, Michael Littlejohn, and Giulianna Lomaglio.

(ss)    "Settlement Fund" means the Monetary Consideration deposited in the Escrow Account.

(tt)    "Taxes" means all (i) taxes on any income earned on the Monetary Consideration; (ii) taxes imposed on payments of the Monetary Consideration, including withholding taxes; and (iii) reasonable expenses and costs incurred in connection with the taxation of the Monetary Consideration (including, without limitation, interest, penalties, and the reasonable expenses of tax attorneys and accountants).

(uu)    "Tribal Officials" means any past or present officials of the Otoe-Missouria Tribal Council and/or any employees of the Tribe.

(vv)    "Unknown Claims" means any and all Released Claims that Plaintiffs and/or any other Settlement Class Member does not know or suspect to exist in her, his, or its favor at the time of the release of the Released Parties, which if known by him, her, or it might have affected her, his, or its decision(s) with respect to the Settlement, including the decision to seek exclusion from or object to the Settlement.

## II.    CERTIFICATION OF THE SETTLEMENT CLASS

(a)     Plaintiffs shall seek, and neither the Defendants nor the Settled Objectors shall oppose, the certification, for settlement purposes only, of the Settlement Class under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.  If the Settlement Agreement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in this Action.  No agreements made by or entered into by Defendants in connection with the Settlement Agreement may be used by Plaintiffs, any person in the Settlement Class or any other person to establish any of the elements of liability or class certification in any litigated certification proceedings, whether in the Action or any other judicial proceeding.

(b)     For settlement purposes only, Plaintiffs shall also seek, and neither Defendants nor Settled Objectors shall oppose, the appointment of Settlement Class Counsel and the appointment of Plaintiffs to serve as Settlement Class Representatives, to represent the Settlement Class.

**III.     SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS**

(a)     <u>Non-Monetary Benefits</u>:  With respect to AWL's lending operations, the AWL Defendants agree to do the following on or before the entry of the Final Approval Order and Judgment, unless otherwise stated below:

i.     Curry shall leave the business of AWL in all managerial and operational capacities on or before December 28, 2020.

ii.     Curry shall resign from his positions as CEO and Director of AWL on or before the date of the Preliminary Approval Order.

iii.     AWL shall request that the credit reporting agency Clarity Services delete any tradelines that AWL has reported or is currently reporting that regard any AWL Outstanding Loan owned by AWL.  AWL represents that Clarity Services is the only credit reporting agency to which

it furnished data for the AWL Outstanding Loans. Northwood shall request that any consumer reporting agency to which it has furnished tradeline information delete any tradelines that Northwood has reported or is currently reporting that regard any Northwood Owned AWL Loans. The Parties understand and agree that AWL and Northwood have no control or authority over any third-party consumer reporting agency.

   iv. AWL Defendants shall not sell personal identifying information obtained from Settlement Class Members during the Settlement Class Period to third parties other than the Settlement Administrator.

   v. AWL agrees to include the following terms in its loan agreements:

    (1) AWL shall comply with applicable federal laws;

    (2) The arbitration provisions shall not include a waiver of applicable federal law;

    (3) AWL shall disclose the full interest rate expressed as an annual percentage rate, the total amount of finance charges (including the total amount of interest due on the loan), and the loan payment schedule; and

    (4) AWL shall not condition loans to borrowers on a borrower's authorization to use electronic fund transfers to withdraw loan payments automatically from the borrower's bank account.

  (b) In addition to the Non-Monetary Benefits set forth above, in consideration of the releases, covenants, and other agreements set forth in this Settlement Agreement, AWL shall:

   i. Cancel (as disputed debt) and release all claims that relate to or arise out of the AWL Outstanding Loans.  AWL Outstanding Loans were reduced to a zero balance and are no longer subject to collection as of January 15, 2021.  Settlement Class Members with an AWL Outstanding Loan shall receive the "Debt Cancellation Notice", attached as Exhibit 4 to the Settlement Agreement, notifying them that their AWL loan is being cancelled as a disputed debt and they are released from any and all obligations relating to their AWL loan.

      ii.    Pay Sixty-Five Million Dollars ($65,000,000) into the Escrow Account as follows:

      (1)    Twenty-Eight Million Dollars ($28,000,000) within five business days of entry of the Preliminary Approval Order;

      (2)    Ten Million Dollars ($10,000,000) by September 1, 2020;

      (3)    Thirteen Million Dollars ($13,000,000) by December 30, 2020; and

      (4)    Fourteen Million Dollars ($14,000,000) by April 30, 2021.

(c)    Any of Curry or the First Entities shall deposit Twenty-One Million Dollars ($21,000,000) into the Escrow Account by August 31, 2021.  Curry and the First Entities agree that they shall not seek indemnification from AWL in connection with any portion of the Monetary Consideration, nor shall they seek to claw back any portion of the Monetary Consideration.

(d)    Northwood shall cancel (as disputed debt) and release all claims that relate to or arise out of the unsatisfied Northwood Owned AWL Loans.  Settlement Class Members with an unsatisfied Northwood Owned AWL Loan shall receive the "Debt Cancellation Notice", attached as Exhibit 4 to the Settlement Agreement, notifying them that their Northwood Owned AWL loan is being cancelled as a disputed debt and they are released from any and all obligations relating to their Northwood Owned AWL loan.

(e)    Other than the Monetary Consideration, Defendants and Northwood shall owe no additional monies of any kind under this Settlement Agreement.

## IV.    PAYMENT OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

(a)    Defendants and Settled Objectors agree not to object to Settlement Class Counsel's request for an award of fees and costs of Sixteen Million Dollars ($16,000,000) to be paid from the Monetary Consideration.  Any award of attorneys' fees and costs shall be paid to Settlement

Class Counsel on the Effective Date from the Escrow Account.  No interest will accrue on any award of attorneys' fees or costs at any time.

(b)     Plaintiffs, Settlement Class Counsel and Defendants agree not to object to Settled Objectors' Counsel's request for an award of fees and costs of Two Million Five Hundred Thousand Dollars ($2,500,000), which shall be separate from any fee award to Settlement Class Counsel and payable on the Effective Date from the Escrow Account.  The first $500,000 of any fee received by Consumer Litigation Associates, P.C. and/or Kelly Guzzo PLC will be paid to the foodbank, Feed More.  Any remaining fee received by Consumer Litigation Associates, P.C. and/or Kelly Guzzo PLC will be donated to the GMU Foundation for the school's undergraduate debate program.  Consumer Litigation Associates, P.C. and/or Kelly Guzzo PLC agreed that they will not seek payment or reimbursement, directly or indirectly, of any fees allocated to other Settled Objectors' Counsel.

(c)     Defendants agree not to oppose or object to Plaintiffs' or Settled Objectors' request for Service Awards from the Monetary Consideration, provided such awards do not exceed $7,500 to each of the Settlement Class Representatives or $5,000 to each of the Settled Objectors.  The Parties recognize and agree that the Service Award to Settlement Class Representatives and Settled Objectors is solely to compensate them for work done on behalf of the Settlement Class.  The Service Awards will be paid upon the Effective Date.  Each Settlement Class Representative's and Objector's damages as alleged in the Action will be compensated on a pro rata basis and on the same payment formula as all Settlement Class Members.

(d)     With the sole exception of AWL and Curry or the First Entities causing the payment of the Monetary Consideration into the Escrow Account as provided for in Sections III(b) and (c), Defendants shall have no responsibility for, shall take no position with respect to, and have no

liability whatsoever with respect to, any payment whatsoever to Settlement Class Counsel in the Action that may occur at any time.  The sole source of any payment of attorneys' fees shall be the Monetary Consideration deposited into the Escrow Account.

(e)      Defendants shall have no responsibility for, and no liability whatsoever with respect to, any allocation of attorneys' fees or litigation expenses between Settlement Class Counsel or any allocation of attorneys' fees between Objectors' Counsel in this Action.

(f)      The payment of attorneys' fees, costs, and any Service Awards are subject to and dependent upon the Court's approval of the Settlement Agreement as fair, reasonable, adequate, and in the best interests of Settlement Class Members.  However, this Settlement Agreement is not dependent or conditioned upon the Court's approving Plaintiffs' or Settlement Class Counsel's requests for such payments or awarding the particular amounts sought.  In the event the Court declines Plaintiffs' or Settlement Class Counsel's requests or awards less than the amounts sought, this Settlement Agreement shall continue to be effective and enforceable by the Parties.

## V.      <u>PRELIMINARY APPROVAL</u>

(a)      Plaintiffs will move the Court for entry of the Preliminary Approval Order. Pursuant to the motion for preliminary approval, Plaintiffs will request that:

i.      the Court certify the Settlement Class for settlement purposes only, appoint Plaintiffs as the Settlement Class Representatives for settlement purposes only, and appoint Settlement Class Counsel as counsel for the Settlement Class for settlement purposes only;

ii.      the Court preliminarily approve the Settlement Agreement as fair, adequate and reasonable, and within the reasonable range of possible final approval;

        iii.    the Court approve the form of Notice and find that the notice program set forth constitutes the best notice practicable under the circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

        iv.    the Court set the date and time for the Final Approval Hearing, which may be continued by the Court from time to time without the necessity of further notice; and,

        v.    the Court set the Objection Deadline and the Opt-Out Deadline.

(b)    Other than actions taken for purposes of effectuating this Settlement Agreement, the Parties agree to stay the Action and any related appeals, including the pending appeal before the Fourth Circuit, *Solomon, et al. v. American Web Loan, et al.*, Nos. 19-1258(L), 19-1267, within ten (10) days of the filing of the motion for preliminary approval.

## VI.    ADMINISTRATION AND NOTIFICATION PROCESS

(a)    Subject to Court approval, Plaintiffs have selected A.B. Data to serve as Settlement Class Administrator, who shall be responsible for all matters relating to notice and administration of this Settlement.

(b)    The Settlement Class Administrator's responsibilities shall include, but are not limited to, giving notice pursuant to the Notice program; obtaining new addresses for returned mail; setting up and maintaining the Settlement Website, www.AWLSettlement.com, a toll-free telephone number with Spanish-language telephone support; initiating and administering the Digital Publication Notice component of the Notice program; fielding inquiries about the Settlement; receiving and processing claims submitted by Settlement Class Members whose AWL loans were issued between February 10, 2010 and December 31, 2011; implementing distribution of the Cash Awards to Settlement Class Members in accordance with the Court's order(s); notifying Settlement Class Members whose loans are being cancelled as disputed debt of such

cancellation using the Debt Cancellation Notice; maintaining records of all its activities relating to Notice and Administration of this Settlement; and any other tasks reasonably required to effectuate the foregoing.  Before the Effective Date, without further Order of the Court, up to Three Hundred Fifty Thousand Dollars ($350,000) of the Monetary Consideration may be transferred from the Escrow Account to the Settlement Class Administrator to pay Notice and Administration Expenses actually and reasonably incurred by the Settlement Class Administrator.  The cost of the new settlement notice shall be reimbursed by Settlement Class Counsel from any attorney's fee they are awarded.

(c)      The Settlement Class Administrator, at the direction of Settlement Class Counsel, shall make an initial distribution of payments to Settlement Class Members eligible to receive a Cash Award within thirty (30) days of the Effective Date.  The Settlement Class Administrator shall not make any distributions to Settlement Class Members who made a timely request to exclude themselves from the Settlement Class.  The Settlement Class Administrator shall issue the Debt Cancellation Notice within thirty (30) days of the Effective Date.

i.      Settlement Class Members whose loans were issued between January 1, 2012 and the date the Preliminary Approval Order is entered shall automatically receive a cash payment based on the formula ("Cash Award Formula") set forth in the following subparagraph. Notwithstanding the foregoing, distributions to a Settlement Class Member shall not exceed the amount paid in excess of the principal on his or her AWL loan(s).

ii.      Cash Award Formula.   The Settlement Administrator shall, for each Settlement Class Member eligible to receive a Cash Award, determine a "base damages" amount and distribute the Net Monetary Consideration by paying each Settlement Class Member a pro rata share determined by the Cash Award Formula set forth herein.  The base damages calculation shall

be derived from loan-by-loan data, excluding any loan for which payments did not exceed the amount of the loan. In addition, Settlement Class Members shall be classified by their state of residence at the time their loan was made, in accordance with the following categories:

Tier One: Tier One states are ones where Plaintiffs and Objectors agree that state law (a) treats the collection of principal on allegedly illegal loans as unlawful, as well as the collection of interest on such loans, and/or (b) provides strong remedies that exceed those available under RICO. Tier One states include: Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, District of Columbia, Georgia, Indiana, Kansas, Kentucky, Maryland, Massachusetts, Minnesota, Mississippi, Montana, New Hampshire, North Carolina, Ohio, Oregon, South Carolina, South Dakota, Texas, Vermont, Virginia, West Virginia, and Wyoming. Settlement Class Members who resided in a Tier One state shall have their base damages determined by the amount of interest paid above the original loan amount, plus one half (1/2) of the principal paid on their loan, except for the District of Columbia, where, in accordance with the law there, only one quarter (1/4) of the principal shall be included.

Tier Two: Tier Two states are Delaware, Florida, Hawaii, Idaho, Illinois, Iowa, Louisiana, Maine, Michigan, Missouri, Nebraska, New Jersey, New Mexico, New York, North Dakota, Oklahoma, Pennsylvania, Rhode Island, Tennessee, Washington, and Wisconsin. Settlement Class Members who resided in a Tier Two state shall have their base damages determined by the amount of interest paid above the original loan amount.

Tier Three. Tier Three states are ones where Plaintiffs and Objectors agree that, under the law of such states, there is neither an interest rate ceiling nor licensing requirement for small consumer loans like those involved here. Tier Three states include Nevada and Utah. Settlement Class Members who resided in a Tier Three state shall not receive a Cash Award.

iii.   With respect to Settlement Class Members whose AWL loans were issued between February 10, 2010 and December 31, 2011, and for whom Defendants have maintained no personal identifying information, contact information or other information, Settlement Class Members must demonstrate their status as a Settlement Class Member and entitlement to a cash payment in accordance with the Cash Award Formula.  To receive a cash payment, a Settlement Class Member whose loan was issued between February 10, 2010 and December 31, 2011 must submit to the Settlement Class Administrator: (1) a completed and signed Claim Form; and (2)

one of the following forms documenting that he or she received an AWL loan: (a) a copy of the original loan agreement; (b) a copy of a bank statement evidencing the receipt of an AWL loan or a withdrawal made in connection with such loan; or (c) an email from AWL indicating that the borrower's loan application was approved and that funds were to be released to him or her. Settlement Class Members meeting these requirements shall be presumed to have a base damage amount of $150 each under the Cash Award Formula above unless the Settlement Class Member produces proof of the principal and payment amounts sufficient to establish an actual base damage amount under the Cash Award Formula above.

        iv.    Any unclaimed distributions to such Settlement Class Members shall be distributed in additional distribution(s) to Settlement Class Members who accepted or elected to receive a *pro rata* payment amount (*e.g.*, cashed their checks or otherwise opted for alternative electronic funds distribution in a manner to be provided by the Settlement Class Administrator). Redistributions of available funds shall continue, at the sole discretion of the Settlement Class Administrator, in consultation with Settlement Class Counsel, until such time as the Settlement Class Administrator believes that further distributions would not be economically feasible.  In cases where a Settlement Class Member opts to receive payment by a mailed paper check, the Settlement Class Administrator shall not be required to make a *pro rata* distribution in an amount less than Ten Dollars ($10.00).

        v.    Any Net Monetary Consideration balance that remains after distributions to Settlement Class Members (until further distributions are no longer economically feasible), payment of Notice and Administration Expenses, Taxes, attorneys' fees and costs, and Service Awards, if any, shall be contributed to the Central Virginia Legal Aid Society, a non-sectarian,

not-for-profit charitable organization serving the public interest, without further approval of the Court.

