UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION



ROYCE SOLOMON, et al., individually and on behalf of all others similarly situated,

Plaintiffs,

v.

AMERICAN WEB LOAN, INC., et al.,

Defendants.

Civil Action No. 4:17-cv-0145-HCM-RJK

**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF REVISED CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND ENTERING FINAL JUDGMENT**

WHEREAS, Plaintiffs Royce Solomon, Jodi Belleci, Michael Littlejohn, and Giulianna Lomaglio (collectively, "Plaintiffs"), on behalf of themselves and the preliminarily certified Settlement Class, have submitted to the Court a Motion for Final Approval of Revised Class Action Settlement (the "Final Approval Motion").

WHEREAS, the Court has reviewed the papers filed in support of the Final Approval Motion, including the Revised Settlement Agreement filed with Plaintiffs' Preliminary Approval Motion (ECF No. 483-1), the memoranda and arguments submitted on behalf of the Settlement Class, and all supporting exhibits and declarations thereto, as well as the Court's Preliminary Approval Order (ECF No. 486).

WHEREAS, the Court held a Final Approval Hearing on July 9, 2021, at which time the Parties and other interested persons were given an opportunity to be heard in support of and in opposition to the proposed Revised Settlement.

WHEREAS, the Court, having considered all of the pleadings, evidence, information and materials submitted in connection with the Final Approval Hearing, finds that the Revised Settlement Agreement is fair, reasonable, and adequate. Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. This Final Approval Order incorporates herein and makes a part hereof the Revised Settlement Agreement and the Preliminary Approval Order. Unless otherwise provided, the capitalized terms used herein shall have the same meanings and/or definitions given to them in the Preliminary Approval Order and the Revised Settlement Agreement filed with the Court in support of Plaintiffs' Preliminary Approval Motion.

2. The Court has jurisdiction over matters relating to the Revised Settlement, including without limitation, the administration, interpretation, effectuation, and/or enforcement of the Revised Settlement, the Revised Settlement Agreement, and this Final Approval Order and Judgment.

## CERTIFICATION OF THE SETTLEMENT CLASS AND APPOINTMENT OF SETTLEMENT CLASS REPRESENTATIVES AND SETTLEMENT CLASS COUNSEL

3. In the Preliminary Approval Order, the Court previously certified, for settlement purposes only, a Settlement Class defined as follows:

> All persons within the United States to whom American Web Loan, Inc., AWL, Inc., or any predecessor or successor entities, lent money during the period from February 10, 2010 to June 26, 2020.

4. Certification of the Settlement Class is hereby reaffirmed as a final Settlement Class pursuant to Fed. R. Civ. P. 23. For the reasons stated in the Preliminary Approval Order, this Court finds, on the record before it, that the Action, for purposes of this Settlement, may be maintained as a class action on behalf of the Settlement Class.

5. In the Preliminary Approval Order, this Court previously appointed Royce Solomon, Jodi Belleci, Michael Littlejohn, and Giulianna Lomaglio as Settlement Class Representatives. The Court hereby reaffirms that appointment, finding, on the record before it, that the Settlement Class Representatives have adequately represented the Settlement Class and continue to do so.

6. In the Preliminary Approval Order, this Court previously appointed the law firms of Berman Tabacco, Gravel & Shea P.C., and MichieHamlett PLLC as Settlement Class Counsel for settlement purposes. The Court hereby reaffirms that appointment, finding, on the record before it, that Settlement Class Counsel have adequately and fairly represented the Settlement Class and continue to do so.

## NOTICE

7. The record shows, and the Court finds, that Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Notice: (a) constitutes the best notice practicable to the Settlement Class under the circumstances; (b) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and the terms of the Revised Settlement Agreement, Settlement Class Members' rights to exclude themselves from the Revised Settlement or object to any part of the Revised Settlement, Settlement Class Members' rights to appear at the Final Approval Hearing (either individually or through counsel hired at their own expense), and the binding effect of the Final Approval Order and Judgment, whether favorable or unfavorable, on all persons who do not exclude themselves from the Settlement Class; (c) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the Revised Settlement; and (d) constitutes notice that fully satisfies the requirements of the United States

Constitution including the Due Process Clause, Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1), and any other applicable law.