        (d)    The Settlement Class Administrator shall take reasonable steps to avoid unnecessary duplication of notice and administration between the work previously performed in the prior settlement and this Settlement.  Invoices for notice costs to be paid by Settlement Class Counsel and the costs to be paid by the Settlement Class shall be provided to all Parties and the Settled Objectors.  On December 27, 2019, AWL provided the following information concerning the Settlement Class to the Settlement Class Administrator, to the extent available:  (i) consumer name, (ii) consumer address (last known mailing address); (iii) last four digits of Social Security number (or some other unique number that can be used to verify identity during administration, such as date of birth); and (iv) consumer email address.  On March 3, 2020, AWL provided the following loan level data to the Settlement Class Administrator, to the extent available:  (i) date of loan agreement; (ii) loan number; (iii) principal amount; (iv) interest rate; (v) duration of loan (per loan agreement); (vi) duration of loan (actual); (vii) amount of principal and interest paid; (viii) amount of interest paid; (ix) amount of any fees paid separate from interest; (x) loan status/collection indicator (paid in full, repayment, sent to collection); and (xi) date loan charged off.  (In the alternative to items (v) and (vi) in the preceding sentence, AWL may provide the date on which the loan was funded and the date on which the loan was repaid.)   On March 4, 2021, AWL provided updated data for the Settlement Class Members sufficient to calculate base damages under the Cash Award Formula, not including payments made by Settlement Class Members to Northwood.  AWL will provide available data to the Settlement Class Administrator identifying the debt buyer to whom AWL sold a loan after January 1, 2018.  Within ten (10) days of Preliminary Approval, Northwood will provide the Northwood Data to the Settlement Class

Administrator. The Settlement Class Administrator has executed a confidentiality agreement in a form acceptable to all Parties that requires the Settlement Class Administrator to maintain the data above as confidential and use such information only for the purposes of effectuating this Settlement. AWL consents to Settlement Class Counsel and Settled Objectors' Counsel receiving access to this data in anonymized and aggregated form solely for purposes of effectuating this Settlement. AWL also consents to Settlement Class Counsel receiving access to certain data as may be appropriate and necessary for purposes of auditing the data to confirm its accuracy. AWL further consents to Settlement Class Counsel receiving data for individual Settlement Class Members as may be appropriate and necessary for purposes of responding to inquiries from those individual Settlement Class Members. Settlement Class Counsel and Settled Objectors' Counsel are precluded from using any data provided by AWL regarding Settlement Class Members for any other purpose.

(e)       Subject to approval by the Court, Notice will be provided to all persons in the Settlement Class in accordance with the notice procedures approved by the Court. The forms of Email Notice, Long Form Notice, Digital Publication Notice, and Debt Cancellation Notice are attached hereto as Exhibits 1, 2, 3, and 4, respectively. Notice will be sent in accordance with Fed. R. Civ. P. 23(c) in the manner approved by the Court by a combination of Email Notice to email addresses provided by AWL and verified after the date of Preliminary Approval by the Settlement Administrator and/or mailing of the Long Form Notice via first-class mail, postage prepaid to each Settlement Class Member who requested a copy of the Long Form Notice by U.S. Mail or whose email address could not be verified or otherwise precluded delivery of the Email Notice, and electronic publication consistent with the Digital Publication Notice program described above. The Settlement Class Administrator will use best practices to identify current email and/or mailing

addresses of Settlement Class Members.  The Settlement Class Administrator also established a case specific Settlement Website (described below) at which copies of the Long Form Notice are available for download and where a potential Settlement Class Member may request hard copies of the Notice.  The Settlement Class Administrator will attempt to locate alternate addresses for any returned mail or email, and promptly re-mail the Settlement Class Notice.

(f)     The Settlement Class Administrator created and maintains a website that was activated within seven (7) days following entry of the Preliminary Approval Order (the "Settlement Website").  The Settlement Website posts the Settlement Agreement, the Long Form Notice, the Preliminary Approval Order, the proposed Final Approval Order and Judgment, and any court order setting a date and time for the Final Approval Hearing, and any other information required by the Court.  Any information appearing on the Settlement Website in addition to the above-listed documents and upcoming court deadlines shall be subject to approval of the Parties and the Settled Objectors. The Settlement Website includes a portal through which a Settlement Class Member can determine if he or she is eligible to receive a Cash Award or is among those whose loans are being cancelled as disputed debt, and if the Settlement Class Member's loan has been sold to a debt buyer, the identity of the debt buyer to the extent available.  For any Settlement Class Member whose loan is not being cancelled, the portal will include language advising them that they retain their rights against the debt buyers who purchased their loans if the debt buyer continues to try to collect on the loan, and that they may want to obtain legal advice. This language will be accompanied by instructions by which the Settlement Class Member can either e-mail or call the Settlement Class Administrator stating that he or she would like to obtain legal advice in connection with their loan.  The Settlement Class Administrator shall send a weekly report of any such messages to Settlement Class Counsel, Settled Objectors' Counsel, and counsel for AWL

Defendants. Settled Objectors' Counsel may contact Settlement Class Members identified on the report who are seeking legal advice to answer any questions regarding such loans. Settled Objectors' Counsel shall not receive any additional compensation for responding to these questions beyond any fee awarded by the Court pursuant to this Settlement. Neither Settlement Class Counsel nor Settled Objectors' Counsel shall use this process to solicit any consumer for any claim against a Released Party. That portal will be available at least fourteen (14) days prior to the Objection Date and the Opt-Out Deadline and remain open until 180 days after the Effective Date. The Settlement Website shall offer a Spanish-language translation option. The Settlement Website has the standalone domain www.AWLSettlement.com. For Settlement Class Members whose loans pre-date January 1, 2012, the Settlement Website will provide a mechanism for submission of a completed Claim Form and supporting documentation establishing that the Settlement Class Member obtained an American Web Loan or Clear Creek Lending loan between February 10, 2010 and December 31, 2011. Any claim previously submitted shall be accepted and registered as a claim made within this Settlement. The Settlement Website shall be taken down within ninety (90) days of the last payment to a Settlement Class Member.

(g)     All costs of Notice and administration of the Settlement Agreement shall be paid from the Monetary Consideration unless otherwise required to be paid by Settlement Class Counsel.

(h)     The Settlement Class Administrator will assist Defendants' counsel in preparing the CAFA Notice and will serve those materials within ten (10) days of the filing of the motion for preliminary approval, in conformance with the time limitations set forth in 28 U.S.C. § 1715(b). The costs of the CAFA notice shall be paid from the Escrow Account.

(i)      No later than twenty-one (21) calendar days prior to the Final Approval Hearing, the Settlement Class Administrator will provide to Settlement Class Counsel for filing with the Court an affidavit or a declaration stating that the Notice and CAFA Notice required by the Settlement Agreement had been completed in accordance with the terms of the Preliminary Approval Order.

## VII.      OPT-OUTS AND OBJECTIONS

(a)      Any member of the Settlement Class who wishes to exclude herself or himself from the Settlement Class must advise the Settlement Class Administrator in writing of that intent, and the opt-out request must be postmarked no later than the Opt-Out Deadline.  The Settlement Class Administrator will provide counsel to the Parties with copies of all opt-out requests it receives in weekly status reports to the Parties and provided a list of all Settlement Class Members who timely and validly opt out of the Settlement in its declaration filed with the Court concurrent with Settlement Class Counsel's motion for final approval of the Settlement.  The Settlement Class Administrator's declaration shall include the names of persons who have excluded themselves from the Settlement, and not include their addresses or any other personal identifying information. Settlement Class Members who do not properly and timely submit an opt-out request will be bound by this Agreement and the judgment, including the releases.

i.      In a written request for exclusion, the Settlement Class Member will be required to state his or her full name, address, email address, and telephone number.  The Settlement Class Member must also include a statement in the written request that he or she wishes to be excluded from the Settlement Agreement in this Action.  The request must be signed by the Settlement Class Member.

ii.      Any member of the Settlement Class who submits a valid and timely request

for exclusion will not be a Settlement Class Member and shall not be bound by the terms of this

Settlement Agreement.

        iii.      "Mass" or "class" opt-outs filed by third parties on behalf of a "mass" or

"class" of Settlement Class Members will not be valid.  Each opt-out request must be submitted

on an individual basis.

        (b)      Any Settlement Class Member who intends to object to this Settlement Agreement

and/or to Settlement Class Counsel's or Settled Objector's Counsel's application for attorneys'

fees, reimbursement of costs, or Service Awards to Settlement Class Representatives or to Settled

Objectors will be required to file with the Court a written objection signed by the Settlement Class

Member by the Objection Deadline.

        (c)      For an objection to be considered by the Court, the objection must include the

following:

        i.      the Settlement Class Member's full name, address, email address, and

telephone number;

        ii.      an explanation of the basis upon which the Objector claims to be a

Settlement Class Member;

        iii.      the reasons for his or her objection, accompanied by any legal or factual

support for the objection;

        iv.      the name of counsel for the Objector (if any), including any former or

current counsel who may seek compensation for any reason related to the objection to the

Settlement, the attorneys' fees application, the reimbursement of costs application, or the

application for Service Awards;

33

v.     the case name and civil action number of any other objections the Objector or his or her counsel have made in other class action cases in the last four (4) years; and

vi.     whether the Objector intended to appear at the Final Approval Hearing on his or her own behalf or through counsel.  Counsel for any Objector must enter a Notice of Appearance no later than fourteen (14) days before the Final Approval Hearing.

(d)     Upon receipt of any objection, if any Party believes that discovery is appropriate as to a particular Objection, that Party shall file a Motion no longer than three (3) pages without any separate brief and shall attach the discovery so requested.  Such Motion shall be served upon the subject Objector.  That Objector and any Party shall respond to that Motion with no longer than three (3) pages in opposition, within five days of the filing of the Motion.

(e)     A Settlement Class Member may not both opt out of the Settlement and object.  If a Settlement Class Member submits both a request for exclusion and objection, the request for exclusion will control.  A Settlement Class Member who opts out of the Settlement may not object to the fairness of this Settlement Agreement.  A Settlement Class Member who objects to the Settlement may withdraw that objection.  A Settlement Class Member who opts out of the Settlement Agreement may opt back in so long as the opt-in request is received prior to the Opt-Out Deadline.

(f)     Any Settlement Class Member who does not make an objection in the time and manner set forth herein shall be deemed to have waived any objections and be forever foreclosed from making any objection to the fairness or adequacy of the Settlement, including but not limited to the compensation to Settlement Class Members, the award of attorneys' fees and reimbursement of costs, the Service Awards, or the Final Approval Order and Judgment.

(g)     Only Objections filed in the Court shall be considered as Objections.

(h)     Subject to the requirements set forth in Paragraph VII.(a)(3), any filing by a Settlement Class member that expressly states that he or she opts out or does not want to be or remain part of the Settlement shall be deemed to have opted out of the Settlement, regardless of whether the words "object" or "objection" are contained within the filing.

(i)     Any Settlement Class Member who timely and properly objects may appear at the Final Approval Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Settlement Agreement or the Settlement.

## VIII.     FINAL APPROVAL ORDER AND JUDGMENT

(a)     Plaintiffs shall file a renewed motion for Final Approval of the Settlement with this Settlement Agreement attached as an exhibit to the renewed motion.  Plaintiffs' renewed motion for Final Approval of the Settlement shall also attach a proposed Final Approval Order and Judgment.

(b)     The proposed Final Approval Order and Judgment shall:

a.     approve this Settlement Agreement without modification (except insofar as the Parties have agreed to such modification) as fair, reasonable and adequate to the Settlement Class and direct its consummation according to its terms;

b.     find that the form and manner of notice implemented pursuant to this Settlement Agreement constitutes the best notice practicable under the circumstances; constitutes notice that is reasonably calculated, under the circumstances, to apprise the members of the Settlement Class of the pendency of Plaintiffs' claims, the terms of the proposed Settlement, the right to object to or exclude themselves from the proposed Settlement, and the right to appear at the Final Approval Hearing; constitutes due, adequate, and sufficient notice to all persons entitled

35

to receive notice; and meets the requirements of due process, and the applicable rules of civil procedure;

        c.    find that all members of the Settlement Class (except those who have properly excluded themselves) shall be bound by this Settlement Agreement, including the release provisions and covenant not to sue;

        d.    direct that upon the Effective Date, judgment be entered immediately dismissing the Action with prejudice;

        e.    incorporate the release and covenant not to sue set forth in the Settlement Agreement, and forever bar any claims or liabilities related to any Released Claims;

        f.    approve payment of the Service Awards and Attorneys' Fees and Costs; and

        g.    retain jurisdiction solely of matters relating to the interpretation, administration, implementation, and enforcement of this Settlement Agreement.

## IX.     EFFECTIVE DATE OF SETTLEMENT

(a)    The Effective Date of this Settlement shall be the first day on which all of the following shall have occurred or been waived:

    i.   Payment in full of the Monetary Consideration into the Escrow Account;

    ii.   Final Approval by the Court of the Settlement, following Notice to the Settlement Class and the Final Approval Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

    iii.   A Judgment, which shall be substantially in the form of the Final Approval Order and Judgment, has been entered by the Court and has become Final; and

    iv.   Expiration of the time for Plaintiffs and the AWL Defendants to exercise their termination rights.

(b)     Once all of the events listed in Paragraph IX(a) have occurred, the Parties will jointly file a "Notice of Effective Date" with the Court, identifying the Effective Date.

(c)     Not later than five (5) business days after the Effective Date, the AWL Defendants shall dismiss their pending appeals, consolidated as *Solomon, et al. v. American Web Loan, et al.*, Nos. 19-1258(L), 19-1267 (4th Cir.), as moot.

(d)     Not later than five (5) business days after the Effective Date, the West Virginia Objector shall dismiss, with prejudice, their action, styled *Charles P. McDaniel v. Mark Curry et al.*, Case No. 5:20-cv-257, pending in the U.S. District Court for the Northern District of West Virginia.

(e)     Not later than five (5) business days after the Effective Date, the Pennsylvania Objector shall dismiss, with prejudice, her action, styled *Diana Butler v. Market View, LLC, d/b/a Debt Trader, Northwood Management Group, LLC et al.*, Case No. 5:21-cv-00424, pending in the U.S. District Court for the Eastern District of Pennsylvania, solely as against Northwood.

## X.     <u>RELEASE OF CLAIMS AND COVENANT NOT TO SUE</u>

(a)     As of the Effective Date, Releasing Plaintiffs shall be deemed to have fully, finally and forever released and discharged the Released Parties from the Released Claims.

(b)     With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Releasing Plaintiffs shall expressly have, and by operation of the Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of

37

executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and each Settlement Class Member understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiffs and each Settlement Class Member acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement Agreement, but that they release fully, finally, and forever all Released Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such additional or different facts. Plaintiffs and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

(c)     Plaintiffs and each Settlement Class Member further covenant and agree that they will not sue or bring any action or cause of action, including by way of third-party claim, crossclaim, or counterclaim, against any of the Released Parties in respect of any of the Released Claims; they will not initiate or participate in bringing or pursuing any class action against any of the Released Parties in respect of any of the Released Claims; if involuntarily included in any such class action, they will use their best efforts to withdraw therefrom; and they will not assist any third party in initiating or pursuing a class action suit in respect of any of the Released Claims.