8.  Due and adequate notice of the proceedings having been given to the Settlement Class and a full opportunity having been offered to Settlement Class Members to participate in the Final Approval Hearing, it is hereby determined that all Settlement Class Members, except the individuals who timely and validly excluded themselves from the Revised Settlement and are listed in Exhibit A to this Final Approval Order, are bound by the Final Approval Order and Judgment. No Settlement Class Member, other than those listed in Exhibit A, is excluded from the Settlement Class, from the terms of the Revised Settlement Agreement, or from the effects of this Final Approval Order and Judgment

### FINAL APPROVAL OF THE REVISED SETTLEMENT

9.  Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the Revised Settlement as set forth in the Revised Settlement Agreement and finds that the Revised Settlement, the Revised Settlement Agreement, the benefits to the Settlement Class Members, and all other aspects of the Revised Settlement are, in all respects, fair, reasonable, and adequate, and in the best interest of the Settlement Class, within a range that reasonable and experienced attorneys could accept considering all relevant risks and factors and the relative merits of Plaintiffs' claims and Defendants' defenses, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the Class Action Fairness Act. Accordingly, the Revised Settlement shall be consummated in accordance with the terms and provisions of the Revised Settlement Agreement, with each Settlement Class Member bound by the Revised Settlement Agreement, including any releases therein.

10.  Specifically, the Court finds that the Revised Settlement is fair, reasonable, and adequate in all respects given the following factors, among other things:

a. Settlement Class Counsel had a well-informed appreciation of the strengths and weaknesses of the Action while negotiating the Revised Settlement.

b. The Revised Settlement was the result of arm's-length good faith negotiations and exchange of information by experienced counsel conducted under the supervision of two highly respected and experienced mediators.

c. The monetary relief provided for by the Revised Settlement is well within the range of reasonableness that responsible and experienced counsel could accept considering all relevant risks and that the Parties would have faced if the case had continued to verdicts including, but not limited to, jurisdiction, liability under all elements of the claims asserted in this Action, and damages.

d. The litigation of the Action was complex, time consuming, and costly and would have continued to be so through pending appeals, summary judgment and/or trial, and likely further subsequent appeals if the Action had not settled.

e. The method of distributing relief to the Settlement Class, including the method of processing any Settlement Class Member claims involving AWL loans issued from the February 10, 2010 to December 31, 2011 period is effective.

f. The Revised Settlement treats Settlement Class Members equitably relative to each other.

g. The reaction of the Settlement Class to the Revised Settlement has been positive, with only three individuals out of a class of over 607,000 making timely requests for exclusion, and no objections to the Revised Settlement.

11. Accordingly, the Revised Settlement shall be consummated in accordance with the terms and provisions of the Revised Settlement Agreement.

## PAYMENT OF MONETARY CONSIDERATION AND NON-MONETARY BENEFITS TO THE SETTLEMENT CLASS

12. The Court approves the Parties' plan to distribute Cash Awards and provide the loan cancellation provided for by the Revised Settlement Agreement to Settlement Class Members as set forth in the Revised Settlement Agreement (which shall control in the event of any alleged inconsistency with this Final Approval Order). The Court also approves the Non-Monetary Benefits as set forth in the Revised Settlement Agreement.

13. The relief provided to Settlement Class Members is significant. Eligible Settlement Class Members will receive tangible financial benefits in the form of a cash payment and/or loan cancellation with the requested deletion of negative credit reporting. The Revised Settlement also provides significant non-monetary relief to Settlement Class Members, regardless of their loan status, through the Non-Monetary Benefits provided in connection with this Revised Settlement. To the extent that a Settlement Class Member had a Settlement Class Period loan sold to a debt buyer other than Northwood, that Settlement Class Member retains all rights to contest collection efforts by that debt buyer and/or pursue any and all legal remedies that may be available against the assignees of his or her AWL loan(s).

14. The Parties shall file a "Notice of Effective Date" with this Court, identifying the Effective Date of the Revised Settlement, as that term is defined in the Revised Settlement Agreement.

## DISMISSAL OF CLAIMS AND RELEASES

15. The Court hereby dismisses this Action with prejudice on the merits and without costs or attorneys' fees (except as otherwise provided herein or in the Revised Settlement Agreement).