(d)     As of the Effective Date, Medley, on the one hand, and Curry and AWL, on the other hand, on behalf of themselves, their agents, employees, officers, parents, affiliates, subsidiaries, predecessors, successors, attorneys, members, managers, managing members, directors, shareholders, advisers, heirs, relatives, kin, assigns, and other representatives, in their

38

respective capacity as such, hereby release and forever discharge each other and their agents, employees, officers, parents, affiliates, subsidiaries, predecessors, successors, attorneys, members, managers, managing members, directors, shareholders, advisers, heirs, relatives, kin, assigns, and other representatives from all actions, causes of action, suits, debts, dues, sums of money, agreements, contracts, judgments, extensions, claims, proceedings, and demands whatsoever, in law or equity, whether before a court or any other body or otherwise, whether now known or unknown, suspected or unsuspected, that currently exist, could have arisen, or could arise between them, from the beginning of time through and including the Effective Date.  Medley specifically agrees that it shall not be entitled to any indemnification from the AWL Defendants or any other entity owned in whole or in part by Curry or other Curry-owned entities on and after the Effective Date.  Medley further covenants and agrees that it shall not sue or bring any action or cause of action, including by way of third-party claim, crossclaim, or counterclaim, against any of the Released Parties in respect of any of the Released Claims on or after the Effective Date.

(e)      Northwood, on behalf of itself, its agents, employees, officers, parents, affiliates, subsidiaries, predecessors, successors, attorneys, members, managers, managing members, directors, shareholders, advisers, heirs, relatives, kin, assigns, and other representatives, in their respective capacity as such, hereby release and forever discharge each Released Party and their agents, employees, officers, parents, affiliates, subsidiaries, predecessors, successors, attorneys, members, managers, managing members, directors, shareholders, advisers, heirs, relatives, kin, assigns, and other representatives from all actions, causes of action, suits, debts, dues, sums of money, agreements, contracts, judgments, extensions, claims, proceedings, and demands whatsoever, in law or equity, whether before a court or any other body or otherwise, whether now known or unknown, suspected or unsuspected, that currently exist, could have arisen, or could

arise with respect to the unsatisfied Northwood Owned AWL Loans.  Northwood specifically agrees that it is not entitled to any indemnification or contribution from a Released Party with respect to the Northwood Owned AWL Loans.  Northwood further covenants and agrees that it shall not sue or bring any action or cause of action, including by way of third-party claim, crossclaim, or counterclaim, against any Released Party in respect of any of the Northwood Owned AWL Loans on or after the Effective Date.

(f)    The releases set forth in this section may be raised as a complete defense and bar to any action or demand brought in contravention of this Settlement Agreement.

(g)    It is expressly understood and acknowledged by the Parties that the release and covenant not to sue set forth in this section together constitute essential and material terms of the Settlement Agreement to be included in the proposed Final Approval Order and Judgment.

## XI.    RIGHT TO TERMINATE THE SETTLEMENT

(a)    Any Party shall each individually have the right to terminate the Settlement and this Settlement Agreement by providing written notice of his, her, or its election to do so ("Termination Notice"), through counsel, to all other Parties hereto within fourteen (14) calendar days of any of the following occurrences:

i.    the Court declines to grant Final Approval of the Settlement, or the Court (or any other court) requires material modifications of the Settlement Agreement, and the Parties do not jointly agree to accept the Settlement Agreement as judicially modified or are unable to jointly agree to modify the Settlement Agreement for resubmission to the Court for approval;

ii.    AWL does not pay, or cause to be paid, its portion of the Monetary Consideration required to be paid as set forth above within the period required;

iii.     Curry or the First Entities do not pay, or cause to be paid, their portion of

the Monetary Consideration required to be paid as set forth above within the period required; or

iv.     any other grounds for termination provided for elsewhere in this Settlement

Agreement occur.

(b)     If any Party terminates this Settlement Agreement, the Settlement Agreement shall

be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice,

to their respective positions as if this Settlement Agreement had never been executed, and any

orders entered by the Court in connection with this Settlement Agreement shall be vacated.

(c)     If the Settlement is terminated or not approved by the Court, the Effective Date

does not occur, or the Settlement otherwise fails for any reason:

i.     The Monetary Consideration (including the accrued interest thereon), less

any Notice and Administration Expenses actually incurred or paid, and less any Taxes paid or due

or owing, shall be refunded to AWL and Curry or the First Entities in accordance with instructions

provided by AWL and Curry or the First Entities to Settlement Class Counsel no later than five

(5) business days after the Settlement is terminated, the Settlement is not approved by the Court,

the Effective Date does not occur, or the Settlement otherwise fails for any reason;

ii.     The Parties agree to work collaboratively to effectuate this Settlement.   If

for some reason it is not possible to do so, the Parties will work together in good faith to modify

the terms herein as necessary to effectuate the Settlement Agreement.   In the event the Court

disapproves or sets aside this Settlement Agreement or any material part hereof for any reason,

then the Parties will either jointly agree to accept the Settlement Agreement as judicially modified

or engage in negotiations in an effort to jointly agree to modify the Settlement Agreement for

resubmission to the Court for approval.   The Parties may agree by stipulation executed by counsel

41

to modifications of the Exhibits to this Settlement Agreement to effectuate the purpose of this Settlement Agreement and/or to conform to guidance from the Court with regard to the contents of such Exhibits without need for further amendment of this Settlement Agreement.  Any such stipulation shall be filed with the Court.

## XII. <u>USE AND TAX TREATMENT OF THE MONETARY CONSIDERATION</u>

(a)     The Monetary Consideration shall be applied as follows and only as follows:  (i) to pay any attorneys' fees, reimbursement of costs, and Service Awards awarded by the Court; (ii) to pay Notice and Administration Expenses; (iii) to pay any Taxes; (iv) to pay any other costs, fees, or expenses approved by the Court; and (v) to pay the Net Monetary Consideration to eligible Settlement Class Members.

(b)     All funds held in the Escrow Account shall be deemed to be in the custody of the Court until the Effective Date.  After that date, the funds in the Escrow Account shall belong to the beneficiaries of the Settlement, for the payment of attorney's fees and costs, taxes, for payment of notice and administration and funding of cash payments to Settlement Class Members.   Such funds shall not escheat and shall remain subject to the jurisdiction of the Court until such time as the funds shall be disbursed or returned, pursuant to the terms of this Settlement Agreement, or further Order of the Court.

(c)     The Parties agree that the Escrow Account is intended to be maintained as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1.  Settlement Class Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this Paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such election shall be made in

42

compliance with the procedures and requirements contained in such regulations.  It shall be the sole responsibility of Settlement Class Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to occur.

        i.      For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B promulgated thereunder, the "administrator" shall be Settlement Class Counsel, who shall be responsible for timely and properly filing, or causing to be filed, all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)).  Those tax returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of those funds as provided in subparagraph (b) of this Paragraph.

        ii.      All Taxes shall be paid by the Escrow Agent out of the Settlement Fund.

        iii.      Taxes shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by the Escrow Agent out of the Net Monetary Consideration without prior order from the Court, and the Escrow Agent and the Settlement Class Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to eligible Settlement Class Members any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(1)(2)).

iv.     Settlement Class Members shall provide any and all information that the Settlement Class Administrator may reasonably require or that is required by applicable law regarding Taxes and filings and reporting for Taxes, before any distributions are made to Settlement Class Members as contemplated hereby, and the Settlement Class Administrator may, without liability to the Settlement Class Members, delay those distributions unless and until such information is provided in the form required by the Settlement Class Administrator.  The Settlement Class Administrator shall take all reasonable steps to minimize the disclosure and submission burden on Settlement Class Members.

## XIII.  MISCELLANEOUS

(a)     This Settlement Agreement and the exhibits hereto constitute the entire agreement between the Parties to resolve the Action.  Any previous agreements or memoranda between the Parties regarding settlement of the Action are superseded by this Settlement Agreement.  No representations, warranties or inducements have been made by any of the Parties regarding settlement of the Action, other than those representations, warranties, and covenants contained in this Settlement Agreement.

(b)     None of this Settlement Agreement, any document prepared in connection with the Settlement, or any negotiations, statements and proceedings in connection with the Settlement may be cited or used in any way in any proceeding as an admission by any Defendant, Released Party, or Plaintiff, including any admission as to the propriety of class treatment, except that any and all provisions of the Settlement Agreement may be admitted into evidence and otherwise used in a proceeding to enforce any or all terms of the Settlement Agreement, or in defense of any claims released or barred by this Settlement Agreement.

(c)     No Party or counsel for a Party shall issue or cause to be issued any press release

or other media statement regarding the Settlement.  This provision is not intended to limit communications between Settlement Class Counsel with any client, Settlement Class Member, or other person involved in this case.  Nor is this provision intended to limit communications by AWL with its employees or shareholders, or by the Tribe with its members.

(d)     No Party or counsel for a Party shall make or cause to be made any disparaging remarks or derogatory statements concerning any other Party or counsel for any other Party.

(e)     Settlement Class Counsel, Plaintiffs, Settled Objectors, and Settled Objectors' Counsel agree to destroy all materials produced by any Defendant in the Action within sixty (60) days of the Effective Date pursuant to the Stipulated Protective Order dated September 19, 2018 (ECF No. 194).

(f)     This Settlement Agreement shall be governed by the laws of the Commonwealth of Virginia, except to the extent that federal law requires that federal law govern.  By agreeing to this provision, Defendants do not consent to the application of Virginia law in any other context.

(g)     Each of AWL and Curry and the First Entities warrants as to themselves that as of the date of this Settlement Agreement that, as to the Monetary Consideration payments to be made pursuant to this Settlement Agreement, neither AWL nor Curry and the First Entities is insolvent nor will the payments required to be made under this Settlement Agreement render AWL or Curry and the First Entities insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code.

(h)     For the limited purpose only of enforcing this Settlement Agreement by Settlement Class Members, the AWL Defendants make a limited waiver of their sovereign immunity from suit.  Except as expressly set forth herein, nothing contained in this Settlement Agreement shall be construed as a waiver of any rights or privileges belonging to AWL, the Tribe, or each of their

current, past and future Tribal Council members, affiliates, subsidiaries, parents, insurers; and all of their respective directors, officers, general and limited partners, shareholders, managers, representatives, employees, members, agents, attorneys, accountants, successors, assigns, and representatives, including sovereign immunity from judicial process, all of which are otherwise reserved.  Nothing contained herein shall be construed as a waiver of the sovereign immunity of the Tribe.

       (i)     The Court shall retain continuing and exclusive jurisdiction over the Parties to this Settlement Agreement, including the Plaintiffs and all Settlement Class Members, for the express and limited purposes of the administration and enforcement of this Settlement Agreement.  As part of its agreement to render services in connection with this Settlement Agreement, the Settlement Class Administrator shall also consent to the jurisdiction of the Court for this purpose.

       (j)     This Settlement Agreement was drafted jointly by the Parties, in construing and interpreting this Settlement Agreement, no provision of this Settlement Agreement shall be construed or interpreted against any Party based upon the contention that this Settlement Agreement or a portion of it was purportedly drafted or prepared by that Party.

       (k)     The Parties shall cooperate in good faith in the administration of this Settlement Agreement and agree to use their best efforts to promptly execute all documents, seek and defend Court approval of this Settlement Agreement, and to do all other things reasonably necessary to complete and effectuate the Settlement described in this Settlement Agreement.

       (l)     This Settlement Agreement may be signed in counterparts, and the separate signature pages executed on behalf of the Parties by their counsel may be combined to create a document binding on all Parties and together shall constitute one and the same instrument.  Original signatures are not required.  Any signature submitted by facsimile or as a .pdf file by

email shall be deemed an original.

(m)     The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

(n)     Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Settlement Agreement.

(o)     This Settlement Agreement may not be amended, modified, altered, or otherwise changed in any manner, except by a writing signed by a duly authorized agent of each of the Parties and approved by the Court.

(p)     If any disputes arise out of the finalization of the settlement documentation or the Settlement itself prior to submission to the Court for final approval of the Settlement, those disputes will be mediated by Judge Novak.

(q)     Each Party acknowledges, agrees, and specifically warrants that he, she, or it has received independent legal advice with respect to the advisability of entering into this Settlement Agreement and the Releases, the legal effects of this Settlement Agreement and the Releases, and fully understands the effect of this Settlement Agreement and the Releases.

(r)     The Parties, and each of them, acknowledge, warrant, represent, and agree that in executing and delivering this Settlement Agreement, through their counsel, they do so freely, knowingly, and voluntarily, that they had an opportunity to and did discuss its terms and their implications with legal counsel, that they are fully aware of the contents and effect of this settlement, and that such execution and delivery is not the result of any fraud, duress, mistake, or undue influence whatsoever.

(s)     This Settlement Agreement shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Parties.

(t)     Except as otherwise provided herein, each Party shall bear its own costs.

(u)     Unless otherwise stated herein, any notice to Settlement Class Counsel or Defendants required or provided for under this Settlement Agreement shall be in writing and sent by electronic mail, fax, hand delivery, or overnight mail postage prepaid to:

If to Settlement Class Counsel:

Kathleen M. Donovan-Maher
Steven J. Buttacavoli
BERMAN TABACCO
One Liberty Square
Boston, MA  02109
Telephone: (617) 542-8300
Fax: (617) 542-1194
Email: kdonovanmaher@bermantabacco.com
Email: sbuttacavoli@bermantabacco.com
Email: sgroopman@bermantabacco.com

Matthew B. Byrne
GRAVEL & SHEA, P.C.
76 St. Paul Street, 7th Floor
P.O. Box 369
Burlington, VT  05401
Telephone: (802) 658-0220
Fax: (802) 658-1456
Email: mbyrne@gravelshea.com

David Thomas
MICHIEHAMLETT, PLLC
310 4th Street, NE
P.O. Box 298
Charlottesville, VA  22902
Telephone: (434) 951-7224
Fax: (434) 951-7244
Email: dthomas@michiehamlett.com

If to counsel for Defendants AWL and Red Stone, Inc.:

Thomas L. Strickland
Jonathan E. Paikin
Molly M. Jennings
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.

48

Washington, D.C. 20006
Telephone: (202) 663-6000
Fax: (202) 663-6363
Email: thomas.strickland@wilmerhale.com
Email: jonathan.paikin@wilmerhale.com
Email: molly.jennings@wilmerhale.com

Saba Bazzazieh
Robert A. Rosette
ROSETTE, LLP
1100 H Street, N.W., Suite 820
Washington, D.C. 20005
Telephone: (202) 567-2941
Fax: (202) 525-5261
Email: sbazzazieh@rosettelaw.com
Email: rosette@rosettelaw.com

Charles K. Seyfarth
Elizabeth Scott Turner
O'HAGAN MEYER
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Telephone: (804) 403-7137
Fax: (804) 403-7110
Email: cseyfarth@ohaganmeyer.com
Email: eturner@ohaganmeyer.com

If to counsel for Defendants Mark Curry and Sol Partners, LLC:

Rob Cary
Simon Latcovich
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Fax: (202) 434-5029
Email: rcary@wc.com
Email: slatcovich@wc.com

If to counsel for Defendants Medley Opportunity Fund II, LP; Medley Capital Corporation; Medley Management, Inc.; Medley Group, LLC; Brook Taube; and Seth Taube:

Christopher Ondeck
PROSKAUER ROSE LLP

1001 Pennsylvania Avenue N.W.
Suite 600 South
Washington, D.C.  20004
Telephone: (202) 416-6800
Fax: (202) 416-6899
Email: condeck@proskauer.com

Timothy Mungovan
William Dalsen
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110
Telephone: (617) 526-9600
Fax: (617) 526-9899
Email: tmungovan@proskauer.com
Email: wdalsen@proskauer.com

If to counsel for Defendant Middlemarch Partners, LLC and Middlemarch Securities, LLC:

Matthew Fedor
FAEGRE DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey  07932
Telephone: (973) 549-7000
Fax: (973) 670-9831
Email: matthew.fedor@faegredrinker.com

If to counsel for Northwood Asset Management Group, LLC:

Brendan H. Little
LIPPES MATHIAS WEXLER FRIEDMAN LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
Telephone: (716) 853-5100
Fax: (716) 853-5199
Email: blittle@lippes.com

If to Settled Objectors' Counsel:

Leonard A. Bennett
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Fax: (757) 930-3662

Email: lenbennett@clalegal.com

Irv Ackelsberg
John J. Grogan
LANGER GROGAN & DIVER PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Telephone: (215) 320-5660
Fax: (215) 320-5703
Email: iackelsberg@langergrogan.com

Jason E. Causey
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV 26003
Telephone: (304) 242-8410
Fax: (304) 242-3936
Email: jason@bordaslaw.com

Drew D. Sarrett
THE SARRETT LAW FIRM PLLC
8100 Three Chopt Road, Suite 203
Richmond, Virginia 23229
Telephone: (804) 303-1951
Fax: (804) 250-6005
Email: drew@sarrettlawfirm.com

Bren J. Pomponio
MOUNTAIN STATE JUSTICE, INC.
1217 Quarrier Street
Charleston, WV 25301
Telephone: (304) 344-3144
Fax: (304) 344-3145
Email: bren@msjlaw.org

The notice recipients and addresses designated above may be changed by written notice.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement Agreement to

be executed, by their duly authorized attorneys, as of March 31, 2021.