16. Pursuant to the Revised Settlement Agreement, as of the Effective Date of this Settlement, Plaintiffs and each Settlement Class Member who is sent a payment from the Settlement Fund and/or who receives debt cancellation pursuant to the Revised Settlement Agreement shall be deemed to have fully, finally, and forever released and discharged the Released Parties from the Released Claims.

17. The Release shall not pertain to claims that relate to or arise out of loans made by or in the name of AWL after June 26, 2020. Nor shall the Release pertain to claims to enforce the Revised Settlement Agreement or this Order.

18. The releases in the Revised Settlement Agreement may be raised as a complete defense and bar to any action or demand brought in contravention of the Revised Settlement Agreement.

## AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS

19. Pursuant to the Revised Settlement Agreement, this Court's Preliminary Approval Order, and the Notice provided to Settlement Class Members, Settlement Class Counsel may request reasonable attorneys' fees and costs, payable from the Monetary Consideration, in an amount not to exceed $15,000,000. Settlement Class Counsel seeks attorneys' fees and costs in the amount of $15,000,000, which constitutes approximately 23% of the $65,000,000 cash recovery obtained in the proposed settlement originally filed in this Court on April 16, 2020 (ECF 414-1).

20. Because this is a common fund settlement, it is appropriate to employ a percentage of the fund method for calculating a proper fee award. When a representative party confers a substantial benefit upon a class, counsel is entitled to attorneys' fees based on the benefit obtained. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Brundle on behalf of Constellis Employee Stock Ownership Plan v. Wilmington Tr., N.A.*, 919 F.3d 763, 785 (4th Cir. 2019);

7

*Manuel v. Wells Fargo Bank, Nat'l Assoc.*, No. 3:14-cv-238-DJN, 2016 WL 1070819, at *5-6 (E.D. Va. Mar. 15, 2016).

21. Also pursuant to the Revised Settlement Agreement, this Court's Preliminary Approval Order, and the Notice provided to Settlement Class Members, Settled Objectors' Counsel may request reasonable attorneys' fees, payable from the Monetary Consideration, not to exceed $3,500,000. Settled Objectors' Counsel's request for attorneys' fees seeks an award in the amount of $3,500,000.

22. No Settlement Class Member has objected to Settlement Class Counsel's or Settled Objectors' Counsel's request for an award of attorneys' fees and expenses.

23. The Court, having reviewed Settlement Class Counsel's request for attorneys' fees and reimbursement of expenses, including the declarations, exhibits, and authority submitted in support thereof, hereby awards Settlement Class Counsel attorneys' fees and costs in the amount of $15,000,000, payable pursuant to the terms of the Revised Settlement Agreement and this Court's Order, ECF No. 486. The Court finds that the amount of fees and costs awarded is fair and reasonable.

24. The Court, having reviewed Settled Objectors' Counsel's request for attorneys' fees, hereby awards Settled Objectors' Counsel attorneys' fees in the amount of $3,500,000, payable pursuant to the terms of the Revised Settlement Agreement and this Court's Order, ECF No. 486. The Court finds that the amount of fees awarded is fair and reasonable.

25. The Revised Settlement Agreement also provides that Plaintiffs may request a Service Award to be paid from the Monetary Consideration, provided that such awards do not exceed $7,500 to each Settlement Class Representative.

26. Courts routinely grant service awards to compensate named plaintiffs for the services they provided to the class during the course of class action litigation. *See, e.g., Manuel*, 2016 WL 1070819, at *6 (E.D. Va. Mar. 15, 2016) ("A 'fairly typical' practice, incentive awards 'are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general.'") (citing *Berry v. Schulman*, 807 F.3d 600, 615 (4th Cir. 2015). Moreover, courts in this Circuit have approved service awards of $7,500 and greater. *See, e.g., id.* (approving a $10,000 service award); *Ryals v. HireRight Solutions, Inc.*, No. 3:09-cv-625 (E.D. Va. Dec. 22, 2011) (same); *Gibbs v. Plain Green LLC, et al.*, No. 3:17-cv-495-MHL (E.D. Va. Dec. 13, 2019) (approving a $7,500 service award to each named plaintiff); *Gibbs v. Rees*, No. 3:20-cv-00717-MHL (E.D. Va. March 26, 2021) (same).