Dated: Mar 31, 2021                    Plaintiff Royce Solomon

                                       *Royce W Solomon*
                                       Royce W Solomon (Mar 31, 2021 07:34 EDT)

Dated: _____             Plaintiff Jodi Belleci

                                       _____

Dated: _____             Plaintiff Michael Littlejohn

                                       _____

Dated: _____             Plaintiff Giulianna Lomaglio

                                       _____

Dated: _____             Defendant AWL, Inc.

                                       _____

Dated: _____             Defendant Red Stone, Inc. (successor-in-
                                       interest to Macfarlane Group, Inc.)

                                       _____

Dated: _____             Defendant Mark Curry

                                       _____

Dated: _____             Defendant Sol Partners, LLC

                                       _____

Dated: _____          Plaintiff Royce Solomon


Dated: Mar 30, 2021
      _____          Plaintiff Jodi Belleci

                                   _____
                                   *Jodi Theye*
                                   Jodi Theye (Mar 30, 2021 21:40 CDT)

Dated: _____          Plaintiff Michael Littlejohn

                                   _____

Dated: _____          Plaintiff Giulianna Lomaglio

                                   _____

Dated: _____          Defendant AWL, Inc.

                                   _____

Dated: _____          Defendant Red Stone, Inc. (successor-in-
                                   interest to Macfarlane Group, Inc.)

                                   _____

Dated: _____          Defendant Mark Curry

                                   _____

Dated: _____          Defendant Sol Partners, LLC

                                   _____

52

Dated: _____          Plaintiff Royce Solomon


                                  _____

Dated: _____          Plaintiff Jodi Belleci


                                  _____

Dated:  Mar 31, 2021              Plaintiff Michael Littlejohn
      _____

                                  _____
                                  Michael S Littlejohn (Mar 31, 2021 00:01 EDT)

Dated: _____          Plaintiff Giulianna Lomaglio


                                  _____

Dated: _____          Defendant AWL, Inc.


                                  _____

Dated: _____          Defendant Red Stone, Inc. (successor-in-
                                  interest to Macfarlane Group, Inc.)


                                  _____

Dated: _____          Defendant Mark Curry


                                  _____

Dated: _____          Defendant Sol Partners, LLC


                                  _____

Dated: _____          Plaintiff Royce Solomon

                                        _____

Dated: _____          Plaintiff Jodi Belleci

                                        _____

Dated: _____          Plaintiff Michael Littlejohn

                                        _____

Dated: Mar 30, 2021                     Plaintiff Giulianna Lomaglio

                                        _____
                                        Giulianna LoMaglio (Mar 30, 2021 17:50 PDT)

Dated: _____          Defendant AWL, Inc.

                                        _____

Dated: _____          Defendant Red Stone, Inc. (successor-in-
                                        interest to Macfarlane Group, Inc.)

                                        _____

Dated: _____          Defendant Mark Curry

                                        _____

Dated: _____          Defendant Sol Partners, LLC

                                        _____

Dated: _____      Plaintiff Royce Solomon

 

_____

Dated: _____      Plaintiff Jodi Belleci

 

_____

Dated: _____      Plaintiff Michael Littlejohn

 

_____

Dated: _____      Plaintiff Giulianna Lomaglio

 

_____

Dated: _03/31/2021_____      Defendant AWL, Inc.

*DocuSigned by:*
*John Shotton*
9F736DAA18D646F...

Dated: _03/31/2021_____      Defendant Red Stone, Inc. (successor-in-interest to Macfarlane Group, Inc.)

*DocuSigned by:*
*John Shotton*
9F736DAA18D646F...

Dated: _____      Defendant Mark Curry

 

_____

Dated: _____      Defendant Sol Partners, LLC

 

_____

52

Dated: _____    Plaintiff Royce Solomon

                                _____

Dated: _____    Plaintiff Jodi Belleci

                                _____

Dated: _____    Plaintiff Michael Littlejohn

                                _____

Dated: Mar 30, 2021             Plaintiff Giulianna Lomaglio

                                _____
                                Giulianna LoMaglio (Mar 30, 2021 17:50 PDT)

Dated: _____    Defendant AWL, Inc.

                                _____

Dated: _____    Defendant Red Stone, Inc. (successor-in-
                                interest to Macfarlane Group, Inc.)

                                _____

Dated: 3/31/2021                Defendant Mark Curry

                                _____

Dated: 3/31/2021                Defendant Sol Partners, LLC

                                _____

Dated: _____3/31/2021_____          First Infinity Holdings, Inc., First CM
                                         Holdings, Inc., and First Mountain
                                         Holdings, Inc.


Dated: _____          Defendant Medley Opportunity Fund II, LP


_____

Dated: _____          Defendant Medley Capital Corporation


_____

Dated: _____          Defendant Medley Management, Inc.


_____

Dated: _____          Defendant Medley Group, LLC


_____

Dated: _____          Defendant Brook Taube


_____

Dated: _____          Defendant Seth Taube


_____

Dated: _____          Defendant Middlemarch Partners, LLC


_____

Dated: _____          First Infinity Holdings, Inc., First CM
                                    Holdings, Inc., and First Mountain
                                    Holdings, Inc.


                                    _____

Dated: _____          Defendant Medley Opportunity Fund II, LP


                                    _____

Dated:   3/31/21                    Defendant Medley Capital Corporation
                                    (n/k/a PhenixFIN Corporation)

                                    _____
                                    David Lorber, CEO

Dated: _____          Defendant Medley Management, Inc.


                                    _____

Dated: _____          Defendant Medley Group, LLC


                                    _____

Dated: _____          Defendant Brook Taube


                                    _____

Dated: _____          Defendant Seth Taube


                                    _____

Dated: _____          Defendant Middlemarch Partners, LLC


                                    _____

Dated:  March 31, 2021         Defendant Medley Opportunity Fund II, LP
By: MOF II Management LLC, Its
Authorized Representative

By:

Brook Taube, Manager

Dated:  March 31, 2021         Defendant Medley Management, Inc.

Brook Taube, CEO

Dated:  March 31, 2021         Defendant Medley Group, LLC

Brook Taube, Authorized Representative

Dated:  March 31, 2021         Defendant Brook Taube

Dated:  March 31, 2021         Defendant Seth Taube

Dated: _____     First Infinity Holdings, Inc., First CM
                               Holdings, Inc., and First Mountain
                               Holdings, Inc.


                               _____

Dated: _____     Defendant Medley Opportunity Fund II, LP


                               _____

Dated: _____     Defendant Medley Capital Corporation


                               _____

Dated: _____     Defendant Medley Management, Inc.


                               _____

Dated: _____     Defendant Medley Group, LLC


                               _____

Dated: _____     Defendant Brook Taube


                               _____

Dated: _____     Defendant Seth Taube


                               _____

Dated: ___March 31, 2021___    Defendant Middlemarch Partners, LLC

                               _____

Dated:   March 31, 2021          Defendant Middlemarch Securities, LLC

Dated: _____          Northwood Asset Management Group, LLC

_____

Dated: _____          Objector Patrick Selig

_____

Dated: _____          Objector Quincey Jean Cunningham

_____

Dated: _____          Objector William Farley

_____

Dated: _____          Objector Brooke Harrington

_____

Dated: _____          Objector Lakeita Kemp

_____

Dated: _____          Objector Adam Sublett

_____

Dated: _____          Objector Diana Butler

_____

54

Dated: _____          Defendant Middlemarch Securities, LLC


                                  _____

Dated: _3/31/21_____          Northwood Asset Management Group, LLC

                                  _____

Dated: _____          Objector Patrick Selig


                                  _____

Dated: _____          Objector Quincey Jean Cunningham


                                  _____

Dated: _____          Objector William Farley


                                  _____

Dated: _____          Objector Brooke Harrington


                                  _____

Dated: _____          Objector Lakeita Kemp


                                  _____

Dated: _____          Objector Adam Sublett


                                  _____

Dated: _____          Objector Diana Butler


                                  _____

Dated: _____   Defendant Middlemarch Securities, LLC

_____

Dated: _____   Northwood Asset Management Group, LLC

_____

Dated: _____   Objector Patrick Selig

_____

Dated: _____   Objector Quincey Jean Cunningham

_____

Dated: _____   Objector William Farley

_____

Dated: _____   Objector Brooke Harrington

_____

Dated: _____   Objector Lakeita Kemp

_____

Dated: _____   Objector Adam Sublett

_____

Dated: _____   Objector Diana Butler

_____

Dated: _____          Defendant Middlemarch Securities, LLC

                                   _____

Dated: _____          Northwood Asset Management Group, LLC

                                   _____

Dated: _____          Objector Patrick Selig

                                   _____

Dated: _____          Objector Quincey Jean Cunningham

                                   _____

Dated: _____          Objector William Farley

                                   _____

Dated: _____          Objector Brooke Harrington

                                   _____

Dated: _____          Objector Lakeita Kemp

                                   _____

Dated: _____          Objector Adam Sublett

                                   _____

Dated: 3/31/21                     Objector Diana Butler

                                   _Diana Butler_

54

Dated: _3.31-21_

Objector Charles P. McDaniel

_Charles P. McDaniel_

Dated:  March 31, 2021

**MICHIE HAMLETT**

David W. Thomas
310 4th Street, NE
P.O. Box 298
Charlottesville, VA 22902
Telephone: (434) 951-7200
Fax: (434) 951-7218
Email: dthomas@michiehamlett.com

*Counsel for the Plaintiffs and the Settlement Class*

**BERMAN TABACCO**

Kathleen M. Donovan-Maher (*pro hac vice*)
Norman Berman (*pro hac vice*)
Steven J. Buttacavoli (*pro hac vice*)
One Liberty Square
Boston, MA  02109
Telephone: (617) 542-8300
Fax: (617) 542-1194
Email: kdonovanmaher@bermantabacco.com
        nberman@bemantabacco.com
        sbuttacavoli@bermantabacco.com
        sgroopman@bermantabacco.com

*Counsel for the Plaintiffs and the Settlement Class*

**GRAVEL & SHEA PC**

Matthew B. Byrne (*pro hac vice*)
76 St. Paul Street, 7th Floor
P.O. Box 369
Burlington, VT  05402-0369
Telephone: (802) 658-0220
Fax: (802) 658-1456
Email: mbyrne@gravelshea.com

*Counsel for the Plaintiffs and the Settlement Class*

**WILMER CUTLER PICKERING HALE & DORR, LLP**

Thomas L. Strickland
Jonathan E. Paikin
Molly M. Jennings
1875 Pennsylvania Avenue, N.W.
Washington. D.C.  20006
Telephone: (202) 663-6000
Fax: (202) 663-6363
thomas.strickland@wilmerhale.com
jonathan.paikin@wilmerhale.com
molly.jennings@wilmerhale.com

*Counsel for Defendant AWL, Inc. and Red Stone, Inc.*

**ROSETTE, LLP**

Saba Bazzazieh
Robert A. Rosette
1100 H Street N.W., Suite 820
Washington, D.C.  20005
Telephone: (202) 567-2941
Fax: (202) 525-5261
sbazzazieh@rosettelaw.com
rosette@rosettelaw.com

*Counsel for Defendant AWL, Inc. and Red Stone, Inc.*

**WILMER CUTLER PICKERING HALE & DORR, LLP**

Thomas L. Strickland
Jonathan E. Paikin
Molly M. Jennings
1875 Pennsylvania Avenue, N.W.
Washington. D.C. 20006
Telephone: (202) 663-6000
Fax: (202) 663-6363
thomas.strickland@wilmerhale.com
jonathan.paikin@wilmerhale.com
molly.jennings@wilmerhale.com

*Counsel for Defendant AWL, Inc. and Red Stone, Inc.*

**ROSETTE, LLP**

Saba Bazzazieh
Robert A. Rosette
1100 H Street N.W., Suite 820
Washington, D.C. 20005
Telephone: (202) 567-2941
Fax: (202) 525-5261
sbazzazieh@rosettelaw.com
rosette@rosettelaw.com

*Counsel for Defendant AWL, Inc. and Red Stone, Inc.*

**O'HAGAN MEYER**

Charles K. Seyfarth
Elizabeth Scott Turner
411 East Franklin Street, Suite 500
Richmond, VA 23219
Telephone: (804) 403-7137
Fax: (804) 403-7110

*Counsel for Defendant AWL, Inc. and Red Stone, Inc.*

**WILLIAMS & CONNOLLY LLP**

Robert M. Cary
Simon A. Latcovich
725 Twelfth Street N.W.
Washington, D.C. 20005
Telephone: (202) 434-5952
Fax: (202) 434-5029
rcary@wc.com
slatcovich@wc.com

*Counsel for Defendants Mark Curry and Sol Partners, LLC*

**PROSKAUER ROSE LLP**

Christopher E. Ondeck
1001 Pennsylvania Avenue N.W.
Suite 600 South
Washington, D.C. 20004
Telephone: (202) 416-6800
Fax: (202) 416-6899
condeck@proskauer.com

58

**O'HAGAN MEYER**

_____

Charles K. Seyfarth
Elizabeth Scott Turner
411 East Franklin Street, Suite 500
Richmond, VA  23219
Telephone: (804) 403-7137
Fax: (804) 403-7110

*Counsel for Defendant AWL, Inc. and Red Stone, Inc.*

**WILLIAMS & CONNOLLY LLP**

_____

Robert M. Cary
Simon A. Latcovich
725 Twelfth Street N.W.
Washington, D.C.  20005
Telephone: (202) 434-5952
Fax: (202) 434-5029
rcary@wc.com
slatcovich@wc.com

*Counsel for Defendants Mark Curry and Sol Partners, LLC*

**PROSKAUER ROSE LLP**

_____

Christopher E. Ondeck
1001 Pennsylvania Avenue N.W.
Suite 600 South
Washington, D.C.  20004
Telephone: (202) 416-6800
Fax: (202) 416-6899
condeck@proskauer.com

**O'HAGAN MEYER**

_____

Charles K. Seyfarth
Elizabeth Scott Turner
411 East Franklin Street, Suite 500
Richmond, VA 23219
Telephone: (804) 403-7137
Fax: (804) 403-7110

*Counsel for Defendant AWL, Inc. and Red Stone, Inc.*

**WILLIAMS & CONNOLLY LLP**

_____

Robert M. Cary
Simon A. Latcovich
725 Twelfth Street N.W.
Washington, D.C. 20005
Telephone: (202) 434-5952
Fax: (202) 434-5029
rcary@wc.com
slatcovich@wc.com

*Counsel for Defendants Mark Curry and Sol Partners, LLC*

**PROSKAUER ROSE LLP**

_____

Christopher E. Ondeck
1001 Pennsylvania Avenue N.W.
Suite 600 South
Washington, D.C. 20004
Telephone: (202) 416-6800
Fax: (202) 416-6899
condeck@proskauer.com

Timothy W. Mungovan
William D. Dalsen
One International Place
Boston, MA  02110
Telephone: (617) 526-9600
Fax: (617) 526-9899
tmungovan@proskauer.com
wdalsen@proskauer.com