27. Here, the Court finds that the requested $7,500 Service Awards are reasonable and within the range of awards granted by courts in this Circuit. Moreover, these Service Awards are justified by the time and effort expended by the Settlement Class Representatives on behalf of the Settlement Class Members. Accordingly, the Court finds that each of the Settlement Class Representatives, Royce Solomon, Jodi Belleci, Michael Littlejohn, and Giulianna Lomaglio, shall each be awarded $7,500 for their efforts, paid to the Settlement Class Representatives upon the Effective Date of the Revised Settlement.

28. The Revised Settlement Agreement also provides that Settled Objectors may request a Service Award to be paid from the Monetary Consideration, provided that such awards do not exceed $5,000 to each Settled Objector. Here, the Court finds that the requested $5,000 Service Awards are reasonable and within the range of awards granted by courts in this Circuit. Accordingly, each of the Settled Objectors, Diana Butler, Charles P. McDaniel, Patrick Selig,

Quincey Jean Cunningham, William Farley, Brooke Herrington, Lakeita Kemp, and Adam Sublett shall be awarded $5,000 for their efforts, paid to the Settled Objectors upon the Effective Date of the Revised Settlement.

## OTHER PROVISIONS

29. The Court has jurisdiction to enter this Final Approval Order and Judgment. Without in any way affecting the finality of this Final Approval Order and Judgment, this Court expressly retains exclusive and continuing jurisdiction over the Revised Settlement and the Revised Settlement Agreement, including all matters relating to the administration, consummation, validity, enforcement, and interpretation of the Revised Settlement Agreement or the Final Approval Order and Judgment, including, without limitation, for the purpose of:

    a. enforcing the terms and conditions of the Revised Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Revised Settlement Agreement, or the Final Approval Order and Judgment (including whether a person or entity is or is not a Settlement Class Member);

    b. entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate the Final Approval Order and Judgment, or the Revised Settlement Agreement, or to ensure the fair and orderly administration of the Revised Settlement; and

    c. entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Revised Settlement Agreement or the Final Approval Order and Judgment.

30. Without affecting the finality of this Final Approval Order and Judgment, the Defendants, each Settlement Class Member, and the Settlement Class Administrator hereby irrevocably submit to the exclusive jurisdiction of the Court for the limited purpose of any suit, action, proceeding, or dispute arising out of the Revised Settlement Agreement or the applicability

of the Revised Settlement Agreement, including any suit, action, proceeding, or dispute relating to the Release provisions in the Revised Settlement Agreement. AWL (as defined in the Revised Settlement Agreement to include American Web Loan, Inc., AWL, Inc., or any predecessor or successor entit(ies)) further makes a limited waiver of its claims to sovereign immunity from suit for the limited purpose of enforcing the Revised Settlement Agreement by Settlement Class Members. Except as expressly set forth herein, nothing contained in this Final Approval Order and Judgment shall be construed as a waiver of any rights or privileges belonging to AWL, the Otoe-Missouria Tribe, or each of their current Tribal Council members, past and future affiliates, subsidiaries, parents, insurers, and all of the respective directors, officers, general and limited partners, shareholders, managers, representatives, employees, members, agents, attorneys, accountants successors, assigns, and representatives, including sovereign immunity from judicial process, all of which are otherwise reserved. The limited waiver described in this paragraph does not extend to the Otoe-Missouria Tribe.

31. The Parties are hereby directed to carry out their obligations under the Revised Settlement Agreement.

32. In the event that the Revised Settlement becomes null and void, certification of the Settlement Class shall be automatically vacated and this Final Approval Order and Judgment, as well as all other orders entered and releases delivered in connection with the Revised Settlement Agreement, shall be vacated and shall become null and void, shall be of no further force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Revised Settlement Agreement had never been executed.

33. This Final Approval Order and Judgment is final for purposes of appeal and may be appealed immediately. The Clerk is hereby directed to enter this Final Approval Order and Judgment. THIS CAUSE IS ENDED.

The Clerk is **REQUESTED** to electronically deliver a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

DATED: July 9, 2021

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

## Exhibit A

Persons Excluded from the Settlement Class

Janice Farrer

Alan Shaw

Carol Starkes