*Counsel for Defendants Medley Opportunity Fund
II, LP; Medley Capital Corporation; Medley
Management, Inc.; Medley Group, LLC; Brook
Taube; and Seth Taube*

**FAEGRE DRINKER BIDDLE & REATH LLP**

_____
Matthew J. Fedor
600 Campus Drive
Florham Park, New Jersey 07932
Telephone: (973) 549-7000
Fax: (973) 670-9831
matthew.fedor@faegredrinker.com

*Counsel for Defendants Middlemarch Partners,
LLC and Middlemarch Securities, LLC*

**LIPPES MATHIAS WEXLER FRIEDMAN
LLP**


_____
Brendan H. Little
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
Telephone: (716) 853-5100
Fax: (716) 853-5199
Email: blittle@lippes.com

*Counsel for Northwood Asset Management Group,
LLC*

59

Timothy W. Mungovan
William D. Dalsen
One International Place
Boston, MA  02110
Telephone: (617) 526-9600
Fax: (617) 526-9899
tmungovan@proskauer.com
wdalsen@proskauer.com

*Counsel for Defendants Medley Opportunity Fund
II, LP; Medley Capital Corporation; Medley
Management, Inc.; Medley Group, LLC; Brook
Taube; and Seth Taube*

**FAEGRE DRINKER BIDDLE & REATH LLP**

_____

Matthew J. Fedor
600 Campus Drive
Florham Park, New Jersey 07932
Telephone: (973) 549-7000
Fax: (973) 670-9831
matthew.fedor@faegredrinker.com

*Counsel for Defendants Middlemarch Partners,
LLC and Middlemarch Securities, LLC*

**LIPPES MATHIAS WEXLER FRIEDMAN
LLP**

_____

Brendan H. Little
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
Telephone: (716) 853-5100
Fax: (716) 853-5199
Email: blittle@lippes.com

*Counsel for Northwood Asset Management Group,
LLC*

59

**CONSUMER LITIGATION ASSOCIATES, P.C.**


_/s/ Leonard Bennett_
Leonard A. Bennett
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Fax: (757) 930-3662
Email: lenbennett@clalegal.com

_Counsel for Settled Objectors_

**LANGER GROGAN & DIVER PC**


Irv Ackelsberg
John J. Grogan
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Telephone: (215) 320-5660
Fax: (215) 320-5703
Email: iackelsberg@langergrogan.com

_Counsel for Settled Objectors_

**BORDAS & BORDAS, PLLC**


Jason E. Causey
1358 National Road
Wheeling, WV 26003
Telephone: (304) 242-8410
Fax: (304) 242-3936
Email: jason@bordaslaw.com

_Counsel for Settled Objectors_

60

**CONSUMER LITIGATION ASSOCIATES, P.C.**


_____

Leonard A. Bennett
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Fax: (757) 930-3662
Email: lenbennett@clalegal.com

*Counsel for Settled Objectors*

**LANGER GROGAN & DIVER PC**


Irv Ackelsberg   Digitally signed by Irv Ackelsberg
                 DN: cn=Irv Ackelsberg, o=Langer Grogan & Diver,
                 ou, email=iackelsberg@langergrogan.com, c=US
                 Date: 2021.03.31 19:24:34 -04'00'
_____

Irv Ackelsberg
John J. Grogan
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Telephone: (215) 320-5660
Fax: (215) 320-5703
Email: iackelsberg@langergrogan.com

*Counsel for Settled Objectors*

**BORDAS & BORDAS, PLLC**


_____

Jason E. Causey
1358 National Road
Wheeling, WV 26003
Telephone: (304) 242-8410
Fax: (304) 242-3936
Email: jason@bordaslaw.com

*Counsel for Settled Objectors*

**CONSUMER LITIGATION ASSOCIATES, P.C.**

Leonard A. Bennett
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Fax: (757) 930-3662
Email: lenbennett@clalegal.com

*Counsel for Settled Objectors*

**LANGER GROGAN & DIVER PC**

Irv Ackelsberg
John J. Grogan
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Telephone: (215) 320-5660
Fax: (215) 320-5703
Email: iackelsberg@langergrogan.com

*Counsel for Settled Objectors*

**BORDAS & BORDAS, PLLC**

Jason E. Causey
1358 National Road
Wheeling, WV 26003
Telephone: (304) 242-8410
Fax: (304) 242-3936
Email: jason@bordaslaw.com

*Counsel for Settled Objectors*

60

**THE SARRETT LAW FIRM PLLC**

*Drew D. Sarrett*

Drew D. Sarrett
8100 Three Chopt Road, Suite 203
Richmond, Virginia 23229
Telephone: (804) 303-1951
Fax: (804) 250-6005
Email: drew@sarrettlawfirm.com

*Counsel for Settled Objectors*

**MOUNTAIN STATE JUSTICE, INC.**

Bren J. Pomponio
1217 Quarrier Street
Charleston, WV 25301
Telephone: (304) 344-3144
Fax: (304) 344-3145
Email: bren@msjlaw.org

*Counsel for Settled Objectors*

**THE SARRETT LAW FIRM PLLC**

_____

Drew D. Sarrett
8100 Three Chopt Road, Suite 203
Richmond, Virginia 23229
Telephone: (804) 303-1951
Fax: (804) 250-6005
Email: drew@sarrettlawfirm.com

*Counsel for Settled Objectors*


**MOUNTAIN STATE JUSTICE, INC.**


_____

Bren J. Pomponio
1217 Quarrier Street
Charleston, WV 25301
Telephone: (304) 344-3144
Fax: (304) 344-3145
Email: bren@msjlaw.org

*Counsel for Settled Objectors*

# Exhibit 1

**If You Obtained a Loan from American Web Loan, AWL, or Clear Creek Lending from January 1, 2012 to June 26, 2020, You Could Get a Cash Payment from a Settlement and/or Cancellation of Your Loan**

**Read this Notice carefully. Although you were sent an earlier notice about this Settlement, the terms of the Settlement have changed.**

*A federal court ordered this notice. This is not a solicitation from a lawyer.*

### NEW NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
### *Solomon, et al. v. American Web Loan, Inc., et al*. No. 4:17-cv-0145-HCM-RJK

**Why did I receive this Notice?**  According to records maintained by the lenders American Web Loan, Inc., its successor, AWL, Inc., and Clear Creek Lending (a former d/b/a of American Web Loan, Inc.) (collectively "AWL"), you took out a loan from AWL between January 1, 2012 and June 26, 2020.

**What is this lawsuit about?**  The lawsuit claimed that AWL made loans at interest rates greater than what is permitted by state law, that AWL did not have a license to lend in any state, that AWL did not adequately disclose the interest rates, total finance charges, or repayment periods, and that AWL improperly conditioned its loans on the use of electronic fund transfers. Defendants deny all allegations in the lawsuit.

**Why am I receiving a second notice?**  When a settlement of this case was proposed last summer (2020), certain class members objected to the settlement.  A new settlement was reached. Because some of the settlement terms have changed, you are entitled to a new notice of settlement.

**What are the settlement benefits?**  The Settlement provides for cash payments totaling $86,000,000 and the cancellation of certain loan obligations covered by the settlement. Whether you receive a cash recovery and the amount of any recovery will depend on how much you paid on your AWL loan and the state in which you resided at the time you took out a loan.  You will receive a cash recovery only if you paid back more than you received on your loan.

All open loans held by AWL and any loans AWL sold to a company named Northwood Asset Management, LLC that are unsatisfied will be canceled.

If your loan was sold to a debt collector other than Northwood, you can obtain free legal advice with regard to that loan. The website contains further information, including whether your loan is canceled; if not, who owns the loan; and how to request help regarding any collection calls or letters.

**Update your e-mail address to ensure you Receive a Cash Payment or Loan Cancellation if you are eligible.**  Payments and/or notice of loan cancellation will be sent automatically to this email address.  If your email address changes or you have another email address where you prefer your payment and/or other settlement-related communications to be sent, please visit www.AWLSettlement.com and follow the instructions to securely login to the Class Member portal to update your email address.  If you took out another AWL loan between February 10, 2010 and December 31, 2011, you may be entitled to an additional recovery.  See www.AWLSettlement.com for more information.

1

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **FOR LOANS ISSUED FROM JANUARY 1, 2012 TO JUNE 26, 2020**<br><br>**IF YOU DO NOTHING** | You will remain a member of the Settlement Class and may be eligible for benefits, including automatic cash payments depending on how much you have paid on your loan and whether it is cancelled by this Settlement.<br><br>Cash refunds will be paid to you based on how much you paid and your state of residence.<br><br>If your loan still has a balance and is still owned by AWL, then it will be cancelled and you do not need to pay it.<br><br>If you receive a cash payment or a cancelled loan, you will give up rights to ever sue the Defendants and others about the legal claims that are in the lawsuit. You do not give up those rights if you do not receive a cash payment or cancelled loan.<br><br>If your loan is held by Northwood, a debt collector, it will be cancelled and you do not need to pay it.<br><br>If your loan was sold to a third part debt collector other than Northwood, the loan is not cancelled, but you will have the right to legal assistance about that loan. |
| **FOR LOANS ISSUED FROM FEBRUARY 10, 2010 TO DECEMBER 31, 2011,**<br><br>**YOU MUST SUBMIT A CLAIM FORM TO RECEIVE PAYMENT** | If your AWL loan was taken out before January 1, 2012, you must submit a Claim Form and supporting documentation by_____. THIS IS THE ONLY WAY TO GET A PAYMENT RELATED TO ANY LOANS TAKEN OUT BEFORE JANUARY 1, 2012. |
| **YOU MAY EXCLUDE YOURSELF** | You can opt out of the Settlement and you will not be eligible for any benefits, including any cash payments. This is the only option that allows you to keep any rights you have to bring, or to become part of, another lawsuit involving the claims being settled. There is no guarantee that another lawsuit would be successful or would lead to a larger or better recovery than this Settlement. |
| **OBJECT TO THE SETTLEMENT** | If you are a member of the Settlement Class and you do not exclude yourself, you may write to the Court about why you do not like the Settlement or why the Court should not approve it. |

The deadline to exclude yourself from or object to the Settlement is _____.

**Fairness Hearing:** The Court will hold a hearing on _____ to consider approving the Settlement and a request by the Settlement Class's attorneys for an award of attorneys' fees (up to $16,000,000), a

request by Settled Objectors' attorneys for an award of attorneys' fees (up to $2,500,000), and payment of service awards to the four Settlement Class Representatives ($7,500 each) and to the eight Settled Objectors ($5,000 each).  You may ask to appear at the hearing, but you are not required to do so.

**How do I get more information?**  This notice only provides a summary of the proposed Settlement.  For the precise terms, please see the long-form Notice and Settlement Agreement available at www.AWLSettlement.com, or contact the Class Administrator at 877-868-6825.

**PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT, THE JUDGE, THE DEFENDANTS, OR THE DEFENDANTS' COUNSEL.**

# Exhibit 2

# If You Obtained a Loan from American Web Loan, AWL, or Clear Creek Lending from February 10, 2010 to June 26, 2020 You Could Get a Cash Payment from a Settlement and/or Cancellation of Your Loan

*A federal court ordered this notice. This is not a solicitation from a lawyer.*

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
***Solomon, et al. v. American Web Loan, Inc., et al*. No. 4:17-cv-0145-HCM-RJK**

- Read this Notice.  It states your rights and provides you with information regarding a proposed settlement of a nationwide Class Action litigation ("Settlement"). A lawsuit was brought on behalf of individuals who obtained a loan from American Web Loan, Inc., its successor, AWL, Inc., and Clear Creek Lending (a d/b/a of American Web Loan, Inc.) (collectively "AWL").

- This Notice is a summary of information about the Settlement and explains your legal rights and options because you are a member of the class of borrowers who will be affected if the Settlement is approved by the Court.  The complete terms of the proposed Settlement are available at the Settlement website, www.AWLSettlement.com.

- The lawsuit claimed that AWL made loans at interest rates greater than what is permitted by state law, that AWL did not have a license to lend in any state, that AWL did not adequately disclose the interest rates, total finance charges, or repayment periods, and that AWL improperly conditioned its loans on the use of electronic fund transfers. Defendants deny all allegations in the lawsuit.

- The Settlement provides for cash payments totaling $86 million, most of which will be paid as refunds to Class Members.

- All loans made by AWL prior to June 26, 2020 and still owned by AWL as of December 17, 2020 and loans sold to the debt collector Northwood Asset Management Group, LLC ("Northwood") that are unsatisfied are being canceled as part of this Settlement.  Class members do not have to make further payments on these loans.

- As part of the proposed Settlement, borrowers who took out an AWL loan from February 10, 2010 to June 26, 2020 may be entitled to a cash payment.  Not all borrowers will receive cash payments.  In addition, AWL will request that the credit reporting bureau to which it reports, Clarity Services, delete any tradelines related to the outstanding loans AWL is cancelling.   Northwood will similarly request that any credit bureau to which it reports delete any tradelines related to the outstanding loans Northwood is cancelling.

- If you took out your loan(s) between February 10, 2010 and December 31, 2011, you must demonstrate your eligibility for a cash recovery from the Settlement by following the procedures described below.

- If AWL sold your loan to a debt-collector other than Northwood, this Settlement will not result in cancellation of your loan.  However, as part of the Settlement, certain lawyers are available to provide you advice and assistance with those loans.   If you are contacted by a debt collector, you should obtain legal advice.

- The complete terms of the proposed Settlement are available at the Settlement website, www.AWLSettlement.com.  You may also obtain further information about the Settlement at the following telephone number: 877-868-6825.

1

**FOR MORE INFORMATION GO TO:  www.AWLSettlement.com or Call (877) 868-6825**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **FOR LOANS ISSUED FROM JANUARY 1, 2012 TO JUNE 26, 2020**<br><br>**IF YOU DO NOTHING** | You will remain a member of the Settlement Class and may be eligible for benefits, including automatic cash payments depending on how much you have paid on your loan and whether it is cancelled by this Settlement.<br><br>Cash refunds will be paid to you based on how much you paid and your state of residence.<br><br>If your loan still has a balance and is still owned by AWL, then it will be cancelled and you do not need to pay it.<br><br>If you receive a cash payment or a cancelled loan, you will give up rights to ever sue the Defendants and others about the legal claims that are in the lawsuit.  You do not give up those rights if you do not receive a cash payment or cancelled loan.<br><br>If your loan is unsatisfied and held by Northwood, a debt collector, it will be cancelled and you do not need to pay it.<br><br>If your loan was sold to a third part debt collector other than Northwood, the loan is not cancelled, but you will have the right to legal assistance about that loan. |
| **FOR LOANS ISSUED FROM FEBRUARY 10, 2010 TO DECEMBER 31, 2011,**<br><br>**YOU MUST SUBMIT A CLAIM FORM TO RECEIVE PAYMENT** | If your AWL loan was taken out before January 1, 2012, you must submit a Claim Form and supporting documentation by_____. THIS IS THE ONLY WAY TO GET A PAYMENT RELATED TO ANY LOANS TAKEN OUT BEFORE JANUARY 1, 2012. |
| **YOU MAY EXCLUDE YOURSELF** | You can opt out of the Settlement and you will not be eligible for any benefits, including any cash payments. This is the only option that allows you to keep any rights you have to bring, or to become part of, another lawsuit involving the claims being settled. There is no guarantee that another lawsuit would be successful or would lead to a larger or better recovery than this Settlement. |
| **OBJECT TO THE SETTLEMENT** | If you are a member of the Settlement Class and you do not exclude yourself, you may write to the Court about why you do not like the Settlement or why the Court should not approve it. |

**FOR MORE INFORMATION GO TO:  www.AWLSettlement.com or Call (877) 868-6825**

## 1. WHY IS THERE A NOTICE?

This Notice is about a proposed nationwide Settlement that will be considered by the United States District for the Eastern District of Virginia, Newport News Division (the "Court"). The Settlement must be approved by the Court.

The nationwide consumer claims are being settled as part of litigation pending in the Court entitled: *Solomon, et al. v. American Web Loan, Inc., et al.*, Case No. 4:17-cv-00145-HMC-RJK (E.D. Va.).

## 2. WHAT IS THIS LAWSUIT ABOUT?

The claims involved in the Settlement arise out of loans made in the name of American Web Loan or AWL, an entity owned by the Otoe-Missouria Tribe of Indians, a federally recognized Indian tribe. Services were provided to AWL by an individual, Mark Curry, and his companies, MacFarlane Group, Inc. and SOL Partners. Several other companies, including Medley Opportunity Fund II, LP, Medley Capital Corp., Medley Management, Inc., Medley Group LLC, Middlemarch Partners, LLC, and Middlemarch Securities, LLC are alleged to have played various roles related to financing and other support for AWL or Curry.

Northwood is a debt collector who purchased certain AWL loans and attempted to collect payments on the loans it purchased.

The Plaintiffs in this case claim that the Defendants violated federal laws by, among other things: (a) making and collecting loans at interest rates that exceeded the applicable limit under state law; (b) failing to disclose key loan terms such as the annual percentage interest rate, total amount of finance changes, and loan repayment schedule; (c) conditioning the loans on the use of electronic fund transfers; and/or (d) the involvement in and support of other parties' conduct.

Defendants vigorously deny any wrongdoing. They assert that AWL's loans are legal because the interest rates and terms were authorized under the law of the Otoe-Missouria Tribe, the federally recognized Native American tribe that owns and operates AWL, and because AWL borrowers explicitly agreed that Otoe-Missouria law governs the loans. AWL and certain other Defendants contend that they are immune from being sued in federal or state court because AWL is an arm of the Otoe-Missouria Tribe. Defendants also contend that: borrowers agreed to arbitrate any disputes, rather than suing in federal or state court; that the loans' interest rates and other key terms were sufficiently disclosed to borrowers; and that borrowers were not required to consent to the use of electronic fund transfers to obtain AWL loans.

Important case documents may be accessed at the Settlement website, www.AWLSettlement.com.

## 3. WHY IS THIS A CLASS ACTION?

In a class action, one or more people, called class representatives, bring an action on behalf of people who have similar claims. All of the people who have claims similar to the class representatives are a class or class members, except for those who exclude themselves from the class. Here, the Plaintiffs filed a nationwide class action claim against the Defendants on behalf of all AWL borrowers throughout the country.

**FOR MORE INFORMATION GO TO:  www.AWLSettlement.com or Call (877) 868-6825**

## 4. HOW DO I KNOW IF I AM INCLUDED IN THE SETTLEMENT?

You are a member of the Settlement Class and would be affected by the Settlement if you obtained a loan from AWL from February 10, 2010 to June 26, 2020:

If you received this Notice, you were identified in AWL's records as having received a loan from AWL on or after January 1, 2012.  Therefore, we believe that you are a member of the Settlement Class and you will be a Settlement Class Member unless you exclude yourself.  If you took out an AWL loan between February 10, 2010 and December 31, 2011, you also are a member of the Settlement Class unless you exclude yourself.

## 5.  WHY AM I RECEIVING A SECOND NOTICE AND WHAT HAPPENED TO THE PRIOR SETTLEMENT?

When a settlement of this case was proposed last summer (2020), certain class members from Virginia, Pennsylvania and West Virginia objected to the settlement.  They are being referred to as Settled Objectors.  By Order entered on November 6, 2020, the Court declined to approve the previously proposed settlement. The Court ordered the parties to a Settlement Conference, which led to several changes in the settlement terms including an additional $21,000,000 cash payment, thousands of additional class member loans being canceled and the attorney fees and costs to be paid from the common fund established for the benefit of class members being substantially decreased.  The Parties, this time joined by the Settled Objectors, now must seek approval from the Court of the revised settlement terms.  Because some of the settlement terms have changed, you are entitled to a new notice of settlement.

## 6. WHAT DOES THE NEW SETTLEMENT PROVIDE AND HOW MUCH WILL MY PAYMENT BE?

The Defendants and Northwood have agreed to provide the following benefits and others more fully described at the Settlement website, www.AWLSettlement.com:

### A.  MANY LOANS WILL BE CANCELLED

#### 1. Loans held by AWL will be Cancelled:

All loans made by AWL prior to June 26, 2020 and still owned by AWL as of December 17, 2020 are being canceled as disputed debts and any balance adjusted to a zero balance.  In addition, AWL will request that the credit reporting bureau to which it reports, Clarity Services, delete any credit reporting (known as "tradelines") associated with those loans.

#### 2. Loans held by Northwood will be Cancelled

Certain loans made by AWL were transferred to a different company – a third-party debt collector – named Northwood.  Northwood purchased approximately 18,000 loans.  If your loan was sold to Northwood and is unsatisfied, it is being canceled as a disputed debt and any balance adjusted to a zero balance.  Like AWL, Northwood will request that any tradelines associated with these loans be deleted.

4

**FOR MORE INFORMATION GO TO:  www.AWLSettlement.com or Call (877) 868-6825**

**B.      FREE LEGAL ASSISTANCE WITH OTHER LOANS HELD BY DEBT COLLECTORS.**

During the years 2011 to 2020, AWL sold certain loans to third-party debt buyers who may have been directing debt collection activity against you.  Only one of these debt-buyers, Northwood, has agreed to cancel loans.  The other debt buyers have not joined this settlement. This means that you retain your rights against those debt buyers if they continue to try to collect on the AWL loans they purchased.

If you are contacted by a debt collector, you may want to obtain legal advice.  As part of this Settlement, you are entitled to free legal assistance from Settled Objectors' Counsel with regard to loans still being collected by third-party debt collectors.   To find out if your loan is one of these and request legal assistance, go to:  www.AWLSettlement.com/DebtBuyerHelp.

**C. YOU MAY RECEIVE A CASH PAYMENT.**

An $86,000,000 cash fund will be created by Defendants to provide a cash recovery to some Settlement Class Members.

If the Settlement receives the Court's approval and if you are entitled to any payment with respect to AWL loans taken out between January 1, 2012 and June 26, 2020, you will automatically receive an email notification providing you with options for receiving your share of the Settlement (described below).

If you took out your AWL loans between February 10, 2010 and December 31, 2011, you will need to submit a claim form and supporting documentation in the manner described below.

You can go to the Settlement Website, www.AWLSettlement.com, to determine whether you are eligible to receive a cash payment if the Settlement is approved.

For loans taken out between February 10, 2010 and December 31, 2011, depending on the amount of documentation that you provide, you may also be eligible for a cash payment in accordance with the Cash Award Formula described in the Settlement Agreement.

The Class Administrator will send the email notification to the same address as this Notice.  If you received a hard copy of this Notice in the mail and do not provide a valid email address to the Class Administrator, the Class Administrator will send to the same mailing address instructions for obtaining your payment.  Please update your email address if you would prefer to receive further information at a different address, or update your mailing address if you move.

You will not receive a cash payment, but may receive other benefits if you:

- Did not make any payments on your AWL loan;
- Did not repay the full principal on your AWL loan;
- Lived in Nevada or Utah (which had no interest rate restrictions); or
- Took out an AWL loan before January 1, 2012 and do not submit a claim form and provide the supporting documentation to the Class Administrator as described below.

**D.  OTHER BENEFITS.**

AWL has agreed that it will not sell personal identifying information obtained from Settlement Class Members during the Settlement Class Period to any third parties other than the Settlement Administrator In addition, AWL has agreed that its loan agreements shall include the following terms and provisions:  that

5

AWL will comply with applicable federal laws; a conspicuous disclosure of the full interest rate, total amount of finance charges, and the loan payment schedule; and that AWL shall not condition loans on a borrower's authorization to use electronic fund transfers to withdraw loan payments automatically from the borrower's bank account. AWL has also agreed that the arbitration provisions in its loan agreements shall not include a waiver of applicable federal law.

## 7. HOW MUCH IS MY CASH PAYMENT?

Your payment will depend on how much you paid on your AWL loan, the state in which you resided when you took out your loan and the amount of money available in the Settlement Fund. You will only get a proportionate share of the total settlement cash, not necessarily a full refund of the amount of money you paid over principal, because the total amount of Settlement funds available will not allow everyone to receive a full refund.

State laws vary as to what types of loans are permissible, under what conditions they are permissible, and the remedies available to consumers. The proposed settlement provides for a Cash Award Formula that reflects certain differences in the way state laws treat potential recoveries. These differences in state law will be taken into account in determining the amount of your cash payment (if any).

To learn more about how the cash payment is determined and to obtain an estimate of your Cash Award (if you are eligible), go to: www.AWLSettlement.com/CashPayment.

## 8. WHAT DO I HAVE TO DO TO RECEIVE MY PAYMENT?

**If you received this Notice and took out an AWL loan on or after January 1, 2012: You do not need to do anything**. The Court will hold a hearing on _____ to decide whether to approve the Settlement. If you are entitled to a cash payment and do not exclude yourself from the Settlement, the Class Administrator will notify you of your options for receiving your payment approximately 30 days after the Court grants final approval to the Settlement and any appeals are resolved.

**If you took out an AWL loan before January 1, 2012, you must submit a signed claim form and submit documentation of your AWL loan.** You may submit your claim at: www.AWLSettlement.com. You can also request a paper claim form at ___, by telephone at 877-868-6825, or by U.S. Mail to AWL Settlement, Class Administrator, c/o A.B. Data, Ltd. P.O. Box 170500, Milwaukee, WI 53217. To be eligible to receive a proportional share from the Settlement cash, you must submit the signed claim form and any one of: (a) a copy of your loan agreement; (b) a copy of a bank statement evidencing the receipt of an AWL loan or a repayment withdrawal in connection with such loan; or (c) an email from AWL indicating that your loan application was approved and that funds were being released to you.

Settlement payments will be digitally sent to you via email at the same email address that this Notice was sent. Please update your email address with a current, valid email address if you would prefer to receive further information at a different address. If you received a hard copy of this Notice in the mail or at www.AWLSettlement.com, please go to www.AWLSettlement.com or contact the Class Administrator at 877-868-6825 to provide a current, valid email address.

When you receive the email notifying you of your Settlement payment, you will be provided with several digital payment options. For many, a digital payment is the easiest and quickest option to receive your

money. You will also have the opportunity to request that a check be mailed to you by the Class Administrator.

You can contact the Class Administrator at the telephone number or address below to report any changes. For information about whether you may qualify for a cash payment, go to www.AWLSettlement.com or call 877-868-6825.

## 9. WHAT AM I GIVING UP TO GET A BENEFIT AND STAY IN THE SETTLEMENT CLASS?

Unless you exclude yourself, if you receive either a cash payment, cancellation of your loan or both, you are a member of the Settlement Class, which means that you cannot sue, continue to sue, or be part of any other lawsuit concerning the claims relating to your AWL loan(s). This means that, if you receive either a Cash Award or Loan Cancellation under this Settlement, you will not be able to pursue or recover any additional money from the Released Parties beyond what you receive as part of this Settlement related to those parties' roles in making, investing, collecting on, or providing services related to your AWL loan(s). The Released Parties include the Defendants – American Web Loan Inc., AWL Inc., Mark Curry, MacFarlane Group, Inc., SOL Partners, Medley Opportunity Fund II, LP, Medley Capital Corp., Medley Management, Inc., Medley Group LLC, Brook Taube, Seth Taube, Middlemarch Partners, LLC, and Middlemarch Securities, LLC – as well as two Otoe-Missouria owned entities called Red Stone, LLC, and RS, LLC that are related to certain Defendants; and Northwood Asset Management Group, LLC

Staying in the Settlement Class also will mean that you release all claims against the Released Parties arising out of or relating in any way to your AWL loan(s), regardless of whether such claim is known or unknown, asserted or as yet un-asserted. Staying in the Settlement Class also means that any Court orders pertaining to this Settlement will apply to you and legally bind you.

The Settlement provides that Plaintiffs' claims will be resolved with no further litigation against the settling Defendants. The settling Defendants, and certain related companies and individuals included among the Released Parties, will be released from all further liability related to your AWL loan(s) within the scope of the Settlement, or related conduct.

The complete Release and list of Released Parties can be found in the Settlement Agreement, which is available on the Settlement website at www.AWLSettlement.com.

## 10. HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

To be excluded from this Settlement, you must send an "Exclusion Request" to the Class Administrator by U.S. mail. An Exclusion Request must include:

- Your name, address, and telephone number;
- A statement that you want to be excluded: "I request to be excluded from the class settlement in this case"; and
- Your Signature.

If you received your AWL loan before January 1, 2012, you must also provide the date of your loan or state that "my loan was obtained at some time between February 10, 2010 and December 31, 2011."

"Mass" or "class" exclusions filed by third parties on behalf of a "mass" or "class" of Class Members will not be valid. Each exclusion request must be submitted on an individual basis.

**FOR MORE INFORMATION GO TO:  www.AWLSettlement.com or Call (877) 868-6825**

Your Exclusion Request must be **postmarked** no later than _____ to:

AWL Settlement
EXCLUSIONS
Class Administrator
c/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217-8091

## 11. HOW DO I TELL THE COURT THAT I OBJECT TO AND DO NOT LIKE THE SETTLEMENT?

Objecting to the Settlement is different than Excluding yourself from the Settlement.

If you are a Settlement Class Member and you do not exclude yourself from the Settlement, you can object to the Settlement if you think the Settlement is not fair, reasonable, or adequate, and that the Court should not approve the Settlement.  You also have the right to appear personally and be heard by the Judge.  The Court and Settlement Class Counsel will consider your views carefully.  To object, you must file your objection with the Court by _____.

| COURT |
|---|
| Clerk of the Court |
| United States District Court for the Eastern District of Virginia |
| Walter E. Hoffman United States Courthouse |
| 600 Granby Street |
| Norfolk, VA 23510 |

You should include the docket number of this case on the front of the envelope and letter you file to the Court: "*Solomon, et al. v. American Web Loan, Inc., et al.*, Case No.  4:17-cv-00145 (E.D. Va.)."   All objections must include:

- Your name, address, telephone number and e-mail address;
- Your AWL account number (if you know it);
- A sentence confirming that you are a Settlement Class Member;
- The factual basis and legal grounds for the objection to the Settlement, including a description of any witnesses or exhibits you may seek to introduce at the final fairness hearing; and
- A list of any prior cases in which you or your counsel have objected to a class settlement in the last four (4) years, including case name and civil action number.  Counsel representing an objecting Settlement Class Member must enter an appearance in the case on or before _____. If you want to appear personally at the hearing, you must state that in your Objection.

**Objections must be filed with the above Court no later than _____.**

Unless otherwise directed by the Court, any Settlement Class Member who does not make his or her objection in the manner provided shall be deemed to have waived all objections to this Settlement and shall be foreclosed from raising (in this proceeding or on any appeal) any objection to the Settlement, and any untimely objections shall be barred.

**FOR MORE INFORMATION GO TO:  www.AWLSettlement.com or Call (877) 868-6825**

## 12. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a final hearing on the fairness of the Settlement on _____ at the United States District Court for the Eastern District of Virginia, Walter E. Hoffman United States Courthouse, 600 Granby Street, Norfolk, VA 23510.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.

If there are objections or comments, the Court will consider them at that time.  The hearing may be moved to a different date or time without additional notice.  Please check www.AWLSettlement.com or call 877-868-6825 to be kept up to date on the date, time, and location of the hearing.

## 13. DO I HAVE TO COME TO THE HEARING?

No.   But you are welcome to come at your own expense.  As long as you filed your written objection on time, the Court will consider it.  You may also retain a lawyer to appear on your behalf at your own expense.

## 14. DO I HAVE A LAWYER IN THE CASE?

Yes.  The Court has appointed the following law firms as Settlement Class Counsel to represent you and all other members of the Settlement Class:

| Kathleen M. Donovan-Maher | Matthew B. Byrne | David W. Thomas |
|---|---|---|
| Steven Buttacavoli | **Gravel & Shea PC** | **MichieHamlett PLLC** |
| **Berman Tabacco** | 76 St. Paul Street, 7th Floor | 310 4th St. NE |
| One Liberty Square | P.O. Box 369 | P.O. Box 298 |
| Boston, MA 02109 | Burlington, VT 05401 | Charlottesville, Virginia 22902 |

These lawyers will not separately charge you for their work on the case.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## 15. HOW WILL THE LAWYERS BE PAID?

Settlement Class Counsel has not received any payment for their services in conducting this litigation, nor have they been paid their litigation expenses.  As part of the Settlement process, Settlement Class Counsel will ask the Court for an award of attorneys' fees not to exceed $16,000,000, including reimbursement of expenses incurred in connection with this action less the cost of providing this notice, to be paid from the Settlement Fund.  Counsel for the Settled Objectors may ask the Court for an award of attorneys' fees not to exceed $2,5000,000 to be paid from the Settlement Fund.  Counsel for the Settled Objectors will donate part of their fee to charitable causes.  Settlement Class Members are not personally liable for any such fees or expenses.  The amounts of fees and expenses awarded by the Court will reduce the distributions to Class Members.

Settlement Class Counsel will ask the Court to approve a $7,500 service award payment to each of the four Class Representatives.  Counsel for the Settled Objectors will also ask the Court to approve a $5,000 service award to each of the eight Settled Objectors.  The Class Representatives and Settled Objectors made substantial contributions in the prosecution and negotiation of this litigation for the benefit of the Class.

9

**FOR MORE INFORMATION GO TO:  www.AWLSettlement.com or Call (877) 868-6825**

The Court will ultimately decide how much Settlement Class Counsel, Counsel for Settled Objectors, the Class Representatives, and the Settled Objectors will be paid.

The requested attorneys' fees and expenses will be the only payment to Settlement Class Counsel and Counsel for the Settled Objectors for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis. Settlement Class Counsel has committed significant time and expenses in litigating this case for the benefit of the Settlement Class.  The fees requested will compensate Settlement Class Counsel for their work in achieving the settlement.  Counsel for the Settled Objectors have made substantial efforts and spent significant time first objecting to the initial settlement and then improving it through additional negotiations and efforts.  The Court will decide what constitutes a reasonable fee award in this case and may award less than the amount requested by Settlement Class Counsel or Counsel for the Settled Objectors.

The Settlement contains a number of detailed provisions for the allocation of the settlement fund, including amounts to be paid in attorneys' fees and expenses and with respect to the distribution of any leftover amounts.  The details for fund distribution are set forth in the settlement documents available on the website at www.AWLSettlement.com.

## 16. HOW DO I GET MORE INFORMATION?

This Notice summarizes the proposed Settlement.  You can get a copy of the Settlement Agreement and other relevant case-related documents by visiting www.AWLSettlement.com, by calling the Class Administrator at 877-868-6825, or by contacting Class Counsel at the addresses above.

**PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT, THE JUDGE, THE DEFENDANTS, OR THE DEFENDANTS' COUNSEL.**

# Exhibit 3

**AWLSettlement.com**

1-877-868-6825



If You Obtained
a Loan from
**American Web Loan**
**You Could Get a**
**Cash Payment from**
**a Settlement.**

# Find out what **benefits** you may be eligible for.

> **Learn More in The Notice** (/Home/Notice)

A lawsuit was brought on behalf of all individuals who obtained a loan from American Web Loan, Inc., its successor, AWL, Inc., and Clear Creek Lending (a d/b/a of American Web Loan, Inc.) (collectively "AWL").

The lawsuit claimed, among other things, that AWL violated federal law by making loans at annual interest rates greater than what is permitted by state law, that AWL did not have a license to lend in any state, that AWL did not adequately disclose the interest rates, total finance charges, or repayment periods, and that AWL improperly conditioned its loans on the use of electronic fund transfers.

Defendants deny all allegations in the lawsuit. They maintain that AWL's loans are legal because the interest rates and terms were authorized under the law of the Otoe-Missouria Tribe, the federally recognized Native American tribe that owns and operates AWL, and because AWL

borrowers explicitly agreed that Otoe-Missouria law governs the loans. AWL and certain other Defendants further contend that they are immune from suit because AWL is an arm of the Otoe-Missouria Tribe. Defendants also contend that: borrowers agreed to arbitrate any disputes; that the loans' interest rates and other key terms were disclosed to borrowers; and that borrowers were not required to consent to the use of electronic fund transfers to obtain AWL loans.

The Settlement provides for cash payments totaling $86,000,000 and the cancellation of certain loans as disputed debt.

As part of the proposed Settlement, borrowers who took out a AWL loan from February 10, 2010 to June 26, 2020 may be entitled to a cash payment. All AWL loans issued prior to June 26, 2020 that AWL still owns will be cancelled as disputed debt as well as the AWL loans sold to Northwood Asset Management Group, LLC that are unsatisfied. In addition, AWL and Northwood will request that the credit reporting bureau, Clarity Services, delete any negative credit reporting related to these loans.

If you took out your loan(s) between February 10, 2010 and December 31, 2011, you must demonstrate your eligibility for a cash recovery from the Settlement by following the procedures described in the Notice.

## IMPORTANT DATES

|  | | ____,___2021 | ____,___2021 |
|---|---|---|---|
| ____,___2021 | ____,___2021 | | |
| **Exclusion Deadline** | **Objection Deadline** | **Final Approval Hearing** | **Claim Period For Pre-2012 Loans Ends** |

## Your Legal Rights and Options in This Settlement

| **FOR LOANS ISSUED FROM JANUARY 1, 2012 TO JUNE 26, 2020,** | You will remain a member of the Settlement Class and may be eligible for benefits, including automatic cash payments depending on how much you have paid on your loan and whether it is cancelled by this Settlement. |
|---|---|
| **IF YOU DO NOTHING** | Cash refunds will be paid to you based on how much you paid and your state of residence. |
| | If your loan still has a balance and is still owned by AWL, then it will be cancelled and you do not need to pay it. |
| | If you receive a cash payment or a cancelled loan, you will give up rights to ever |

sue the Defendants and others about the legal claims that are in the lawsuit.  You do not give up those rights if you do not receive a cash payment or cancelled loan.

If your loan is held by Northwood, a debt collector, it will be cancelled and you do not need to pay it.

If your loan was sold to a third part debt collector other than Northwood, the loan is not cancelled, but you will have the right to legal assistance about that loan

# Your Legal Rights and Options in This Settlement

| | |
|---|---|
| **FOR LOANS ISSUED FROM FEBRUARY 10, 2010 TO DECEMBER 31, 2011,**<br><br>**YOU MUST SUBMIT A CLAIM FORM TO RECEIVE PAYMENT** | If your AWL loan was taken out before January 1, 2012, you must submit a Claim Form and supporting documentation by_____.  THIS IS THE ONLY WAY TO GET A PAYMENT RELATED TO ANY LOANS TAKEN OUT BEFORE JANUARY 1, 2012. |
| **YOU MAY EXCLUDE YOURSELF** | You can opt out of the Settlement and you will not be eligible for any benefits, including any cash payments. This is the only option that allows you to keep any rights you have to bring, or to become part of, another lawsuit involving the claims being settled. There is no guarantee that another lawsuit would be successful or would lead to a larger or better recovery than this Settlement. |
| **OBJECT TO THE SETTLEMENT** | If you are a member of the Settlement Class and you do not exclude yourself, you may write to the Court about why you do not like the Settlement or why the Court should not approve it. |



**Learn More in The Notice** (/Home/Notice)

By providing your information, either on paper, electronically or through a website, you consent to us storing and using your information. Our site uses tracking technologies to tailor your experience and understand how you and other visitors use our site.  By continuing to navigate this site you consent to use of these tracking technologies. For more information on how we use your personal data, please read our Privacy Policy.

Privacy Policy
(https://abdatacaadstorage1.blob.core.windows.net/privacy/PrivacyPolicy.pdf)

© 2021 - AWLSettlement.com. All rights reserved.

# Exhibit 4

**[AWL'S LOGO]**

***THIS IS A COURT APPROVED NOTICE***

_____, 2021

Dear American Web Loan, AWL, or Clear Creek Lending Borrower,

This Notice is being sent to you pursuant to the Court's Order in connection with the settlement of the nationwide class action lawsuit *Solomon, et al. v. American Web Loan, Inc., et. al,* Case No. 4:17-cv-00145-HMC-RJK (E.D. Va.).  Your loan with American Web Loan, AWL, or Clear Creek Lending, loan number _____ [, which was sold to Northwood Asset Management Group, LLC] is cancelled as disputed debt and you are released from any and all obligations relating to your loan with American Web Loan, AWL, or Clear Creek Lending.

You can reach the Settlement Class Administrator, A.B. Data, Ltd., at www.AWLSettlement.oom or 1-877-868-6825 if you have any questions.

# Exhibit 5

# *Solomon v. American Web Loan, Inc., et al*.

## UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA
### Case No. 4:17-cv-0145-HCM-RJK

# CLASS ACTION SETTLEMENT
# CLAIM FORM

**This Claim Form is only for American Web Loan, AWL or Clear Creek Lending loans issued between February 10, 2010 and December 31, 2011.**

## <u>INSTRUCTIONS</u>

To make a claim and be eligible for a payment, you must provide documentation indicating that you received and/or made payments on a loan issued by American Web Loan, AWL, or Clear Creek Lending from February 10, 2010 to December 31, 2011.

To be eligible for a Cash Award under the Revised Settlement Agreement, you must return (via upload to www.AWLSettlement.com or via U.S. Mail) a fully completed and signed Claim Form and one of the following: (1) your loan agreement, dated between February 10, 2010 and December 31, 2011; (2) a copy of a bank statement showing the deposit of a loan from American Web Loan, AWL, or Clear Creek lending or a withdrawal made in connection with such loan; or (3) an email from American Web Loan, AWL, or Clear Creek Lending stating that your loan application was approved and/or that the loan funds were on their way to you.  If you provide any one of these forms of documentation, your "base damages" will be presumed to be $150 for purposes of determining your pro rata Cash Award.  If you provide other documentation sufficient tto show your actual principal and interest payments, those payments will be used to determine  "base damages" to establish your pro rata Cash Award

Each loan that you took out may be the subject of only one claim.  If you took out more than one American Web Loan, AWL, or Clear Creek Lending loan from February 10, 2010 and December 31, 2011, you may receive a payment for each loan – but you must submit a separate claim and supporting documentation for each loan.

## CLAIM FORM

**NAME\***

**STREET ADDRESS**                                                          **APT**

**CITY**                                                          **STATE**          **ZIP\***

**MOBILE PHONE NUMBER\***

**EMAIL ADDRESS\***                          **VERIFY EMAIL ADDRESS\***

If your claim is determined to be valid and eligible for payment, you will receive an email from the Class Administrator providing you with a number of digital payment options such as PayPal, a virtual MasterCard debit card, or a virtual Amazon gift card to immeidately receive your settlement payment. You will also at that time have the option to request a paper check. Please be sure that the email address provided on this claim form is a valid email address that you use regularly.

## LOAN INFORMATION

| DATE OF LOAN\* | AMOUNT BORROWED\* | AMOUNT PAID | INTEREST RATE | LOAN NUMBER |
|---|---|---|---|---|
| | | | | |

\*Denotes required field

## VERIFICATION

By signing below and submitting this Claim Form, I hereby affirm, under oath, that (1) I am the person identified above and the information is, to the best of my knowledge, true and correct; (2) I am in the United States and took out a loan from American Web Loan, AWL, or Clear Creek Lending between February 10, 2010 and December 31, 2011; (3) I made total payments on that loan amounting to more than the original principal amount of the loan.

**SIGNATURE**                                                          **DATE**

This claim form must be submitted via the Settlement website, www.AWLSettlement.com, no later than _____, 2020 or mailed to the class administrator by first class mail postmarked no later than _____, 2020 to _____, Milwaukee, WI 53217-_____.

# Exhibit 6

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

| | |
|---|---|
| ROYCE SOLOMON, et al., individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | Civil Action No. 4:17-cv-0145-HCM-RJK |
| AMERICAN WEB LOAN, INC., et al., | |
| Defendants. | |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF REVISED**
**CLASS ACTION SETTLEMENT**

Plaintiffs Royce Solomon, Jodi Belleci, Michael Littlejohn, and Giulianna Lomaglio (collectively, "Plaintiffs") have moved the Court for preliminary approval of a proposed class action settlement with American Web Loan, Inc.; AWL, Inc.; Red Stone, Inc. (successor-in-interest to MacFarlane Group, Inc.); Mark Curry; Sol Partners, LLC; Medley Opportunity Fund II, LP; Medley Capital Corporation; Medley Management, Inc.; Medley Group, LLC; Brook Taube; Seth Taube; Middlemarch Partners, LLC; and Middlemarch Securities, LLC (collectively, "Defendants"), as well as Northwood Asset Management Group, LLC ("Northwood"), the terms of which are set forth in the Revised Settlement Agreement filed with the Court on March 31, 2021 (the "Revised Settlement Agreement") (ECF No. ___) as an exhibit to Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement Agreement ("Preliminary Approval Motion").[1]

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings provided in the Revised Settlement Agreement, ECF No. ___.

Upon review and consideration of Plaintiff's Preliminary Approval Motion, the memoranda and arguments submitted on behalf of the Settlement Class and Settled Objectors, the Revised Settlement Agreement, and exhibits attached thereto, and finding good cause exists to grant the Preliminary Approval Motion, **IT IS HEREBY ORDERED** as follows:

1.      The Court hereby preliminarily approves the Settlement, including all provisions set forth in the Revised Settlement Agreement and the exhibits attached thereto, and finds the Settlement set forth therein to be fair, reasonable and adequate, free of collusion or indicia of unfairness, and within the range of possible final judicial approval, subject to further consideration at the Final Approval Hearing described in Paragraph 32 below.  In making this determination, the Court has considered the current posture of the Action and the risks and benefits to the Parties involved in both settlement of these claims and the continuation of the Action, and finds that the settlement between the Settlement Class, Settled Objectors, Defendants, and Northwood was arrived at through arm's length negotiations and exchange of information by experienced counsel.

2.      The Court finds that the Settlement falls within the range of reasonableness because it provides for meaningful remediation relative to the merits of Plaintiffs' claims and the Defendants' defenses in that Settlement Class Members will obtain substantial monetary and non-monetary relief.  The Court further finds that the Settlement adequately addresses the objections raised by the Settled Objectors[2] and the concerns that resulted in the Court not granting final approval of the previously proposed settlement as reflected in the Court's Order of November 6,

---

[2] Counsel for Settled Objectors include: Leonard Bennett of Consumer Litigation Associates, PC, Kristi Cahoon Kell of Kelly Guzzo, PLC, Irv Ackelsberg and John Grogan of Langer Grogan & Diver P.C., Jason Causey of Bordas & Bordas, PLLC, and Bren Pomponio of Mountain State Justice, Inc.

2020.   This Preliminary Approval Order amends and supersedes the prior order granting preliminary approval entered on June 26, 2020.

3.      For these reasons and those otherwise stated herein, the Court finds that, pursuant to Fed. R. Civ. P., 23(e)(1)(B)(i) the Court will likely be able to grant final approval of the Settlement under Fed. R. Civ. P. 23(e)(2).

4.      The Court further finds, for the reasons stated herein, that the Court will likely be able to finally certify the Settlement Class for the purposes of judgment on the proposed Settlement pursuant to Fed. R. Civ. P. 23(e)(1)(B)(ii).

## CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS AND APPOINTMENT OF SETTLEMENT CLASS REPRESENTATIVES AND SETTLEMENT CLASS COUNSEL

5.      For purposes of this Revised Settlement only, and conditioned upon the Settlement receiving final approval following the Final Approval Hearing, this Court hereby conditionally certifies a Settlement Class for settlement purposes only pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, defined as follows:

> All persons within the United States to whom American Web Loan, Inc., AWL, Inc., or any predecessor or successor entities, lent money during the period from February 10, 2010 to June 26, 2020.

6.      Solely for purposes of the proposed Settlement of this Action, the Court preliminarily finds and concludes that each element required for certification of the Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs in this Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Settlement Class Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class

predominate over any questions affecting any individual member of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient disposition of the Action.  The Court also concludes that, because the Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by trial of a class action involving the issues in this case.

7.      For purposes of the Settlement only, the Court finds and concludes that Plaintiffs will fairly and adequately represent the interests of the Settlement Class in enforcing the rights of the Settlement Class in this Action and therefore appoints Royce Solomon, Jodi Belleci, Michael Littlejohn, and Giulianna Lomaglio to serve as Settlement Class Representatives of the conditionally certified Settlement Class.

8.      For purposes of the Settlement only, the Court appoints as Settlement Class Counsel the law firms of Berman Tabacco, Gravel & Shea P.C., and MichieHamlett PLLC.  For purposes of these Settlement approval proceedings, the Court finds that these law firms are competent and capable of exercising their responsibilities as Settlement Class Counsel and have fairly and adequately represented the interests of the Settlement Class for settlement purposes.

## CLASS NOTICE AND SETTLEMENT ADMINISTRATION

9.      Since the Court finds that the Settlement is likely to be approved under Fed. R. Civ. P. 23(e)(2), and that the Court is likely to grant final approval to the Settlement Class, the Court hereby directs notice to the Settlement Class pursuant to Fed. R. Civ. P. 23(e)(1)(B).

10.     The Court approves the form and content of the Email Notice, Long Form Notice, Digital Publication Notice, and Debt Cancellation Notice (annexed hereto as Exhibits 1-4), and the use of the Settlement Website (collectively, the "Notice"), and finds that the procedures established for dissemination of the Notice substantially in the manner and form set forth in Paragraph 13 of

this Preliminary Approval Order (the "Notice Program"): meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process clause), and any other applicable law; and constitute the best notice practicable under the circumstances to apprise Settlement Class Members of the proposed Settlement, the effect of the proposed Settlement, and their right to exclude themselves from the Settlement Class or to object to any aspect of the proposed Settlement and appear at the Final Approval Hearing.

11.     The Court also finds that the Notice Program is the best notice practicable under the circumstances and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the language of the proposed Class Notice is plain and easy to understand and provides neutral and objective information about the nature of the Settlement.  Furthermore, the Court finds that the proposed Notice Program complies with Fed. R. Civ. P. 23(c)(2) because it provides direct, individual notice to all Settlement Class Members for whom Defendants have maintained personally identifying information or otherwise can be identified through reasonable effort.  The Court further finds that the Digital Publication Notice and Settlement Website are reasonably calculated under the circumstances to apprise Settlement Class Members of the nature of the Action, the scope of the Settlement Class, the Settlement Class's claims, issues, and defenses, the right to appear, object, or exclude one's self and the procedures for doing so, and of the binding effect of a Judgment on the Settlement Class in satisfaction of the requirements of Fed. R. Civ. P. 23(c)(2)(B).

12.     The Court appoints A.B. Data, Ltd., to serve as the Settlement Class Administrator to supervise and administer the Notice Program and carry out the Settlement Class Administrator's responsibilities set forth herein and in the Settlement Agreement.  As further set forth in the Settlement Agreement, the Settlement Class Administrator shall be responsible for, without

limitation: (a) the dissemination of Notice to the Settlement Class; (b) obtaining new addresses for returned mail; (c) setting up and maintaining the Settlement Website, www.AWLSettlement.com, which is already active; (d) setting up a toll-free number to provide information and field Settlement Class Member inquiries; (e) initiating and administering the Digital Publication Notice; (f) fielding inquiries about the Settlement; (g) receiving and processing claims submitted by Settlement Class Members whose AWL loans were issued between February 10, 2010 and December 31, 2011; (h) implementing distribution of Cash Awards to Settlement Class Members; (i) notifying Settlement Class Members whose loans are being cancelled as disputed debt; (j) maintaining records of its activities regarding Notice and Settlement administration; and (k) carrying out other responsibilities as are provided for in the Settlement Agreement or reasonably required to effectuate the Settlement Agreement, in consultation with Settlement Class Counsel, Counsel for Defendants, and Counsel for Settled Objectors.

13.    Notice of the Settlement and the Final Approval Hearing shall be given as follows:

a.    No later than ten (10) days after entry of this Preliminary Approval Order (the "Notice Date"), the Settlement Class Administrator shall cause the Email Notice, in a form substantially similar as the copy annexed to the Settlement Agreement as Exhibit 1, to be emailed to all Settlement Class Members at the email addresses used in connection with their AWL loans. For any Settlement Class Member whose email address is not valid or otherwise results in a returned or undeliverable email message notification, and for whom the Settlement Class Administrator cannot identify a current and valid email address, the Settlement Class Administrator shall attempt to identify an alternative valid email address for that Settlement Class Member and/or, if such alternative valid email address is unavailable, promptly mail, by first-class

6

mail, postage prepaid, a copy of the Long Form Notice to any such Settlement Class Member whose mailing address may be identified through reasonable effort;

b.     On or before the Notice Date, the Settlement Class Administrator shall cause a copy of the Long Form Notice, in a form substantially similar to Exhibit 2, as well as a copy of the Settlement Agreement, to be placed on the Settlement Website, www.AWLSettlement.com.

c.     On or before the Notice Date, the Settlement Class Administrator shall execute the Digital Publication Notice in a form substantially similar to Exhibit 3, in accordance with the terms set forth in the Settlement Agreement.

14.     The Settlement Class Administrator is further directed to establish and administer a toll-free telephone number to field inquiries from Settlement Class Members, as set forth in the Settlement Agreement, which toll-free number is already active.

15.     No later than twenty-one (21) days prior to the Final Approval Hearing, the Settlement Class Administrator will provide Settlement Class Counsel and counsel for Defendants with an affidavit or declaration that the distribution and/or mailing and digital publication of the Notice was completed in a timely manner and otherwise in accordance with this Preliminary Approval Order, which affidavit or declaration shall be filed with the Court.

16.     As provided in the Settlement Agreement, prior to the Effective Date, without further order of the Court, Settlement Class Counsel may expend up to $350,000.00 of the Monetary Consideration to pay Notice and Administration Expenses actually and reasonably incurred by the Settlement Class Administrator.  However, all costs of issuing a second or revised Notice to inform Settlement Class Members of any terms of the Settlement shall be paid out of any fee awarded to Settlement Class Counsel.

## REQUESTS FOR EXCLUSION

17.     Settlement Class Members may elect to exclude themselves or "opt-out" from the Settlement by following the procedures set forth in the Settlement Agreement for doing so.  If a Settlement Class Member wishes to be excluded from the Settlement and not to be bound by the Settlement Agreement, that person must advise the Settlement Class Administrator in writing of that intent prior to the Opt-Out Deadline, which shall be forty-five (45) days after entry of this Preliminary Approval Order.  In a written request for exclusion, the Settlement Class Member seeking exclusion must provide his or her full name, address, telephone number, a statement that he or she wants to be excluded ("I request to be excluded from the class settlement in this case"), and the Class Member's signature.  All Settlement Class Members who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Settlement, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement or Judgment.

18.     Requests for exclusion must be postmarked on or before the Opt-Out Deadline of _____, 2021 [thirty (30) days before the Final Approval Hearing].  The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.  The Court retains jurisdiction to resolve any disputed exclusion requests.

19.     A Settlement Class Member who initially opts out of the Settlement may choose to opt back in to the Settlement so long as the opt-in request is postmarked prior to the Opt-Out Deadline.

20.     No one shall be permitted to exercise any exclusion rights on behalf of any other person, whether as an agent or representative of another or otherwise, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization.  "Mass" or "class"

opt-outs filed by third parties on behalf of a "mass" or "class" of Settlement Class Members will not be valid.  Each opt-out request must be submitted on an individual basis.

21.     Any member of the Settlement Class who submits a valid and timely request for exclusion will not be a Settlement Class Member, shall not be bound by the terms of the Settlement Agreement, should it be finally approved, and may not file an objection to the Settlement Agreement or to any application for attorneys' fees, reimbursement of costs, or Service Awards, or otherwise intervene in the Action.

22.     Any Settlement Class Member who does not submit a valid and timely request for exclusion from the Settlement Class in the manner stated in this Preliminary Approval Order shall be deemed to have waived his or her right to be excluded from the Settlement Class, shall forever be barred from requesting exclusion from the Settlement Class in this or any other proceeding, and shall be bound by the Settlement and the Judgment, including, but not limited to, the release of the Released Claims provided for in the Settlement Agreement and the Judgment, if the Court approves the Settlement.

23.     Pursuant to the Settlement Agreement, the Settlement Class Administrator shall provide counsel to the Parties with copies of all opt-out requests it receives and shall provide a list of all Settlement Class Members who timely and validly opted out of the Settlement in its declaration to be filed with the Court in connection with Settlement Class Counsel's motion for final approval of the Settlement.

## **OBJECTIONS**

24.     Any Settlement Class Member who does not opt out of the Settlement and intends to object to any aspect of the proposed Settlement, request for attorneys' fees and reimbursement of costs, or Service Awards must file with the Court a written objection signed by the Settlement

Class Member by the Objection Deadline of _____[thirty (30) days before the Final

Approval Hearing].

25.     For an objection to be considered by the Court, the objection must set forth and

include the following:

    a.  the Settlement Class Member's full name, address, email address, and telephone
       number;

    b.  an explanation of the basis upon which the Objector claims to be a Settlement Class
       Member;

    c.  the reasons for his or her objection, accompanied by any legal or factual support for the
       objection;

    d.  the name of counsel for the Objector (if any), including any former or current counsel
       who may seek compensation for any reason related to the objection to the Settlement,
       the attorneys' fees application, the reimbursement of costs application, or the
       application for Service Awards;

    e.  the case name and civil action number of any other objections the Objector or his or
       her counsel have made in other class action cases in the last four (4) years; and

    f.  whether the Objector intends to appear at the Final Approval Hearing on his or her own
       behalf or through counsel.

26.     A Settlement Class Member may not both opt out of the Settlement and object.  If

a Settlement Class Member submits both a request for exclusion and an objection, the request for

exclusion will control.

27.     Only objections filed in this Court shall be considered as objections.

28.     Upon receipt of any objection, if any Party believes that discovery is appropriate as

to a particular Objection, that Party shall file a Motion no longer than three (3) pages without any

separate brief and shall attach the discovery so requested.  Such Motion shall be served upon the

subject Objector.  That Objector and any Party shall respond to that Motion with no longer than

three (3) pages in opposition, within five days of the filing of the Motion.

29.     No one shall be permitted to exercise any objection rights on behalf of any other person, whether as an agent or representative of another or otherwise, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization.  "Mass" or "class" objections filed by third parties on behalf of a "mass" or "class" of Settlement Class Members will not be valid.  Each objection request must be submitted on an individual basis.

30.     Any Settlement Class Member may hire their own attorney, at their own expense, to represent them in making written objections or in appearing at the Final Approval Hearing.  No member of the Settlement Class or counsel retained by such a member of the Settlement Class shall be entitled to be heard at the Final Approval Hearing unless the objector or his or her attorneys who intend to make an appearance at the Final Approval Hearing state their intention to appear in the objection filed with the Court in accordance with this Order and the terms of the Settlement Agreement.  Counsel for any Objector must enter a Notice of Appearance no later than fourteen (14) days before the Final Approval Hearing.

31.     Any Settlement Class Member who does not file an objection in the time and manner set forth herein shall be deemed to have waived all objections and be forever foreclosed from making any objection to the fairness or adequacy of the Settlement, including but not limited to the compensation to Settlement Class Members, the award of attorneys' fees and reimbursement of costs, the Service Awards, or the Final Approval Order and Judgment.

## **FINAL APPROVAL HEARING: RIGHT TO BE HEARD**

32.     The Court will hold a Final Approval Hearing under Rule 23(e) of the Federal Rules of Civil Procedure, on _____, 2021 , at __:__ _.,[3] in the United States District Court for the

---

[3] The Parties have respectfully requested that the Court schedule the Final Approval Hearing no earlier than 100 days after filing of the Revised Settlement Agreement, so that, among other things,

Eastern District of Virginia, 600 Granby Street, Norfolk, VA, for the following purposes: (a) to determine whether the Settlement should be finally approved as fair, reasonable, adequate and in the best interests of the Settlement Class; (b) to address any objections to the Settlement; (c) to determine whether Settlement Class Counsel's and Counsel for Settled Objectors' requested attorneys' fees and reimbursement of expenses and the Service Awards to the Settlement Class Representatives and Settled Objectors should be approved; (d) to determine whether a Judgment finally approving the Settlement should be entered dismissing and releasing the Released Claims (as that term is defined in the Settlement Agreement) with prejudice; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  The date of the Final Approval Hearing may be continued by the Court from time to time without the necessity of further notice to the Settlement Class.

33.    Any Settlement Class Member may enter an appearance in this Action, at his or her own expense, individually or through counsel.  If, however, a Settlement Class Member wishes to object to the Settlement at the Final Approval Hearing (either personally or through counsel), the Settlement Class Member must submit a written objection as set forth in the Notice, Settlement Agreement, and this Order.  All Settlement Class members who have not or do not enter an appearance will be represented by Settlement Class Counsel.

34.    The Motion for final approval of the Settlement and application for an award of attorneys' fees, reimbursement of costs, and Service Awards as well as any supporting documentation in support thereof shall be filed with the Court no later than forty-five (45) days prior to the Final Approval Hearing.  If any objection to the Settlement is filed pursuant to this

---

the Parties may comply with the provisions set forth in the Class Action Fairness Act, 28 U.S.C. § 1715(b).

Order and the Settlement Agreement, a response to any such objection to the Settlement shall be filed with the Court no later than fourteen (14) days before the Final Approval Hearing.

35.     The Court reserves the right to (a) adjourn or continue the Final Approval Hearing, without further notice to Settlement Class Members; and (b) approve the Settlement with modification and without further notice to Settlement Class Members.  Settlement Class Counsel shall cause any new date for the Final Approval Hearing to be posted on the website dedicated to the Settlement.  The Court retains jurisdiction of this Action to consider all further applications arising out of or otherwise relating to the proposed Settlement; to allow, disallow or adjust on equitable grounds the claims of any member of the Settlement Class; and as otherwise warranted.

## STAY OF LITIGATION

36.     Pending the Final Approval Hearing, all proceedings in this Action are stayed and suspended until further order of this Court, except such actions as may be necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Preliminary Approval Order.

## OTHER PROVISIONS

37.     For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings relating to the interpretation, administration, implementation, effectuation, and enforcement of this Settlement.

38.     Any deadlines set in this Preliminary Approval Order may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class, except that notice of any such extensions shall be posted to the Settlement Website.  Members of the Settlement Class should check the Settlement Website regularly for updates, changes, and/or further details regarding extensions of these deadlines.

39.     The Parties are directed to carry out their obligations under the Settlement Agreement and are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement or to the form and content of the Notice that the Parties jointly agree are reasonable or necessary, and which do not limit the rights of Settlement Class Members under the Settlement Agreement.

40.     In the event that the proposed Settlement is not finally approved by the Court, or in the event that the Settlement Agreement becomes null and void or terminates pursuant to its terms, this Preliminary Approval Order and all orders entered in connection with the Settlement Agreement shall become null and void and shall be of no further force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed.

**IT IS SO ORDERED.**

DATED: _____       _____

THE HONORABLE HENRY C. MORGAN, JR.
UNITED STATES DISTRICT JUDGE

14